JOHN D. TENNERT III (NSB No. 11728)
jtennert@fennemorelaw.com
FENNEMORE CRAIG P.C.
9275 W. Russell Road, Suite 240
Las Vegas, NV 89148
Telephone: 702.692.8000
Facsimile: 702.692.8099

ERIC BALL (admitted *pro hac vice*)
eball@fenwick.com
KIMBERLY CULP (admitted *pro hac vice*)
kculp@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Fax: 650.938.5200

MOLLY R. MELCHER (admitted *pro hac vice*)
mmelcher@fenwick.com
ANTHONY M. FARES (admitted *pro hac vice*)
afares@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Fax: 415.281.1350

*Attorneys for Plaintiff*
*Yuga Labs, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| YUGA LABS, INC.,<br><br>            Plaintiff,<br><br>    v.<br><br>RYAN HICKMAN,<br><br>            Defendant. | Case No.: 2:23-cv-00111-JCM-NJK<br><br>**APPLICATION FOR ENTRY OF DEFAULT JUDGMENT AGAINST RYAN HICKMAN**<br><br>[Fed.R.Civ.P. Rule 55(b)(2)]<br><br>Hearing Date:<br>Time:<br>Courtroom: |

1

Plaintiff Yuga Labs, Inc. ("Plaintiff" or "Yuga Labs") hereby submits its Application for Entry of Default Judgment Against Ryan Hickman ("Application") and in favor of Yuga Labs pursuant to Federal Rule of Civil Procedure 55(b)(2) and Nevada Rule of Civil Procedure 55(b)(2). This Application is based on the following, the accompanying Declaration of John D. Tennert III ("Tennert Decl."), Declaration of Kimberly Culp ("Culp Decl."), the exhibits attached thereto, and all pleadings and documents filed in this matter.

## I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The facts pertinent to this Application are as follows. In early 2021, Yuga Labs created and developed the smart contract behind the Bored Ape Yacht Club, which consists of unique collectible works of digital art (each associated with a Non-Fungible Token "NFT") when executed on the Ethereum blockchain. *Compl.* ¶ 13, ECF No. 1. Yuga Labs sold licenses to users to mint these BAYC NFTs, and once minted, a Bored Ape NFT confers on its holder certain commercial copyright licenses in the digital art. *Id.* at ¶¶ 13–14. Since its launch, Bored Ape Yacht Club has generated massive public interest. *Id.* at ¶ 15–17.

Further, Yuga Labs has used its BAYC Marks in connection with advertising, marketing, promoting, and selling its products and services nationwide and internationally through its website, NFT markets, and social media platforms. *Id.* at ¶ 18. Since 2021, Yuga Labs has had pending trademark applications for registration of the following marks: BORED APE YACHT CLUB, BAYC, BORED APE, the BAYC Logo, the BAYC BORED APE YACHT CLUB Logo, and the Ape Skull Logo (the "BAYC Marks"). *Id.* at ¶¶ 19–24. Since at least April 2021, Yuga Labs has globally used its BAYC Marks for its logo, website, social media, marketing, and in connection with its partnerships, products, and services; as a result, Yuga Labs has developed significant recognition for its goods and services under the BAYC Marks and has acquired significant goodwill and common law rights for the BAYC Marks. *Id.* at ¶¶ 25–26.

However, Defendant Ryan Hickman ("Hickman"), and his affiliates ("RR/BAYC Team"), as described more fully below, created a business venture designed to intentionally mislead consumers into thinking that their knockoff NFTs—RR/BAYC NFTs—are affiliated, sponsored, or associated with Yuga Labs. *Id.* at ¶ 1, 4. As part of this business, Hickman and his affiliates use

2

the very same trademarks to sell their infringing NFTs that Yuga Labs uses to promote and sell its authentic BAYC NFTs. *Id.* at ¶ 4. They also sell their infringing NFTs on the same marketplaces as BAYC NFTs, as well as marketplaces where Yuga Labs' NFTs have not yet been sold. *Compl.* ¶ 1. Specifically, Hickman created and commercialized websites and a smart contract to sell the intentionally misleading RR/BAYC NFTs to the average consumer. *Id.* at ¶ 2, 5. Further, Hickman developed a marketplace to sell the infringing NFTs—the "Ape Market." *Id.* at ¶¶ 37–39. Hickman also developed the token reservation system to sell RR/BAYC NFTs, and oversaw their sales, knowing that they bore a misleading label of "Bored Ape Yacht Club (BAYC)." *Id.* at ¶ 35.

Of note, Hickman produced documents in response to a subpoena served on him in a related matter pending against other members of the RR/BAYC Team, which stated that he was compensated a total amount of 158.28 ETH ($218,144.53) for the development of the token reservation system, of which 15.93 ETH ($26,280.83) was returned for "gas" costs (i.e., transaction fees). Culp Decl. ¶¶ 3–4, **Exhibits A** and **B**. In addition, Hickman testified that he earned this amount as compensation for making the RR/BAYC reservation software (e.g., rrbayc.com and the RRBAYC RSVP smart contract software). **Exhibit A**, Hickman Dep., 34:24–37:8, 128:4–130:3; **Exhibit B**.

Hickman was validly served with process on or about February 9, 2023. Tennert Decl. ¶ 3; Order, March 20, 2023, ECF No. 20. This Court entered default against Hickman on March 20, 2023 as a result of his failure to file a responsive pleading in this matter or otherwise participate in this litigation. Order, March 20, 2023, ECF No. 20. As such, this Court has subject matter jurisdiction over this dispute and personal jurisdiction over the parties. *See Compl.* ¶¶ 8–12. On March 26, 2023, counsel for Yuga Labs, Kimberly Culp, informed Hickman that the Court had entered default against him and provided him with a copy of the clerk's entry of default and the Court's order. Culp Decl. ¶ 5. On March 27, Yuga Labs served Hickman with the clerk's entry of default and the Court's order. Tennert Decl. ¶ 9. Hickman is informed of Yuga Labs' intent to file this motion and the relief it is seeking. Culp Decl. ¶¶ 5–7.

Yuga Labs requests that this Court grant this Application for Entry of Default Judgment Against Ryan Hickman and award it the injunctive relief requested in its complaint, damages in the

3

amount of Hickman's profits of $191,863.70 on Yuga Labs' first cause of action, statutory damages in the amount of $2,000 ($1,000 for each domain at issue) on Yuga Labs' second cause of action, its costs, and its attorneys' fees for this exceptional case.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55(a)–(b)(2) allows a plaintiff to obtain a default judgment against a defendant after the clerk has entered that defendant's default due to his failure to defend in the action. *See also* NRCP 55(b). "After entry of default, the complaint's factual allegations are taken as true, except those relating to damages." *LHF Productions, Inc. v. Boughton*, 299 F. Supp. 3d 1104, 1112–13 (D. Nev. 2017); *Playboy Enterprises Int'l, Inc. v. Muller*, 314 F. Supp. 2d 1037, 1039–40 (D. Nev. 2004) (finding plaintiff's claims for trademark infringement were established and awarding relief in the form of permanent injunctive relief and an award of attorneys' fees and costs). Granting an application for default judgment lies within the discretion of the court, and in doing so, courts analyze the following factors: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

## III. ANALYSIS

### A. Yuga Labs is entitled to a default judgment against Hickman due to his failure to participate in this litigation.

#### i. *Yuga Labs' claim for false designation of origin is established.*

To present a prima facie case for false designation of origin, Yuga Labs must present the following elements: (1) that Yuga Labs has valid, protectable ownership interests in a mark, and (2) that Hickman's use of that mark is likely to cause confusion. *Herb Reed Enterprises, Inc. v. Monroe Powell's Platters, LLC,* 25 F. Supp. 3d 1316, 1322 (D. Nev. 2014); *Pollution Denim & Co. v. Pollution Clothing Co.*, 2008 WL 11337644, at *5 (C.D. Cal. Dec. 31, 2008).

Yuga Labs has alleged both elements of a false designation claim and has substantiated its claim by evidence from the record. First, Yuga Labs has used its BAYC Marks in connection with

4

advertising, marketing, and promoting its products and services nationwide and internationally through its website, NFT markets, and social media platforms. *Compl.* ¶ 18, ECF No. 1. Further, since 2021, Yuga Labs has had pending trademark applications for registration of the BAYC Marks. *Compl.* ¶¶ 19–24. Since at least April 2021, Yuga Labs has used its BAYC Marks for its logo, website, social media, marketing, and in connection with its partnerships, products, and services; thus, Yuga Labs has developed recognition for its goods and services under the BAYC Marks and has acquired goodwill and common law rights for the BAYC Marks. *Compl.* ¶¶ 25–26.

Second, Hickman has willingly, intentionally, and without prior authorization by Yuga Labs used the BAYC Marks to promote his business venture selling the RR/BAYC NFTS and developing the RR/BAYC RSVP Contract, rrbayc.com, and apemarket.com. *Compl.* ¶¶ 27–31. Hickman also ratified, supported, and implemented his business venture's sales of RR/BAYC NFTs on NFT marketplaces, using Yuga Labs' exact same marks to sell the infringing and identical looking NFTs. *Compl.* ¶¶ 32–34. Hickman ratified and supported explicitly misleading uses of the BAYC Marks on the Etherscan page for the RR/BAYC collection, which publicly tracks sales and information about NFTs, thereby stealing Yuga Labs' trademarks to misleadingly mislabel the token tracker for RR/BAYC NFTs as "Bored Ape Yacht Club (BAYC)." *Compl.* ¶¶ 35–36. Specifically, Hickman was the individual who developed the token reservation system to sell RR/BAYC NFTs, and oversaw their sales, knowing that they bore a misleading label. *Compl.* ¶¶ 29–30, 35–36. Further, Hickman was the primary developer and director of Ape Market, which sought to establish an NFT Marketplace for the infringing NFTs. *Compl.* ¶ 37. Ape Market was also designed to trade RR/BAYC NFTs alongside BAYC NFTs, using the exact same images and incorporating the same BAYC Marks to confuse consumers. *Compl.* ¶ 38. Ape Market also used Yuga Labs' Ape Skull Logo mark in the browser tab icon, which is nearly identical to the browser tab icon that Yuga Labs uses for its ApeFest website. *Compl.* ¶ 39. Hickman was aware that it was likely confusing to consumers to offer the NFTs for sale on the Ape Market, because the NFTs were visually identical. *Id.* Lastly, Hickman promoted and participated in the creation of material to be used to advertise Ape Market on Twitter in an attempt to confuse consumers into buying RR/BAYC NFTs. *Compl.* ¶¶ 40–45.

5

Hickman's conduct constitutes false designation of origin, false or misleading description, and false or misleading representation that the products originate from or are authorized by Yuga Labs, because Hickman's use of the BAYC Marks falsely suggests that he and the products and services he promotes are somehow connected with Yuga Labs. *Compl.* ¶¶ 46–50. Further, Yuga Labs has alleged that as a result of Hickman's conduct, it has suffered not only traditional damages, but also irreparable injury and damage necessitating injunctive relief. *Compl.* ¶¶ 51–52. In conclusion, taking the facts alleged as true, Yuga Labs has established its claim for false designation of origin under U.S.C. § 1125(a)(1)(A).

    ii. *Plaintiff's claim for cybersquatting is established.*

A claim for cybersquatting requires proof: "(1) that the defendant had a bad faith intent to profit from the plaintiff's trademark; (2) that the defendant registered, trafficked in, or used a domain name that is identical to, confusingly similar to, or dilutive of, (3) plaintiff's distinctive or famous mark." *Toyo Tire & Rubber Co. Ltd. v. Kabusikiki Kaisha Tokyo Nihoon Rubber Corp.*, 214CV01847JADVCF, 2015 WL 6501086, at *7 (D. Nev. July 8, 2015), *report and recommendation adopted sub nom. Toyo Tire & Rubber Co., Ltd. v. Kabusikiki Kaisha Tokyo Nihoon Rubber Corp*, 2015 WL 6501228 (D. Nev. Oct. 26, 2015).

The facts alleged in Yuga Labs' complaint, which are substantiated by the evidence in the record, establish that Hickman is liable for cybersquatting under 15 U.S.C. § 1125(d). Taking the allegations in the complaint as true, Hickman manages, controls, and directs the promotion and sale of the infringing and misleading RR/BAYC NFTs, as well as the intentional and bad faith use of the infringing domains, including by supporting, aiding, and abetting the RR/BAYC Team. Hickman used the domain names https://rrbayc.com/ and https://apemarket.com/ ("Domain Names"), which are confusingly similar to Yuga Labs' BAYC and APE marks. Specifically, Hickman used the Domain Names with a bad faith intent to profit from their confusing similarity to Yuga Labs' BAYC and APE marks, as Hickman used the Domain Names despite knowing that he had no rights in the BAYC or APE marks; Hickman made no commercial use or fair non-commercial use of the Domain Names; and Hickman intended to divert consumers looking for Yuga Labs' goods/services for commercial gain and to tarnish or disparage the BAYC and APE

29041028.1/058484.0002

Marks. Therefore, Plaintiff has established its claim for cybersquatting.

          iii.      *The Eitel factors support default judgment against Hickman.*

On balance, the *Eitel* factors weigh in favor of default judgment. Regarding the merits of Yuga Labs' claims and the sufficiency of its complaint, as addressed fully above, Yuga Labs has established each and every element of its claims for false designation of origin and cybersquatting. This is based on the allegations in the complaint, as well as the evidence established by the record. In addition, the complaint and this Application seek injunctive relief and damages, with the total amount of damages being sought amounting to $193,863.70 (comprised of Hickman's admitted profits and the minimum statutory damages for cybersquatting). This is not an astronomical sum of money at stake in light of Hickman's conduct, is significantly less than the harm Hickman's conduct caused Yuga Labs, and is reasonable because it constitutes Hickman's admitted profits and minimum statutory damages. Regarding prejudice to Yuga Labs, Yuga Labs has no other alternative means to seek relief than via this Application, as Hickman has refused to participate in this litigation. Thus, Yuga Labs would be without other recourse for recovery if it were unable to recover by default judgment. *See Liberty Ins. Underwriters Inc. v. Scudier*, 53 F. Supp. 3d 1308, 1318 (D. Nev. 2013) (*citing Pepsico, Inc. v. Cal. Security Cans*, 238 F.Supp.2d 1172, 1177 (C.D. Cal. 2002)). These factors all weigh in favor of granting default judgment.

As to the factor of the possibility of a dispute concerning material facts, it is unclear at this juncture where there could be a dispute of fact; however, on the pleadings, there is no evidence to suggest that any dispute of material fact would exist. Further, Hickman has even admitted in another matter that he received compensation for his services, and he understood that BAYC NFTs were created by Yuga Labs, the entity behind Bored Ape Yacht Club. **Exhibit A**, Hickman Dep., 34:24–37:8, 128:4–130:3. As to the factor regarding whether the default was due to excusable neglect, there is no evidence to suggest as much considering service of the complaint and summons was effectuated properly (Tennert Decl. ¶ 3), he was served with the motion for entry of default (ECF 19-3; Tennert Decl. ¶ 7), and served with the Court's order and the clerk's entry of default (ECF 22; Tenner Decl. ¶ 9). Thus, these factors either weigh in favor of granting default judgment or are neutral. Lastly, regarding the public policy favoring decisions on the merits, Hickman has chosen

to not respond to the complaint in this action and defend himself against the claims alleged therein. As such, Yuga Labs holds no other remedy than to seek judgment by default in order to protect its rights, as afforded under Federal Rule of Civil Procedure 55. On balance, the *Eitel* factors therefore weigh in favor of granting default judgment.

          iv.       *Yuga Labs is entitled to injunctive relief due to the violations at issue here.*

"Under the Lanham Act, when a trademark owner's rights are being violated, that party is entitled to an injunction. 15 U.S.C. § 1116(a); *Century 21 Real Estate Corp.*, 846 F.2d at 1180–81 ('Injunctive relief is the remedy of choice for trademark and unfair competition cases . . . Where a name, whether registered as a trademark or not, enjoys an international reputation, the use of any colorable imitation will be enjoined pendente lite under 15 U.S.C. § 1125(a) if the use of the colorable imitation is for a similar service.')" *Playboy Enterprises Int'l, Inc. v. Muller*, 314 F. Supp. 2d 1037, 1043 (D. Nev. 2004); 15 U.S.C. § 1116 ("The several courts vested with jurisdiction of civil actions arising under this chapter shall have power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office or to prevent a violation under subsection (a), (c), or (d) of section 1125 of this title."). Further, under 15 U.S.C. § 1125(d)(1)(C), as it relates to a claim for cybersquatting, "a court may order the forfeiture or cancellation of the domain name or the transfer of the domain name to the owner of the mark."

Yuga Labs has sought injunctive relief pursuant to sections 1116 and 1125 as identified above, including: (1) an order and judgment requiring Hickman to be enjoined from using the BAYC Marks in any manner, engaging in any act or thing likely to cause confusion to the public as to the source of the products or services; (2) a judgment ordering Hickman to file and serve a report setting forth the manner in which Hickman has complied with the injunction and ceased all offering of products or services under the BAYC Marks; (3) a judgment ordering Hickman to deliver for destruction, or show proof thereof, all infringing material; and (4) a judgment ordering Hickman to withdraw any applications Hickman filed anywhere for the BAYC Marks. *Compl.* 19:3–4. This Court has authority to award Yuga Labs the requested relief based upon the above statutory law; and as a result of Hickman's conduct and failure to defend his actions in this matter,

29041028.1/058484.0002

injunctive relief is proper.

          v.     *Yuga Labs is entitled to recover damages in the amount of $193,863.70.*

Under the Lanham Act, a plaintiff is entitled to recover damages in the amount of the defendant's profits. 15 U.S.C. § 1117; *Playboy Enterprises, Inc. v. Baccarat Clothing Co., Inc.*, 692 F.2d 1272 (9th Cir. 1982). Here, Yuga Labs has alleged that it has suffered significant damages as a direct and proximate result of Hickman's conduct and, in its prayer for relief, specifically requested a judgment awarding it at least the amount of Hickman's profits. In another matter, Hickman produced documents indicating that he was compensated a total amount of 158.28 ETH ($218,144.53) (in the form of 15% of profits from the sale of infringing RR/BAYC NFTs) for the development of the token reservation system, of which 15.93 ETH ($26,280.83) was returned for gas costs. **Exhibit A**, Hickman Dep., 34:24–37:8, 125:24–130:3**; Exhibit B.** In addition, Hickman testified that he earned this amount as compensation for making the token reservation software. **Exhibit A**, Hickman Dep., 34:24–37:8, 128:4–130:3; **Exhibit B**; *see Compl.* ¶¶ 29–30. Therefore, Hickman has admitted under oath that he earned a profit in the amount of $191,863.70 ($218,144.53 less $26,280.83) for developing rrbayc.com and the RRBAYC RSVP smart contract software to market and sell the infringing RR/BAYC NFTs. As a result, Yuga Labs is entitled to recover the total amount of his profit, $191,863.70.

Yuga Labs is further entitled to an award of statutory damages under 15 U.S.C. § 1117(d) for Mr. Hickman's violation of 15 U.S.C. § 1125(d)(1). Yuga Labs seeks the minimum statutory damages award of $1,000 per domain, for a total of $2,000 in statutory damages.

Finally, 15 U.S.C. § 1117(a) also permits an award of the costs of the action to the prevailing plaintiff – here, Yuga Labs.

          vi.    *Yuga Labs is entitled to recover attorneys' fees and costs under the Lanham Act.*

The Lanham Act also authorizes a court to award "reasonable attorney fees to the prevailing party" in exceptional cases. "Attorney fees are available 'in trademark infringement cases where the acts of infringement can be characterized as malicious, fraudulent, deliberate, or willful.'" *Playboy Enterprises Int'l, Inc. v. Muller*, 314 F. Supp. 2d 1037, 1043 (D. Nev. 2004) (*citing Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1023 (9th Cir. 2002)); *Verizon California Inc.*

9

*v. Onlinenic, Inc.*, 2009 WL 2706393, at *10 (N.D. Cal. Aug. 25, 2009). A court may award attorneys' fees and costs as a result of granting an application for default judgment, and order a prove up hearing to occur thereafter or order the prevailing party to file a fee affidavit specifying the amount of fees and costs sought. *See Playboy Enterprises Int'l, Inc. v. Muller*, 314 F. Supp. 2d 1037, 1044 (D. Nev. 2004) (ordering defendant to pay attorneys' fees and costs incurred in an amount to be determined following submission of a fee affidavit).

Here, on numerous occasions, Hickman has acted maliciously, fraudulently, deliberately, and/or willfully in his efforts to knock-off Yuga Labs protected marks and mislead consumers into believing that the RR/BAYC NFTs were somehow associated or affiliated with Yuga Labs. *See Compl.* ¶¶ 6, 27, 31–45. Specifically, Hickman uses the BAYC Marks to scam consumers and promote his business venture and in developing both the RRBAYC RSVP Contract, as well as rrbayc.com and apemarket.com. *See Compl.* ¶ 27. He knew that his use of the BAYC Marks was a scam, but continued to sell RR/BAYC NFTs and otherwise use the BAYC Marks to confuse and mislead consumers. *See Compl.* ¶¶ 31–45. Additionally, Hickman has admitted he is aware that Yuba Labs created Bored Ape Yacht Club NFTs. **Exhibit A**, Hickman Dep., 34:24–37:8. All of these facts support an award of attorneys' fees in this matter, because this is an exceptional case wherein Hickman maliciously, fraudulently, deliberately, and willfully used Yuga Labs' marks in order to gain a financial advantage and cause harm to Yuga Labs. As such, Yuga Labs respectfully requests that this Court award it its attorneys' fees incurred in prosecuting this case pursuant to 15 U.S.C. § 1117(a) in an amount to be determined following the submission of a fee affidavit by Yuga Labs or any prove up hearing regarding the same.

### III.   CONCLUSION

Based on the foregoing, Plaintiff Yuga Labs respectfully requests that this Court grant its Application for Default Judgment Against Ryan Hickman and award it the injunctive relief sought

///

///

///

///

29041028.1/058484.0002

in its complaint, damages in the amount of $193,863.70, and attorneys' fees and costs in an amount to be proven by fee affidavit or a prove up hearing before the Court.

Dated:   March 31, 2023            FENNEMORE CRAIG, P.C.


                                   By: */s/ John D. Tennert*
                                       John D. Tennert, Esq.
                                       *Attorneys for Plaintiff Yuga Labs, Inc.*

29041028.1/058484.0002

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2023, I served a true and correct copy of the following documents via email and U.S. mail:

- APPLICATION FOR ENTRY OF DEFAULT JUDGMENT AGAINST RYAN HICKMAN
- DECLARATION OF JOHN D. TENNERT III IN SUPPORT OF PLAINTIFF YUGA LABS, INC'S APPLICATION FOR ENTRY OF DEFAULT JUDGMENT AGAINST RYAN HICKMAN
- DECLARATION OF KIMBERLY CULP IN SUPPORT OF PLAINTIFF YUGA LABS, INC'S APPLICATION FOR ENTRY OT DEFAULT JUDGMENT AGAINST RYAN HICKMAN

addressed as follows:

**Ryan Hickman**
Henderson, NV 89012
Email: kingsrborn@gmail.com

　　　　　　　　　　　　　　　　　　　　　／s/ *Susan Whitehouse*
　　　　　　　　　　　　　　　　　　　　An Employee of Fennemore Craig, P.C.

29041028.1/058484.0002