JOHN D. TENNERT III (NSB No. 11728)
jtennert@fennemorelaw.com
FENNEMORE CRAIG P.C.
9275 W. Russell Road, Suite 240
Las Vegas, NV  89148
Telephone: 702.692.8000
Facsimile: 702.692.8099

ERIC BALL (CSB No. 241327)
(*pro hac vice*)
eball@fenwick.com
KIMBERLY CULP (CSB No. 238839)
(*pro hac vice*)
kculp@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Fax: 650.938.5200

ANTHONY M. FARES (CSB No. 318065)
(*pro hac vice*)
afares@fenwick.com
ETHAN M. THOMAS (CSB No. 338062)
(*pro hac vice*)
ethomas@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Fax: 415.281.1350

Attorneys for Plaintiff
YUGA LABS, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| YUGA LABS, INC., <br><br> Plaintiff, <br><br> v. <br><br> RYAN HICKMAN, <br><br> Defendant. | Case No.: 2:23-cv-00111-JCM-NJK <br><br> **REPLY IN SUPPORT OF PLAINTIFF'S APPLICATION FOR ENTRY OF DEFAULT JUDGMENT AGAINST RYAN HICKMAN** |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ...................................................................................................................... 1

    A. The *Eitel* Factors Support Default Judgment in Favor of Yuga Labs ................... 2

    B. Mr. Hickman Admits that His Default Was Not Due to Excusable Neglect; Rather, Mr. Hickman Admits that His Default Was Willful ................................ 2

III. CONCLUSION .................................................................................................................. 3

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Boag v. MacDougall*,
  454 U.S. 364 (1982)........................................................................................................1

*Eitel v. McCool*,
  782 F.2d 1470 (9th Cir. 1986) ......................................................................................2, 3

*Eldridge v. Block*,
  832 F.2d 1132 (9th Cir. 1987) ..........................................................................................1

*Ghazali v. Moran*,
  46 F.3d 52 (9th Cir. 1995) ................................................................................................1

*LHF Productions, Inc. v. Boughton*,
  299 F. Supp. 3d 1104 (D. Nev. 2017)...............................................................................1

*Liberty Ins. Underwriters Inc. v. Scudier*,
  53 F. Supp. 3d 1308 (D. Nev. 2013).................................................................................3

*Pepsico, Inc. v. Cal. Security Cans*,
  238 F. Supp. 2d 1172 (C.D. Cal. 2002) ............................................................................3

*Playboy Enterprises Int'l, Inc. v. Muller*,
  314 F. Supp. 2d 1037 (D. Nev. 2004)...............................................................................1

*United States v. Aguilar*,
  782 F.3d 1101 (9th Cir. 2015) ..........................................................................................1

**STATUTES AND RULES**

Federal Rule of Civil Procedure 55 ........................................................................................3

Federal Rule of Civil Procedure 55(a)–(b)(2).........................................................................1

FENWICK & WEST LLP
ATTORNEYS AT LAW

## I. INTRODUCTION

On March 31, 2023, Plaintiff Yuga Labs ("Plaintiff" or "Yuga Labs") filed with this Court an application seeking default judgment against Ryan Hickman ("Application") due to his failure to participate in this litigation. On April 12, 2023, Mr. Hickman filed a letter with the Court ("Letter"), which does not deny the allegations set forth in Yuga Labs' Application and complaint or make any commitment that Mr. Hickman will participate in this litigation going forward. Although Mr. Hickman is *pro se*, he is still "bound by the same rules of procedure" that govern other litigants. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Therefore, even if the Court liberally construes Mr. Hickman's Letter as a motion to set aside the default, the dispositive facts in Yuga Labs' Application and complaint remain essentially uncontested and Mr. Hickman essentially admits that his default was willful. *United States v. Aguilar*, 782 F.3d 1101, 1105 (9th Cir. 2015) ("Because the defendants could not allege a meritorious defense, the district court refused to set aside the default judgment."); *see also Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982)). Therefore, Yuga Labs respectfully requests that this Court enter default judgment in favor of Yuga Labs.

## II. ARGUMENT

Federal Rule of Civil Procedure 55(a)–(b)(2) allows a plaintiff to obtain a default judgment against a defendant after the clerk has entered that defendant's default due to his failure to defend in the action. *See also* NRCP 55(b). "After entry of default, the complaint's factual allegations are taken as true, except those relating to damages." *LHF Productions, Inc. v. Boughton*, 299 F. Supp. 3d 1104, 1112–13 (D. Nev. 2017); *Playboy Enterprises Int'l, Inc. v. Muller*, 314 F. Supp. 2d 1037, 1039–40 (D. Nev. 2004) (finding plaintiff's claims for trademark infringement were established and awarding relief in the form of permanent injunctive relief and an award of attorneys' fees and costs). Granting an application for default judgment lies within the discretion of the court, and in doing so, courts analyze the following factors: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the

sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

A.   **The *Eitel* Factors Support Default Judgment in Favor of Yuga Labs.**

Mr. Hickman's Letter is devoid of any argument or rebuttal that would preclude this Court from entering a default judgment against him.  Mr. Hickman does not address, let alone dispute, the veracity of a single allegation set forth in Yuga Labs' well-pleaded complaint, thereby confirming that Yuga Labs' claims for false designation of origin and cybersquatting are meritorious and there is no dispute concerning any material facts.  As such, Yuga Labs is entitled to injunctive relief and damages in the amount of $193,863.70, which is a reasonable sum of money given that it only includes Mr. Hickman's admitted profits and the minimum statutory damages for cybersquatting.  To the extent that Mr. Hickman denies in his Letter ever receiving money for participating in the business venture, this statement is directly contradicted by his own documents and sworn testimony in which he confirms that he was paid fifteen percent of the proceeds of the sale of the infringing RR/BAYC NFTs as compensation for making the RR/BAYC reservation system.  *See* Culp Decl. (ECF No. 23-2) ¶ 4, Ex. A at 34:24-37:8, 128:4-130:3 and Ex. B.

B.   **Mr. Hickman Admits that His Default Was Not Due to Excusable Neglect; Rather, Mr. Hickman Admits that His Default Was Willful**

Mr. Hickman's Letter also confirms that his default was not due to excusable neglect, as he admits that he was served with a copy of the summons and complaint at his home address and therefore had actual notice of the lawsuit against him.  Indeed, Mr. Hickman even provides photographic confirmation of service and admits that Yuga Labs' process server left the documents with a resident of Mr. Hickman's address.  Letter (ECF No. 34) Ex. 1.  Nothing in Mr. Hickman's Letter contradicts Yuga Labs' declaration of service, which was made under penalty of perjury, unlike Mr. Hickman's letter.  *See* ECF No. 18.  Mr. Hickman also admits that he understood the import of the documents that were served on him, as he claims to have

attempted to hire an attorney but chose not to engage one. Letter at 4 ("I've spoken to several litigation attorneys with respect to representing me in this matter.").

Moreover, Yuga Labs would be without recourse for recovery if it were unable to recover by default judgment because Mr. Hickman has confirmed that he will not participate in the litigation or otherwise defend the case. He certainly makes no promises as to when he could or would supply the Court with his answer. Mr. Hickman's refusal to respond to Yuga Labs' complaint and properly defend himself against the claims alleged therein precludes a decision on the merits and creates a risk of prejudice to Yuga Labs. *See Liberty Ins. Underwriters Inc. v. Scudier*, 53 F. Supp. 3d 1308, 1318 (D. Nev. 2013) (*citing Pepsico, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002)). As such, Yuga Labs has no other remedy than to seek judgment by default in order to protect its rights, as afforded under Federal Rule of Civil Procedure 55.

On balance, the *Eitel* factors therefore weigh in favor of granting default judgment. *See also*, Application (ECF No. 23) at 7, 8.

### III.   CONCLUSION

Based on the foregoing, Plaintiff Yuga Labs respectfully requests that this Court grant its Application for Default Judgment Against Ryan Hickman and award it the injunctive relief sought in its complaint, damages in the amount of $193,863.70, and attorneys' fees and costs in an amount to be proven by fee affidavit or a prove up hearing before the Court.

Dated:   April 19, 2023                                FENNEMORE CRAIG P.C.

By: */s/ John D. Tennert III*
      JOHN D. TENNERT III (NSB 11728)

and

FENWICK & WEST LLP
ERIC BALL (CSB 241327)
KIMBERLY CULP (CSB 238839)
ANTHONY M. FARES (CSB 318065)
ETHAN M. THOMAS (CSB 338062)

*Attorneys for Plaintiff Yuga Labs, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 19, 2023, I served a true and correct copy of the following documents via email and U.S. Mail:

- **Reply in Support of Plaintiff's Application for Entry of Default Judgment Against Ryan Hickman**

addressed as follows:

>**Ryan Hickman**
>Henderson, NV  89012
>Email:  kingsrborn@gmail.com

*/s/ Susan Whitehouse*
An Employee of Fennemore Craig, P.C.