UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| YUGA LABS, INC.,<br><br>                Plaintiff,<br><br>v.<br><br>RYAN HICKMAN,<br><br>                Defendant. | Case No.   2:23-CV-00111-JCM-NJK<br><br>**[PROPOSED] JUDGMENT AND ORDER FOR PERMANENT INJUNCTION AGAINST RYAN HICKMAN** |

The Court has granted Plaintiff Yuga Labs, Inc.'s ("Yuga Labs") motion for default judgment against Defendant Ryan Hickman for his role in the design, development, marketing, promotion, sale, and offering for sale in interstate commerce of non-fungible tokens ("NFTs") known as "RR/BAYC NFTs"; a website at the domain www.rrbayc.com; and a website at the domain www.apemarket.com (the "Infringing Products and Services"). (*See* Order on Motion for Default (ECF No. 26)).

Pursuant to the Court's grant of default judgment, submissions of the parties, and for good cause shown, the Court hereby orders, adjudges, and decrees that:

    **1.**    The Court has subject matter and personal jurisdiction over this action and Defendant Hickman under the Lanham Act § 1051 *et seq*. Venue is proper in this district under 28 U.S.C. § 1391 in that Defendant resides in this district and a substantial part of the events and omissions giving rise to the claims herein have occurred in this district.

    **2.**    Plaintiff Yuga Labs is a company responsible for developing the "smart contract" underlying a series of non-fungible tokens ("NFTs") called the "Bored Ape Yacht Club" ("BAYC"). (ECF No. 1 at 4). Plaintiff has used the BAYC Marks (collectively, the BAYC Marks

1

are BORED APE YACHT CLUB, BAYC, BORED APE, APE, BAYC Logo, BAYC BORED APE YACHT CLUB Logo, and the Ape Skull Logo) in commerce since at least 2021, and consumers associate the marks with plaintiff. (*Id.* at 10-11).

3.  Alongside three non-parties to this suit, Defendant created a separate smart contract ("RRBAYC RSVP") that underlies a series of NFTs called "RRBAYC." (*Id.* at 11). Defendant, alongside others, proceeded to sell these counterfeit NFTs on other online exchanges in direct competition with plaintiff while using plaintiff's marks to advertise his counterfeit NFTs. (*Id.* at 12-14). This willful and intentional infringement of the BAYC Marks violates the Lanham Act's False Designation of Origin and False Advertising Laws (15 U.S.C. § 1125(a)) and the Anti-Cybersquatting Consumer Protection Act (15 U.S.C. § 1125(d)). (*See* Order on Motion for Default (ECF No. 26) at 5-8).

4.  For the reasons set forth in the Court's Order on Motion for Default (ECF No. 26), it is hereby ordered that Defendant Hickman pay to Plaintiff:

    a. $191,863.70 in Defendant's profits;

    b. $2,000 in statutory damages;

    c. Attorneys' fees;

    d. Costs; and

    e. Pre and post-judgment interest.

    f. The amount of Yuga Labs' fees and costs shall be determined after Yuga Labs files a separate fee application no later than fourteen (14) days from entry of this judgment.

**5.** Furthermore, for the reasons set forth in the Court's Order on Motion for Default (ECF No. 26), the Court orders a permanent injunction against Defendant Hickman, in addition to other equitable relief to effectuate that injunction, as set forth below.

**6.** Defendant Hickman, his agents, employees, attorneys, and anyone in active concert or participation with Defendant, his agents, employees, or attorneys, are hereby permanently restrained and enjoined from, directly or indirectly, or authorizing or assisting any third-party to engage in:

   a. Manufacturing, minting, issuing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, loaning, renting, or otherwise disposing of the RR/BAYC NFTs (except as provided in this Judgment) and any other products or merchandise related to the RR/BAYC NFTs, including without limitation, listing the RR/BAYC NFTs or related products or merchandise for sale on any marketplace, collecting royalties in connection with the RR/BAYC NFTs, and/or disposing of the RR/BAYC NFTs (except as provided in this Judgment);

   b. Using in any manner any logo, trade name, trademark, or designation confusingly similar to any of the BAYC Marks or any other Yuga Labs source identifier, alone or in combination with other words or designs, as a trademark, trade name component, or otherwise, to market, advertise, promote, or identify any good and/or service not produced, offered, or authorized by Yuga Labs, or to falsely represent or have the effect of falsely representing that the goods or services of Defendant or of others are sponsored by, authorized by, or in any way associated with Yuga Labs, or may otherwise unfairly compete with Yuga

  Labs in the manufacture, sale, offering for sale, distribution, advertisement, or any other use of Yuga Labs' goods or services;

c. Registering, owning, using, or trafficking any other website, domain name, e-commerce page or account, digital marketplace page or account, licensing business or other business, or any entity or store whose name or d.b.a. uses and/or incorporates any of the BAYC Marks, or includes "BAYC", "Bored", "Ape", or "Yuga" or any other Yuga Labs source identifier, or that is confusingly similar to any of the BAYC Marks, or that is calculated to or reasonably likely to confuse consumers into believing that Defendant is Yuga Labs, or is in any matter associated or connected with Yuga Labs when it is not;

d. Registering, owning, using, or trafficking any social media account, including but not limited to [www.discord.com](www.discord.com), [www.twitter.com](www.twitter.com), or [www.x.com](www.x.com) account(s) that purport to originate from Yuga Labs, or to be sponsored or licensed by, or affiliated with Yuga Labs when it is not, or uses and/or incorporates any portion of the BAYC Marks within its name d.b.a.;

e. Using the infringing "RR/BAYC" and "APE MARKET" marks on social media platforms to facilitate the manufacture, circulation, sale, transfer, marketing, advertising, promoting, and/or renting of RR/BAYC NFTs or related goods or services;

f. Creating incentives for third parties to sell, purchase, trade, transfer, loan, rent, and/or profit from RR/BAYC NFTs, including but not limited to benefits such as airdrops.

  g. Using, linking to, transferring, selling, exercising control over, or otherwise owning or accessing www.rrbayc.com or www.apemarket.com; and

  h. Further infringing any BAYC Mark and/or any other Yuga Labs source identifier.

**7.** Within fourteen (14) days after entry of Judgment, Defendant Hickman shall:

  a. Pursuant to 15 U.S.C. § 1118, destroy any infringing materials, including NFTs, articles, documents, software, promotional items, or advertisements not authorized by Yuga Labs in his possession or control using the BAYC Marks or any other mark confusingly similar with the BAYC Marks. If Defendant Hickman owns any RR/BAYC NFT, he shall "burn" (e.g., destroy) that NFT or provide it to Yuga Labs to burn;

  b. Withdraw any trademark applications Defendant Hickman filed anywhere for the BAYC Marks;

  c. To give practical effect to this Order, any third-party host website, registrar, or other entity related to any of the domains, social media accounts, or digital accounts subject to this Order shall within fourteen (14) days of receipt of this Order, transfer or otherwise assign those subject domains, social media accounts, or digital accounts to Yuga Labs if Defendant has not already done so;

**8.** Upon service of this Judgment, Defendant Hickman shall be deemed to have actual notice of the issuance and terms of the permanent injunction, and any act in violation of any of the terms of the permanent injunction may be considered and prosecuted as contempt of Court, and such other, further relief this Court deems just and proper.

9. Within 30 days of the entry of this Judgment, Defendant Hickman is required to file and serve upon Yuga Labs a report setting forth the manner in which he has complied with this injunction and ceased all offering of products or services under the BAYC Marks.

10. In the event Yuga Labs identifies additional infringing products or services in connection with Defendant Hickman's trademark infringement, Yuga Labs may move the Court for an order modifying this injunction as appropriate.

11. In the event Yuga Labs identifies additional social media accounts or domains associated with Defendant Hickman that purport to originate from Yuga Labs, or to be sponsored or licensed by, or affiliated with Yuga Labs or contains any portion of the BAYC Marks within its name d.b.a., or username, Yuga Labs may serve this Order for Permanent Injunction on the appropriate third party website or registrar responsible for services involved with keeping the social media account or domain online, in order to freeze and/or make such accounts or domains frozen and inaccessible to Defendant Hickman.

12. This Court shall retain jurisdiction over this action for the purpose of enforcing this Judgment.

13. The permanent injunction shall remain in full force and effect unless and until modified by order of this court.

**IT IS SO ORDERED.**

Dated: _____         _____
                                        Honorable James C. Mahan

**CERTIFICATE OF SERVICE**

I certify that I am an employee of FENNEMORE CRAIG, P.C., and that on this date, pursuant to FRCP 5(b), I am serving a true and correct copy of the **[PROPOSED] JUDGMENT AND ORDER FOR PERMANENT INJUNCTION AGAINST RYAN HICKMAN** on the parties set forth below by:

| | |
|---|---|
| _____ | Hand delivery at parties' 16.1 conference |
| _____ | Placing an original or true copy thereof in a sealed envelope placed for collection and mailing in the United States Mail, at Reno, Nevada, postage prepaid, following ordinary business practices |
| _____ | Certified Mail, Return Receipt Requested |
| _____ | Via email, per the parties' |
| _____ | Placing an original or true copy thereof in a sealed envelope and causing the same to be personally Hand Delivered |
| \_\_XX\_ | Via United States Postal Service |
| _____ | E-service effected by CM/ECF |

addressed as follows:

Ryan Hickman
Henderson, NV 89012

*Plaintiff*

DATED this 18th day of August, 2023.

/s/ *Susan Whitehouse*
Employee of FENNEMORE CRAIG, P.C.

7