**DICKINSON WRIGHT PLLC**
CALEB L. GREEN, ESQ.
Nevada Bar No. 15234
Email: CGreen@dickinson-wright.com
3883 Howard Hughes Parkway, Suite 800
Las Vegas, Nevada 89169-0965
Tel: 702-550-4400
Fax: 844-670-6009

STEVEN A. CALOIARO, ESQ.
Nevada Bar No. 12344
Email: SCaloiaro@dickinson-wright.com
100 W. Liberty Street, Suite 940
Reno, Nevada 89501
Tel: 702-343-7506
Fax: 844-670-6009

*Attorneys for Defendant*
*Ryan Hickman*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| YUGA LABS INC.<br><br>Plaintiff,<br><br>v.<br><br>RYAN HICKMAN<br><br>Defendant. | CASE No.: 2:23-cv-00111-JCM-NJK<br><br>**DEFENDANT'S MOTION TO VACATE OR SET ASIDE DEFAULT JUDGMENT** |

**INTRODUCTION**

Defendant Ryan Hickman ("Defendant") by and through its counsel of record, hereby submits its Motion to Vacate or Set Aside Default Judgment. In support of its Motion, Hickman relies upon the facts and legal authority contained in the Memorandum of Points and Authorities below.

/ / /

/ / /

/ / /

/ / /

/ / /

Respectfully submitted by:

**DICKINSON WRIGHT PLLC**

*/s/ Caleb L. Green*
Caleb L. Green, Esq.
Email: CGreen@dickinson-wright.com
3883 Howard Hughes Parkway, Suite 800
Las Vegas, Nevada 89169-0965
Tel: 702-550-4400
Fax: 844-670-6009

Steven A. Caloiaro, Esq.
Email: SCaloiaro@dickinson-wright.com
100 W. Liberty Street, Suite 940
Reno, Nevada 89501
Tel: 702-343-7506
Fax: 844-670-6009

Attorneys for Defendant
*Ryan Hickman*

**MEMORANDUM OF POINTS & AUTHORITIES**

The Court must vacate or set aside the order granting default judgment against Hickman ("Default Judgment") because: (1) this Court lacked personal jurisdiction over Hickman due to Plaintiff Yuga Labs, Inc.'s ("Plaintiff") failure to properly serve Hickman, and (2) the *Falk* factors weigh in favor of vacating or setting aside Default Judgment.

Namely, the Court lacked jurisdiction over Hickman because Plaintiff failed to properly serve Hickman by substitute service under Federal Rules of Civil Procedure 4(e)(2) because: (1) Plaintiff failed to serve the documents on an individual of suitable age and discretion, and (2) Plaintiff abandoned the documents on Hickman's doorstep. Accordingly, the Court lacks personal jurisdiction to enter default, and therefore the Court must vacate or set aside default judgment. More importantly, Plaintiff's submitted fraudulent declarations concerning the process of service on Hickman, which this Court relied upon in granting Default Judgment.

Furthermore, the *Falk* factors weigh in favor of granting the instant motion and vacating Default Judgment. Namely, Plaintiff cannot demonstrate it would be prejudiced if Default Judgment were set aside, Hickman has several meritorious defenses against Plaintiff's claims, and Hickman's conduct was not culpable, but rather excusable. As such, in the interests of justice, the Default Judgment obtained by Plaintiff should be set aside and the parties given the opportunity to litigate the action on the merits.

## I. BACKGROUND & STATEMENT OF FACTS

The instant matter arises out of Plaintiff's meritless claims of false designation of origin and cybersquatting against Mr. Ryan Hickman. (See ECF No. 1.) On March 31, 2023, Plaintiff filed its Application for Entry of Default Judgment Against Ryan Hickman (ECF No. 23.) Plaintiff asserted it served Hickman with the Compliant and Summon pursuant to Federal Fed. R. of Civ. P 5(b)(2)(B)(ii) (ECF Nos. 18 and 19-1.)[1]

---

[1] Notably, Fed. R. Civ. P. 5(b)(2)(B)(ii) is inapplicable to the initial service of the complaint and summons. Yet, Plaintiff's counsel declared under penalty of perjury that is served Hickman by substitute service pursuant to this provision. See ECF No.19-1, at ¶ 3 ("On February 9, 2023, I caused Hickman to be served with the Complaint (ECF No. 1) and Summons (ECF No. 5) by substitute service pursuant to **Federal Rule of Civil Procedure 5(b)(2)(B)(ii)**"). This is one of the many errors Plaintiff has made in its defective attempts to service Hickman.

However, Hickman was never served with the Complaint or Summons pursuant to the Federal Rules of Civil Procedure. Instead, the process server errantly attempted to serve Hickman's twelve year old child, while Hickman was away from his home.[2] Plaintiff's process server fraudulently stated in his declaration of service that Hickman's daughter was fifteen years old. (See ECF No. 18.) More importantly, upon realizing she was twelve years old, the process server confirmed that he could not leave the documents with her and departed from Hickman's residence.[3] The process server later returned, where he knowingly abandoned the documents on a window sill on the porch.[4] The documents were presumably blown way with the wind.[5] Plaintiff's process server's blatant abandonment of the documents was captured on Hickman's doorbell camera.[6]

Based upon his limited legal knowledge, Hickman understood Plaintiff's attempted service described above to mean he was not properly served.[7] Attempting to represent himself pro se, Hickman filed a response with this Court, wherein he explained Plaintiff's defective service attempt in his opposition (ECF No. 24). Despite, Hickman's good faith effort, on August 16, 2023, the Court entered an order granting default judgment against Hickman (ECF Nos. 26 and 30). Shortly thereafter, Hickman retained undersigned counsel and filed a Notice of Efforts to Retain Counsel and Participate in the Instant Proceedings (ECF No. 29) and contacted Plaintiff's counsel in an effort to enter into a Stipulation to Set Aside the Default Judgment.[8] While Plaintiff's counsel initially appeared to agree to a Stipulation with some considerations, it did and about face and refused to enter into such a stipulation once the Judgement was entered requiring Hickman's counsel to file the instant Motion to Vacate or Set Aside Default Judgment.[9]

---

[2] Declaration of Ryan Hickman ("Ryan Hickman Declaration") at ¶¶ 9-12, attached hereto as **Exhibit A**.
[3] Declaration of Melody Hickman ("Melody Hickman Declaration") at ¶¶ 6-7, attached hereto as **Exhibit B**.
[4] **Exhibit A**, at ¶ 12.
[5] *Id*. at ¶¶ 12-14.
[6] *Id*. at ¶¶ 12-14.
[7] *Id*. at ¶ 14.
[8] A correct and accurate copy of email correspondence with Plaintiff's counsel dated August 24, 2023, and August 28, 2023, is attached hereto as **Exhibit C**.
[9] *Id*.

DICKINSON WRIGHT ATTORNEYS AT LAW

## II. LEGAL STANDARD

Rule 60(b) of the Federal Rules of Civil Procedure authorizes district courts to relieve parties from default judgment for several reasons, including failure to properly serve the defendants, excusable neglect, newly discovered evidence, fraud, the judgment is void, or the judgment has been satisfied. *See generally Veeck v. Commodity Enters., Inc.*, 487 F.2d 423, 425–26 (9th Cir. 1973) (failure to serve properly constituted a lack of jurisdiction to enter default judgment, thus default judgment was set aside); *Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992) (default judgment is void where a plaintiff fails to serve process properly); *see also Koninklijke Philips Elecs. N.V. v. KXD Tech., Inc.*, No. 205CV01532RLHGWF, 2008 WL 11476086, at *1 (D. Nev. Feb. 4, 2008).

In deciding whether to set aside a default judgment, courts are guided by two policy concerns. *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). "First, Rule 60(b) is meant to be remedial in nature and therefore must be liberally applied. Second, judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Id*. To ensure that these policies are carried out, in *Falk v. Allen*, the Ninth Circuit articulated three factors that courts must evaluate: "(1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default."[8] The *Falk* factors are applied disjunctively—meaning **<u>any one</u>** of them "is a sufficient reason for the district court to refuse to set aside the default [judgment]."

## III. LEGAL ARGUMENT

### A. The Court Must Vacate or Set Aside Default Judgment because the Court Lacked Personal Jurisdiction over Hickman due to Plaintiff's Failure to Properly Serve Hickman

Pursuant to Federal Rules of Civil Procedure 60(b)(4), a court must set aside a final judgment as void if the court lacked jurisdiction over the parties. *See Sec. and Exch. Comm'n v. Internet Solutions for Bus., Inc.,* 509 F.3d 1161, 1165 (9th Cir.2007) (citing *U.S. v. Berke,* 170 F.3d 882, 883 (9th Cir.1999)). A court may not exercise power over a party without service of process or waiver of service by the defendant. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 350 (1999). Further, an individual or entity is not obliged to engage in litigation unless

DICKINSON WRIGHT
ATTORNEYS AT LAW

notified of the action, and brought under a court's authority, by formal process. *See id.* at 347; *see also C.G.Holdings v. Rum Jungle, Inc.*, No. 207-CV-978-KJD-RJJ, 2009 WL 984049, at *2 (D. Nev. Apr. 13, 2009). "[A] defendant moving to vacate a default judgment based on improper service of process, where the defendant had actual notice of the original proceeding but delayed in bringing the motion until after entry of default judgment, bears the burden of proving that service did not occur. ..." *United States v. 4268 Los Angeles Ave. Simi Valley California 93063*, 672 F. App'x 770, (Mem)–771 (9th Cir. 2017).

***i. Plaintiff failed to properly serve Hickman by substitute service under the Federal Rules of Civil Procedure 4 because Plaintiff failed to serve an individual of suitable age and discretion.***

The Supreme Court has held that it is a bedrock principle that "[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, *and* brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). Service of process was defective in this case and was not reasonably calculated to provide notice to Hickman of the action or the default proceedings.

Under Federal Rule of Civil Procedure 4(e)(2)(A)-(C), service of process of the complaint and summons may be made on an individual using any one of the followings means:

> "(A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process."

In the present case, Plaintiff failed to properly serve Hickman by any of these means set forth in FRCP 4(e)(2). Plaintiff did not serve the Complaint and Summons on Hickman's authorized agent. *See* FRCP 4(e)(2)(C). Nor did Plaintiff serve the Complaint and Summons on Hickman personally. *See* FRCP 4(e)(2)(A). Although Plaintiff attempted service at Hickman's Henderson residence, Plaintiff did not serve the documents with someone of suitable age or discretion. *See* FRCP 4(e)(2)(B). Instead, Plaintiff attempted to serve a child—Hickman's twelve year old



daughter. Notably, Plaintiff's process sever acknowledged Hickman's twelve year old daughter was not of suitable age or discretion, when he informed her that he could not serve her with the documents, and departed from Hickman's Henderson home.[10]

Moreover, Plaintiff's obtained Default Judgment through gross misrepresentations concerning its service of the Complaint and Summons to the Court. Namely, Plaintiff fraudulently represented to the Court that Hickman's daughter was fifteen and that the process server delivered copies of the Complaint and summons to her. (*See* ECF No. 18.) In fact, Plaintiff's counsel submitted to this Court that Plaintiff effected service on Hickman by leaving the documents "with or in the presence of: Jane Doe, Co-Occupant, African-America, Female, **Age: 15**…" (*Id.*) This is blatantly false, and was undoubtedly asserted by Plaintiff in effort to obtain a favorable Default Judgment ruling. Hickman's daughter was twelve when she encountered Plaintiff's process server, and therefore was not of suitable age or discretion to accept service of process.[11]

Although the Court cites to *De George v. Mandata Poultry Co.* to support its Default Judgment, respectfully, this decision is inapposite to the unique facts of this case. 196 F. Supp. 192, 194 (E.D. Pa. 1961). We recognize the Court relied upon the fraudulent facts asserted by Plaintiff in granting Default Judgment. Defendant will now clarify the facts that demonstrate Plaintiff's attempted service was indeed defective. Specifically, unlike in *De George*, where the court upheld service made on the defendant's sixteen year old daughter, here, Hickman's daughter was twelve, not sixteen.[12] Further, Hickman's daughter was not fifteen as Plaintiff fraudulently asserted.[13] Further, in *De George*, the process server physically handed the documents to defendant's daughter. In stark contrast, the process serve in this case, merely left the documents on a window ledge on Hickman's porch after he informed Hickman's daughter that he could not leave the documents with her. Accordingly, *De George* does not support a finding that Hickman's twelve year old daughter was of suitable age and discretion to accept service of process on behalf of Hickman under FRCP 4(e)(2)(B).

---

[10] **Exhibit B**, at ¶¶ 6-7.
[11] **Exhibit B**, at ¶ 4.
[12] *Id.*
[13] *Id.*

DICKINSON WRIGHT ATTORNEYS AT LAW

Further, Plaintiff cannot provide any binding precedent, legal authority or supporting document demonstrating that a twelve year old child is "someone of suitable age and discretion" to accept service of process. Moreover, there are no decisions in this district or in the state of Nevada upholding service of process pursuant to FRCP Rule 4(e)(2)(B) by service on a child. *Fullmer v. Brown*, No. 2:09-CV-01442-RCJ, 2010 WL 3860650, at *2 (D. Nev. Sept. 28, 2010) ("The Nevada Supreme Court does not appear to have had occasion to interpret this rule. Other courts have interpreted 'suitable age and discretion residing therein" language'"; ultimately upholding service upon process server's affidavit attesting that the individual served as "over the age of 18").

Other federal courts routinely recognize that children under the age of fifteen are not of suitable age and discretion to accept service under FRCP Rule 4(e)(2)(B), and many states have enacted laws to prevent service on individuals under the age of fourteen. *See Johnson v. Wellborn*, 418 F. App'x 809, 815 (11th Cir. 2011; *see also Ortiz ex rel. Rivera v. City of Camden*, No. CIV. 11-2300 NLH AMD, 2013 WL 1811895, at *7 (D.N.J. Apr. 29, 2013). Default Judgment was wrongfully granted due to Plaintiff's fraudulent representations to the Court. Hickman's twelve year old daughter was not of suitable age or discretion to accept service, and therefore service is defective. Accordingly, because Plaintiff failed to properly serve Hickman, this Court was without personal jurisdiction to render a judgment against Hickman and the Default Judgment must be set aside.

***ii. Plaintiff failed to properly server Hickman under FRCP 4(e)(2) because Plaintiff abandoned the documents on Hickman's Porch Window Sill.***

Even if Hickman's twelve year old daughter was of "suitable age and discretion" to accept service, Plaintiff still failed to comply with FRCP 4(e)(2)(B) when it abandoned the document on Hickman's doorstep. FRCP 4(e)(2)(B) requires Plaintiff to leave a copy of the complaint and summon ***with*** someone of suitable age and discretion who resides there. Furthermore, in determining it service is proper under FRCP 4(e)(2), courts will consider the "placement of the summons and complaint within the defendant's immediate proximity." *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1136 (9th Cir. 2009). Moreover, a plaintiff is expected to make "reasonable" and "good faith" efforts to leave the papers with the defendant. *Id*; *see also Morgan*

DICKINSON WRIGHT
ATTORNEYS AT LAW

*v. City of Henderson Det. Ctr.*, No. 2:09-CV-01392-GMN, 2011 WL 1626560, at *2 (D. Nev. Apr. 27, 2011).

As discussed above, the process server did not make reasonable or good faith efforts leave the Complaint and Summons with Hickman's daughter, nor did he place the Summons or Complaint within the immediate proximity of Hickman or his daughter. As set forth above, after a brief conversation with Hickman's daughter, the process server confirmed that he could not serve her and departed from Hickman's Henderson residence.[14] Subsequently, the process server later returned to Hickman's Henderson home unannounced, and abandoned the documents on the window sill on Hickman's front porch.[15] The process serve made no attempt to ring the doorbell at Hickman's home, nor did he speak to a co-resident of the home and serve the documents, nor did he make any effort whatsoever to inform any co-resident in the home that he left documents on the porch window sill. Instead, the process server merely left the documents on the window sill, without any notice to any individual in the home, where they were, presumably, blown away with the wind.[16]

Furthermore, Plaintiff's process server's blatant, defective service was captured on Hickman's doorbell camera ("Doorbell Footage").[17] A correct and accurate screenshot of Doorbell Footage is provide below:[18]

---

[14] **Exhibit B**, at ¶¶ 6-7.
[15] **Exhibit A**, at ¶¶ 11-14.
[16] *Id*, at ¶ 14.
[17] Authenticated and attached hereto in **Exhibit A**, ¶ 12.
[18] *See id*.





When Plaintiff abandoned these documents on Hickman's porch window sill, Plaintiff also abandoned its right to seek default judgment. Plaintiffs attempted serve was neither reasonable nor in the immediate proximity of Hickman or his daughter. Plaintiff failed to properly serve Hickman, and therefore this Court was without personal jurisdiction to render a judgment against Hickman. Accordingly, the Default Judgment must be vacated or set aside.

**B. The *Falk* Factors Weigh in Favor of Vacating or Setting Aside Default Judgment**

Courts must consider three disjunctive factors in determining a motion to set aside default, whether: (1) plaintiff will be prejudiced if default is not entered, (2) defendant has a meritorious defense to plaintiff's claims, and (3) defendant's culpable conduct led to the entry of default. *Falk v. Allen*, 739 F.2d 461 (9th Cir. 1984).

***i. Plaintiff Would Not be Prejudiced if Default Judgment is Set Aside.***

To determine whether the plaintiff would be prejudiced if the default judgment is set aside, "[t]he standard is whether his ability to pursue his claim will be hindered." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). Setting aside a default must do more than simply delay resolution of the case to be considered prejudicial to the plaintiff. *TCI Grp. Life Ins. Plan v. Knoebber ("TCI")*, 244 F.3d 691, 701 (9th Cir. 2001). Similarly, merely having to litigate the case on the merits rather than benefitting from entry of a default judgment is not prejudice adequate to deny vacating a default judgment. *Id*; *Hakkasan LV, LLC v. Hakim*, No. 2:13-CV-01544-KJD, 2015 WL 3629629, at *4

(D. Nev. June 9, 2015). Rather, the delay must result in some tangible harm, such as "loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *TCI*, 244 F.3d at 701 (quotation omitted); *SATA GmbH & Co. KG v. Zhejiang Refine Wufu Air Tools Co.*, No. 215CV02111GMNCWH, 2016 WL 4941992, at *6 (D. Nev. Sept. 14, 2016). First, Plaintiff cannot any evidence that something has occurred since entry of the default which will hinder its ability to litigate the case.

Second, Hickman has provided assurances that he will participate in the matter going forward.[19] Specifically, Hickman has retained undersigned counsel to represent him in this matter. More importantly, Hickman demonstrates his intent to participate in this action by filing the instant Motion to Vacate or Set Aside Default Judgment. *AMA Multimedia, LLC v. Madon*, No. 217CV03037GMNEJY, 2020 WL 5096476, at *3 (D. Nev. Aug. 28, 2020) ("[defendant] demonstrates an intent to participate in this action by filing his Motion to Set Aside Default")

Moreover, there have been no occurrences since the entry of default judgment that would hinder Plaintiff's ability to litigate this matter. *Aristocrat Techs., Inc. v. High Impact Design & Ent.*, 642 F. Supp. 2d 1228, 1233 (D. Nev. 2009) ("Plaintiffs have not provided any evidence that something has occurred since entry of the default which will hinder its ability to litigate the case"). Accordingly, this *Falk* factor favors vacating or setting aside Default Judgment.

***ii. Hickman has Several Meritorious Defenses.***

To satisfy the "not extraordinarily heavy" burden of presenting a meritorious defense, the defendant seeking to vacate a default must present specific facts that would constitute a defense. *TCI*, 244 F.3d at 700. There must be some possibility that the suit would have a different outcome at trial than the result achieved by default. *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986); *SATA GmbH & Co. KG*, 2016 WL 4941992 at *6.

The defaulting party's burden is "minimal"; indeed, "[a]ll that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense[.]" *Mesle*, 615 F.3d at 1094 (internal citation omitted). "A meritorious defense is one which, if proven at trial, will bar plaintiff's recovery." *Aristocrat Techs., Inc. v. High Impact Design*

[19] *See id*, at ¶ 26.



*& Ent.*, 642 F. Supp. 2d 1228, 1233 (D. Nev. 2009) (internal citation and quotation marks omitted). "[M]ere legal conclusions, general denials, or simple assertions that the movant has a meritorious defense are, however, insufficient to justify upsetting the underlying judgment." *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988) (internal citation and quotation marks omitted).

Hickman raises the following meritorious defenses against Plaintiff's claims: (1) Lack of Personal Jurisdiction, (2) Hickman is not a Registrant or Registrant Licensee of the Domain Names, (3) and the ACPA Safe Harbor/Licensed Use defense. As such, Hickman presents at least one meritorious defense to Plaintiff's claims. Thus this *Falk* factor weighs in favor of vacating or setting aside Default Judgment.

1. <u>Defense #1: Hickman is not Liable for Plaintiff's Claim because the Court Lacks Personal Jurisdiction over Hickman</u>

As discussed in detail above, Plaintiff failed to properly serve Hickman with the Complaint and Summons. Instead of properly serving Hickman, Plaintiff effected defective service on Hickman's twelve year old daughter and abandoned the documents on Hickman's porch window sill. In effort to mask its defective service, Plaintiff submitted fraudulent allegations, upon which this Court relied and ultimately granted Default Judgment. Plaintiff's shoddy handling of the service of the Summons and Complaint failed to comply with FRCP 4(e)(2), and therefore this Court lacked personal jurisdiction to enter Default Judgment or assert any judgment whatsoever concerning any of Plaintiff's claims.

Therefore, Plaintiff cannot prevail on its claims, and Hickman has a meritorious defense. Accordingly, the Court must vacate or set aside the Default Judgment.

2. <u>Defense #2: Hickman is not Liable under the ACPA because he is not the Registrant or Registrant Licensee of the Domain Names</u>

Hickman has a meritorious defense against Plaintiff's cybersquatting claims. Namely, Hickman cannot be liable for cybersquatting because he is not the registrant or registrant's licensee for the domain names, including <apemarket.com> and <rrbayc.com> (the "Domain Name").[20]

[20] **Exhibit A**, at ¶ 24.



Further, Hickman does not manage, control, or operate any functions, sales, or promotions through the Domain Names.[21]

The Anti-cybersquatting Protection Act ("ACPA") imposes a number of limitations on who can be liable for cybersquatting and in what circumstances, including a bad faith requirement, and a narrow definition of who "uses" a domain name. *Petroliam Nasional Berhad v. GoDaddy.com, Inc.*, 737 F.3d 546, 553 (9th Cir. 2013). The statute provides in pertinent part:

> "A person shall be liable for using a domain name under subparagraph (A) **only if** that person is the domain name registrant or that registrant's authorized licensee." 15 U.S.C.A. § 1125(d)(1)(D).

Federal courts routinely reject ACPA claims that fail to allege the defendants were the registrants or the registrant's authorized licensee. *See e.g.*, *Putzmeister Am. Inc. v. United Equip. Sales Inc.*, No. C 11-05575 CRB, 2012 WL 2598270, at *3 (N.D. Cal. July 5, 2012) (granting defendant's motion to dismiss plaintiff's ACPA claim where the plaintiff fails to allege that defendant was the registrant of the domain name or that defendant was the authorized licensee of the registrant); *Bird v. Parsons*, 289 F.3d 865, 881 (6th Cir.2002) (complaint that did not allege that defendants were the registrant or the registrant's authorized licensee failed to state an ACPA claim). Similarly, in this case, Plaintiff does not assert that Defendant is the registrant or registrant's authorized licensee of the Domain Names. Plaintiff's Complaint merely provides the following allegations:

> "On information and belief, Hickman manages, controls, and directs the promotion and sale of the infringing and misleading RR/BAYC NFTs, and the intentional and bad faith use of the infringing domains, including by supporting, aiding, and abetting the RR/BAYC Team." (ECF No. 1.)

Plaintiff's Complaint is absolutely devoid of any allegations that Hickman is the registrant or registrant's authorized licensee of the Domain Names, and therefore Plaintiff cannot prevail on its ACPA claim, and Hickman has a meritorious defense. Accordingly, the Court must vacate or set aside the Default Judgment.

---

[21] *Id*, at ¶ 25.

DICKINSON WRIGHT ATTORNEYS AT LAW

3. Defense #3: Hickman is Not Liable for Plaintiff's Claims under the ACPA Safe Harbor Defense and Licensed Use Defense

Even if Hickman was the registrant or registrant licensee of the Domain Names, Hickman had reasonable grounds to believe that use of the Domain Name was lawful because he reasonably believed he had a license from Plaintiff to use the its asserted trademarks in the Domain Names.

The ACPA contains a safe harbor defense for registrants who "believed and had reasonable grounds to believe that the use of the domain name was a fair use or otherwise lawful." *GoPets Ltd. v. Hise*, 657 F.3d 1024, 1033 (9th Cir. 2011). Further, licensed use is a defense to a claim for false designation of origin. *Ringdahl Architects, Inc. v. Swendsrud Constr., Inc.*, No. CV 16-1060 (DWF/LIB), 2017 WL 5157605, at *5 (D. Minn. Nov. 6, 2017); *see also A.Hak Indus. Servs. BV v. TechCorr USA, LLC*, Civ. No. 3:11-74, 2014 WL 7243191, at *9 (N.D. W. Va. Dec. 19, 2014) (collecting cases and explaining that courts have recognized that a license can be a defense to a false designation of origin claim).

In this case, Hickman obtained a license of the all the intellectual property rights in the Board Ape Yacht Club NFT, including the "ape skull" logo, the "BAYC" logo, and the terms BAYC, BORED APE, APE, and BORED APE YACHT CLUB (the "Asserted Marks").[22] Therefore, the licensed use defense applies. Additionally, even if Hickman was the registrant or registrant licensee of the Domain Names, he had a reasonable basis to believe he rights to use the Asserted Marks and Domain Names.

Hickman purchased and currently owns a Bored Ape Yacht Club NFT.[23] The Bored Ape Yacht Club NFT that Hickman owns prominently displays and contains the Asserted Marks.[24] Hickman purchased a Bored Ape Yacht Club NFT partially due to the terms and conditions that Plaintiff provided, which stated, in pertinent, part:

---

[22] **Exhibit A**, at ¶ 16.
[23] *Id*, at ¶ 18.
[24] *Id*, at ¶ 16.

> "[w]hen you purchase an NFT, you own the underlying Bored Ape, the Art, completely" and includes "an unlimited, worldwide license to use, copy, and display the purchased Art for the purpose of creating derivative works based upon the Art ('Commercial Use')."[25]

Notably, Plaintiff's former CEO, Nicole Muniz, publicly stated in the context of the Bored Ape Yacht Club that: "all of those IP rights are granted to the member … [Plaintiff has] none of those rights."[26]

Given Plaintiff's terms and conditions, and public statements, Hickman understood the term "IP rights" used in Plaintiff's announcement to mean rights associated with copyright, trademarks, and patents.[27] At no point prior to purchasing my Bored Ape Yacht Club NFT did Hickman ever see a statement, press release, or announcement from Plaintiff that would suggest that he was mistaken in his belief that Plaintiff gave away all its intellectual property rights, and that he had a license to use the Asserted Marks.[28]

As such, any use of the Asserted Marks by Hickman were licensed by Plaintiff. And, even if he was the registrant or registrant licensee in the Domain Names, Hickman had a reasonable belief that use of the Asserted Marks in the Domain Names were properly licensed by Plaintiff, and ACPA safe harbor provision applies. Therefore, Plaintiff cannot prevail on its claims for false designation of origin or under the ACPA, and Hickman has meritorious defenses. Accordingly, the Court must vacate or set aside the Default Judgment.

***iii. Hickman's Conduct Was not Culpable.***

The final *Falk* factor weighs in favor of vacating or setting aside Default Judgment because Hickman had difficulty retaining counsel and made a good faith effort to oppose entry of default.

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *Employee Painters' Trust v. Ethan Enter., Inc.*, 480 F.3d 993, 1000 (9th Cir.2007); *TCI*, 244 F.3d at 697 (emphasis and quotation omitted). However, if the defendant offers a good faith explanation for its neglectful failure to answer, and

---

[25] *Id*, at ¶ 18.
[26] *Id*, at ¶ 21.
[27] *Id*, at ¶ 22.
[28] *Id*, at ¶ 23.



that explanation negates any intent to take advantage of the plaintiff, interfere with judicial decision making, or otherwise manipulate the legal process, such failure is not "intentional." *Id*. at 697-98. For example, where the defendants received actual notice of the lawsuit, but failed to answer because they did not believe the court had subject matter jurisdiction, the defendants' failure to answer was not culpable. *Id*. at 698. Instead, a defendant's conduct is culpable "where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id*.

This test is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011) (quotation omitted). The court has discretion to determine whether to set aside a default. *O'Connor v. State of Nev.*, 27 F.3d 357, 364 (9th Cir. 1994). The court's discretion is especially broad when considering a motion to set aside an entry of default, as opposed to a default judgment. *Id*. Generally, cases should be decided on the merits, rather than by default. *See, e.g.*, *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010).

The Ninth Circuit has typically held that a defendant's conduct was culpable for purposes of the *Falk* factors *only* where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond. *See, e.g.*, *Kingvision Pay–Per–View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir.1999) (defendant bar owners ignored the summons and complaint despite frequent chats with their lawyers during the period for answer, and filed false affidavits claiming they had not been served); *Pena v. Seguros La Comercial*, 770 F.2d 811, 815 (9th Cir.1985) (defendant insurer had provided its customers and state insurance regulators with an incorrect address, thereby precluding service of process on the company); *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1390 (9th Cir.1988) (when served, defendant "did not admit who he was and refused to accept the papers from the process server, who laid them at [his] feet," and then retained counsel to check the docket for a return of service); *Meadows v. Dominican Republic*, 817 F.2d 517, 522 (9th Cir.1987) (defendants, the Dominican Republic and a Dominican public



housing agency, were culpable in not answering the complaint because they were "aware of the relevant federal law, ... fully informed of the legal consequences of failing to respond, ... and sufficiently sophisticated and experienced in the requirements of American law to protect [their] interests"); *Richmark Corp. v. Timber Falling Consultants, Inc.*, 937 F.2d 1444, 1449 (9th Cir.1991) (foreign defendant revealed familiarity with U.S. courts by retaining local counsel to protect its interests in other matters); *Direct Mail Specialists, Inc. v. Eclat Computerized Tech., Inc.*, 840 F.2d 685, 690 (9th Cir.1988) (defendant was "a lawyer, presumably ... well aware of the dangers of ignoring service of process"); *see also Benny v. Pipes*, 799 F.2d 489, 494 (9th Cir.1986) (defendants' failure to answer complaint was culpable when defendants had first filed motions to extend their time to answer, indicating an ability to deal with legal requirements).

In stark contrast, Hickman's conduct is not culpable, because he has reasonable explanations for the default. Foremost, Hickman's conduct is not culpable because he made good faith efforts to retain counsel.[29] The Ninth Circuit has found a defendant's conduct not culpable despite several months of delay, when the defendant had difficulty retaining counsel. *See Falk v. Allen*, 739 F.2d 461, 464 (9th Cir. 1984) (finding no culpable conduct where defendant "had difficulty finding counsel because the local legal aid office declined to assist her"). In this case, Hickman faced difficulty in his efforts to retain counsel in the instant proceedings.[30]

Importantly, there is no suggestion that Hickman deliberately tried to manipulate the legal system. To the contrary, made a good faith effort to oppose the entry of default. (See ECF No. 24.) This evidences that Hickman did not attempt "to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process." *Hakkasan Ltd. v. Kilo Club, LLC*, No. 222CV01695APGEJY, 2023 WL 2955699, at *1 (D. Nev. Apr. 13, 2023) (citing to *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001)). Hickman's failure to answer and oppose the default was not culpable, and was the result of his lack of familiarity with legal matters and difficulty retaining counsel. Accordingly, this *Falk* factor supports vacating Default Judgment.

---

[29] **Exhibit A**, at ¶ 8.

[30] *Id*.

**IV. CONCLUSION**

It is well-settled that judgment by default is drastic step appropriate only in extreme circumstance; a case should, whenever possible, be decided on the merits. *Falk v. Allen*, 739 F.2d 461 (9th Cir. 1984). Further, the federal rules favor the resolution of cases on their merits. *Trustees of the Bricklayers & Allied Craftworkers Loc. 13 Defined Pension Tr. for S. Nevada v. Granite Works, Inc.*, No. 2:10-CV-00990-KJD, 2010 WL 5288085, at *2 (D. Nev. Dec. 17, 2010). In the interests of justice, the Default Judgment obtained by Plaintiff should be set aside and the parties given the opportunity to litigate the action on the merits.

DATED this 30th day of August, 2023.

**DICKINSON WRIGHT PLLC**

*/s/ Caleb L. Green*
Caleb L. Green, Esq.
Email: CGreen@dickinson-wright.com
3883 Howard Hughes Parkway, Suite 800
Las Vegas, Nevada 89169-0965
Tel: 702-550-4400
Fax: 844-670-6009

Steven A. Caloiaro, Esq.
Email: SCaloiaro@dickinson-wright.com
100 W. Liberty Street, Suite 940
Reno, Nevada 89501
Tel: 702-343-7506
Fax: 844-670-6009

Attorneys for Defendant
*Ryan Hickman*



**CERTIFICATE OF SERVICE**

The undersigned, an employee of Dickinson Wright PLLC, hereby certifies that on the 30th day of August, 2023, a copy of the foregoing **MOTION TO VACATE OR SET ASIDE DEFAULT JUDGMENT**, was served electronically to all parties of interest through the Court's CM/ECF system as follows:

FENWICK & WEST LLP
Anthony Michael Fares
Molly R. Melcher
555 California Street, 12th Floor
San Francisco, CA 94104
Tel: 415-875-2300
mmelcher@fenwick.com
afares@fenwick.com

Eric James Ball
Kimberly Culp
801 California Street
Mountain View, CA 94041
Tel: 650-988-8500
Eball@fenwick.com
kculp@fenwick.com

FENNEMORE CRAIG, P.C.
John D. Tennert
MaryJo Smart
7800 Rancharrah Parkway
Reno, NV 89511
eball@fennemorelaw.com
msmart@fennemorelaw.com

Attorneys for Plaintiff
*Yuga Labs Inc.*

                                                */s/ Ashley B. Moretto*
                                                An Employee of Dickinson Wright PLLC

