Yuga Labs Inc. v. Ryan Hickman
Case No. 2:23-cv-00111-JCM-NJK

# EXHIBIT C

(Emails between counsel)

Yuga Labs Inc. v. Ryan Hickman
Case No. 2:23-cv-00111-JCM-NJK

## Caleb L. Green

| | |
|---|---|
| **From:** | Caleb L. Green |
| **Sent:** | Wednesday, August 30, 2023 10:12 AM |
| **To:** | 'Eric Ball'; Molly Melcher; Anthony Fares; Kimberly Culp; msmart@fennemorelaw.com |
| **Cc:** | Steven A. Caloiaro; Ashley B. Moretto |
| **Subject:** | RE: EXTERNAL: RE: Meet and Confer - Yuga Labs, Inc. v. Hickman, Case No. 2:23-cv-00111-JCM-NJK |
| **Attachments:** | 4889-3159-5643 v3 Stipulation to Vacate Default and Default Judgment.docx |

Eric,

The last stipulation draft we sent included the deadline to file that Answer in the "Order." A screenshot of that language is below:

> **ORDER**
>
> **IT IS HEREBY ORDERED** that the Default (ECF No. 21) and Default Judgment (ECF No. 30) entered in this action be and hereby are vacated and set aside as to Defendant Ryan Hickman as null and void, with each party to bear its own attorneys' fees and costs. Defendant Ryan Hickman shall file an Answer no later than Friday, September 22, 2023.
>
> Dated: August ___, 2023

In the interest of efficiency, I have revised the stipulation to include language limited our Client's responsive pleadings to your Complaint to be his Answer, which shall be filed no later than September 22, 2023. In the interest of time, if you have any other concerns or reservations with the language in the proposed stipulation and order, send us a redlined version of the proposed stipulation and order with your proposed changes for our consideration **by no later than Noon PST today**. If we do not receive confirmation of your client agreement to the proposed stipulation or redlines to the proposed stipulation from you **by noon PST**, we will move forward with our motion to vacate.

As for the rest of your email, our position has not changed. We disagree that the Court has fully addressed our clients arguments concerning your improper service of the complaint and summons. As we discussed last week, our client was not properly serviced under FRCP 4(e)(2). Further, the Court has not been made aware that your attempted service was through his "twelve year old daughter," who is **not** an individual of suitable age or discretion. To the contrary, your process server made fraudulent representations that she was fifteen years old and that was the basis upon which the clerk entered default and the Court entered default judgment. Furthermore, Mr. Hickman's previous response did not raise the misrepresentations of Hickman's daughter's age made by your process server, and the screenshots of the doorbell footage he previously submitted were not properly authenticated. These issues will be remedied and the Court will be made aware of all the relevant facts concerning your defective service when we file our motion to vacate.

I look forward to your prompt response.

Caleb

**From:** Eric Ball <eball@fenwick.com>
**Sent:** Wednesday, August 30, 2023 8:40 AM
**To:** Caleb L. Green <CGreen@dickinson-wright.com>; Molly Melcher <mmelcher@fenwick.com>; Anthony Fares <AFares@fenwick.com>; Kimberly Culp <KCulp@fenwick.com>; msmart@fennemorelaw.com
**Cc:** Steven A. Caloiaro <SCaloiaro@dickinson-wright.com>; Ashley B. Moretto <AMoretto@dickinson-wright.com>
**Subject:** RE: EXTERNAL: RE: Meet and Confer - Yuga Labs, Inc. v. Hickman, Case No. 2:23-cv-00111-JCM-NJK

Caleb,

Mr. Hickman's proposed stipulation still doesn't address when he would answer the complaint or even limit his responsive pleading to an answer as you agreed to in your email. If you have a proposed stipulation that conforms to the representations in your email, and our discussions last week, please provide it for our review.

Additionally, as we discussed, Mr. Hickman's proposed arguments regarding service have already been rejected by the Court. And given the Court's entry of Judgment, even after Mr. Hickman belatedly appeared with counsel, (but still did not answer the complaint), we agree with the Court that Judgment is necessary and appropriate here. Mr. Hickman's supposed defenses have also already been rejected by Judge Walter, and we expect them to be similarly rejected in this litigation. It is a waste of the Court's and the parties' resources to further litigate this matter.

Therefore, please confirm when Mr. Hickman will pay the Judgment. We are happy to meet and confer further regarding Mr. Hickman's compliance with the injunction, or our attorneys' fees motion. Please let me know if you'd like to do so.

Eric Ball
Fenwick | Partner | 650-335-7635 | eball@fenwick.com

**From:** Caleb L. Green <CGreen@dickinson-wright.com>
**Sent:** Monday, August 28, 2023 1:55 PM
**To:** Eric Ball <eball@fenwick.com>; Molly Melcher <mmelcher@fenwick.com>; Anthony Fares <AFares@fenwick.com>; Kimberly Culp <KCulp@fenwick.com>; msmart@fennemorelaw.com
**Cc:** Steven A. Caloiaro <SCaloiaro@dickinson-wright.com>; Ashley B. Moretto <AMoretto@dickinson-wright.com>
**Subject:** RE: EXTERNAL: RE: Meet and Confer - Yuga Labs, Inc. v. Hickman, Case No. 2:23-cv-00111-JCM-NJK

**\*\* EXTERNAL EMAIL \*\***

Eric and Kimberly,

Per our conversation during our meet and confer on Friday, August 25, 2023, our client would agreeable to a stipulation to vacate the default judgment, forgoing filing a 12(b) motion, and file an answer by September 22, 2023. I have attached a revised stipulation draft to this email for your consideration.

As for your request for a timestamped version of the video capturing the process server abandoning the documents on the porch window sill, our client confirmed the version we previously sent you is the only version he has in his possession.

Please let us know if your client is agreeable to the attached stipulation. If we do not receive confirmation that that your client is agreeable to stipulating to vacating default judgment by 9 am PST on Wednesday, August 30, 2023, we will move forward with filing our motion to vacate, specifically highlighting the issue of improper service and your false process server declaration, as well as our other meritorious defenses that I discuss with you during our meet and confer on Friday.

I look forward to your prompt response.

Caleb

**Caleb L. Green** Associate Attorney

| | |
|---|---|
| 3883 Howard Hughes Parkway | Phone  702-550-4417 |
| Suite 800 | Fax  844-670-6009 |
| Las Vegas NV 89169 | Email  CGreen@dickinsonwright.com |

[ Profile ]  [ V-Card ]

**DICKINSON WRIGHT** PLLC

ARIZONA  CALIFORNIA  FLORIDA  KENTUCKY  MICHIGAN  NEVADA  OHIO
TENNESSEE  TEXAS  WASHINGTON D.C.  TORONTO

---

**From:** Caleb L. Green
**Sent:** Thursday, August 24, 2023 4:34 PM
**To:** 'Eric Ball' <eball@fenwick.com>; Molly Melcher <mmelcher@fenwick.com>; Anthony Fares <AFares@fenwick.com>; Kimberly Culp <KCulp@fenwick.com>; msmart@fennemorelaw.com
**Cc:** Steven A. Caloiaro <SCaloiaro@dickinson-wright.com>; Ashley B. Moretto <AMoretto@dickinson-wright.com>
**Subject:** RE: EXTERNAL: RE: Meet and Confer - Yuga Labs, Inc. v. Hickman, Case No. 2:23-cv-00111-JCM-NJK

Eric,

10:30 am works for me. I will circulate a calendar invitation.

For an effective meet and confer, please find the following files and documents attached to this email:

1.  Our client's doorbell camera footage, which captures the process server abandoning documents on our client's window sill on his porch; and
2.  A proposed stipulation.

Further, below is a non-exhaustive list and summary of the defenses our client intends to raise:
1.  Lack of Personal Jurisdiction based upon Improper Service; and
2.  Hickman is not a Registrant or Registrant Licensee of the domain names at issue; and
3.  ACPA Safe Harbor and Licensed use.

**<u>Lack of Personal Jurisdiction for Improper Service</u>**

Yuga Labs failed to properly serve our client with the Complaint and Summons. Yuga effected defective service on our client's twelve year old daughter, who is not of suitable age or discretion, and abandoned the documents on our client's porch window sill. Further, the Court relied and ultimately granted Default Judgment based upon incorrect allegations in the process server's declaration—namely the age of Hickman's daughter. This attempted service does not comply with FRCP 4(e)(2), and therefore  this Court lacked personal jurisdiction to enter Default Judgment or assert any judgment whatsoever concerning any of Yuga's claims.

**<u>Hickman is not Liable under the ACPA because he is not the Registrant or Registrant Licensee of the Domain Names</u>**

Additionally, our client a meritorious defense against Yuga's cybersquatting claims. Namely, Hickman cannot be liable for cybersquatting because he is not the registrant or registrant's licensee for the domain names.

The Anti-cybersquatting Protection Act ("ACPA") imposes a number of limitations on who can be liable for cybersquatting and in what circumstances, including a bad faith requirement, and a narrow definition of who "uses" a domain name. *Petroliam Nasional Berhad v. GoDaddy.com, Inc.*, 737 F.3d 546, 553 (9th Cir. 2013). The statute provides in pertinent part:

"A person shall be liable for using a domain name under subparagraph (A) **only if** that person is the domain name registrant or that registrant's authorized licensee." 15 U.S.C.A. § 1125(d)(1)(D).

Yuga's complaint is absolutely devoid of any allegations that our client is the registrant or registrant's authorized licensee of the Domain Names, and therefore Yuga cannot prevail on its ACPA claim, and our client has an additional meritorious defense.

**ACPA Safe Harbor and Licensed Use**

Alternatively, even if our client was the registrant or registrant licensee of the Domain Names, he had reasonable grounds to believe that use of the Domain Name was lawful because he believed he had a license from Plaintiff to use the its asserted trademarks in the Domain Names based upon your Yuga's terms and public statements regarding its intellectual property rights in Board Ape Yacht Club NFTs.

The ACPA contains a safe harbor defense for registrants who "believed and had reasonable grounds to believe that the use of the domain name was a fair use or otherwise lawful." *GoPets Ltd. v. Hise*, 657 F.3d 1024, 1033 (9th Cir. 2011). Further, licensed use is a defense to a claim for false designation of origin. *Ringdahl Architects, Inc. v. Swendsrud Constr., Inc.*, No. CV 16-1060 (DWF/LIB), 2017 WL 5157605, at *5 (D. Minn. Nov. 6, 2017); see also *A.Hak Indus. Servs. BV v. TechCorr USA, LLC*, Civ. No. 3:11-74, 2014 WL 7243191, at *9 (N.D. W. Va. Dec. 19, 2014) (collecting cases and explaining that courts have recognized that a license can be a defense to a false designation of origin claim).

In this case, Hickman obtained a license of the all the intellectual property rights in the Board Ape Yacht Club NFT, including the "ape skull" logo, the "BAYC" logo, and the terms BAYC, BORED APE, APE, and BORED APE YACHT CLUB (the "Asserted Marks"). Therefore, the licensed use defense applies. Additionally, even if Hickman was the registrant or registrant licensee of the Domain Names, he had a reasonable basis to believe he rights to use the Asserted Marks and Domain Names based upon his licensed used.

---

**From:** Eric Ball <eball@fenwick.com>
**Sent:** Thursday, August 24, 2023 4:19 PM
**To:** Caleb L. Green <CGreen@dickinson-wright.com>; Molly Melcher <mmelcher@fenwick.com>; Anthony Fares <AFares@fenwick.com>; Kimberly Culp <KCulp@fenwick.com>; msmart@fennemorelaw.com
**Cc:** Steven A. Caloiaro <SCaloiaro@dickinson-wright.com>; Ashley B. Moretto <AMoretto@dickinson-wright.com>
**Subject:** RE: EXTERNAL: RE: Meet and Confer - Yuga Labs, Inc. v. Hickman, Case No. 2:23-cv-00111-JCM-NJK

Caleb,

Let's aim for 10:30 Pacific tomorrow.

Eric Ball
Fenwick | Partner | 650-335-7635 | eball@fenwick.com

---

**From:** Caleb L. Green <CGreen@dickinson-wright.com>
**Sent:** Thursday, August 24, 2023 1:45 PM
**To:** Eric Ball <eball@fenwick.com>; Molly Melcher <mmelcher@fenwick.com>; Anthony Fares <AFares@fenwick.com>; Kimberly Culp <KCulp@fenwick.com>; msmart@fennemorelaw.com
**Cc:** Steven A. Caloiaro <SCaloiaro@dickinson-wright.com>; Ashley B. Moretto <AMoretto@dickinson-wright.com>
**Subject:** RE: EXTERNAL: RE: Meet and Confer - Yuga Labs, Inc. v. Hickman, Case No. 2:23-cv-00111-JCM-NJK

**\*\* EXTERNAL EMAIL \*\***

Eric,

I have availability all day tomorrow, with the exception to 4 pm PT. I'll be sending the requested information below shortly. In the meantime, please let me know what availability you have to meet and confer tomorrow.

Caleb


**Caleb L. Green** Associate Attorney

| | |
|---|---|
| 3883 Howard Hughes Parkway<br>Suite 800<br>Las Vegas NV 89169 | Phone   702-550-4417<br>Fax        844-670-6009<br>Email   CGreen@dickinsonwright.com |

Profile   V-Card



ARIZONA   CALIFORNIA   FLORIDA   KENTUCKY   MICHIGAN   NEVADA   OHIO
TENNESSEE   TEXAS   WASHINGTON D.C.   TORONTO

---

**From:** Eric Ball <eball@fenwick.com>
**Sent:** Thursday, August 24, 2023 12:46 PM
**To:** Caleb L. Green <CGreen@dickinson-wright.com>; Molly Melcher <mmelcher@fenwick.com>; Anthony Fares <AFares@fenwick.com>; Kimberly Culp <KCulp@fenwick.com>; msmart@fennemorelaw.com>
**Cc:** Steven A. Caloiaro <SCaloiaro@dickinson-wright.com>; Ashley B. Moretto <AMoretto@dickinson-wright.com>
**Subject:** EXTERNAL: RE: Meet and Confer - Yuga Labs, Inc. v. Hickman, Case No. 2:23-cv-00111-JCM-NJK

Caleb,

I'm unavailable today, but please let me know if you are available tomorrow.  To have an effective meet and confer, please provide: (1) the footage you reference below; (2) a summary of the defenses Mr. Hickman intends to raise (as you know the court has already found that the complaint is sufficient and Mr. Hickman has already admitted to his claimed profits); and (3) any proposed stipulation.

We've been available since last week to confer.  But Mr. Hickman had not retained you as counsel.

Eric Ball
Fenwick | Partner | 650-335-7635 | eball@fenwick.com


---

**From:** Caleb L. Green <CGreen@dickinson-wright.com>
**Sent:** Thursday, August 24, 2023 10:04 AM
**To:** Molly Melcher <mmelcher@fenwick.com>; Anthony Fares <AFares@fenwick.com>; Eric Ball <eball@fenwick.com>; Kimberly Culp <KCulp@fenwick.com>; eball@fennemorelaw.com; msmart@fennemorelaw.com>
**Cc:** Steven A. Caloiaro <SCaloiaro@dickinson-wright.com>; Ashley B. Moretto <AMoretto@dickinson-wright.com>
**Subject:** Meet and Confer - Yuga Labs, Inc. v. Hickman, Case No. 2:23-cv-00111-JCM-NJK

**\*\* EXTERNAL EMAIL \*\***

Counsel,

We have been retained by Ryan Hickman to represent him in *Yuga Labs, Inc. v. Hickman*, Case No. 2:23-cv-00111-JCM-NJK in the United States District Court of the District of Nevada.

I am following up on my colleague Mr. Caloiaro's email and his efforts to schedule a meet and confer concerning the above referenced proceedings.

We are prepared to file a motion to vacate default judgment on the basis of lack of jurisdiction for improper service, as well as several meritorious defenses to your client's claims, and our client's lack of culpable conduct. We understand your process server falsely noted Mr. Hickman's daughter's age in his attempt to serve her with a copy of the complaint and summon. Specifically, the process server states that Mr. Hickman's daughter was fifteen when service was attempted, when she was actually twelve years old. More importantly, the process server stated that he could not leave the documents with her given her young age, and departed, only later to return and abandoned the documents on the window sill of the front porch.

We plan to include with our motion to vacate declaration from Mr. Hickman and his daughter confirming these facts and the defective service. We also have doorbell camera footage capturing the process server abandoning the documents on the front porch, window sill, which we plan to submit to the court if necessary.

Please let me know your availability for time to meet and confer to discuss stipulation to set aside the default judgment by **5pm PST today**.  If we are unable to reach a stipulation to vacate or set aside the default judgment we will move forward with filing our motion to vacate and set aside default judgment.

I look forward to your prompt response.

Best,
Caleb


**Caleb L. Green** Associate Attorney

3883 Howard Hughes Parkway      Phone  702-550-4417
Suite 800
Las Vegas NV 89169              Fax    844-670-6009

                                Email  CGreen@dickinsonwright.com



DICKINSON WRIGHT PLLC

ARIZONA  CALIFORNIA  FLORIDA  KENTUCKY  MICHIGAN  NEVADA  OHIO
TENNESSEE  TEXAS  WASHINGTON D.C.  TORONTO

The information contained in this e-mail, including any attachments, is confidential, intended only for the named recipient(s), and may be legally privileged. If you are not the intended recipient, please delete the e-mail and any attachments, destroy any printouts that you may have made and notify us immediately by return e-mail.

Neither this transmission nor any attachment shall be deemed for any purpose to be a "signature" or "signed" under any electronic transmission acts, unless otherwise specifically stated herein. Thank you.


The information contained in this e-mail, including any attachments, is confidential, intended only for the named recipient(s), and may be legally privileged. If you are not the intended recipient, please delete the e-mail and any attachments, destroy any printouts that you may have made and notify us immediately by return e-

mail.

Neither this transmission nor any attachment shall be deemed for any purpose to be a "signature" or "signed" under any electronic transmission acts, unless otherwise specifically stated herein. Thank you.

The information contained in this e-mail, including any attachments, is confidential, intended only for the named recipient(s), and may be legally privileged. If you are not the intended recipient, please delete the e-mail and any attachments, destroy any printouts that you may have made and notify us immediately by return e-mail.

Neither this transmission nor any attachment shall be deemed for any purpose to be a "signature" or "signed" under any electronic transmission acts, unless otherwise specifically stated herein. Thank you.