JOHN D. TENNERT III (NSB No. 11728)
jtennert@fennemorelaw.com
FENNEMORE CRAIG P.C.
9275 W. Russell Road, Suite 240
Las Vegas, NV  89148
Telephone: 702.692.8000
Facsimile: 702.692.8099

ERIC BALL (CSB No. 241327) (*pro hac vice*)
eball@fenwick.com
KIMBERLY CULP (CSB No. 238839) (*pro hac vice*)
kculp@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Fax: 650.938.5200

MOLLY R. MELCHER (CSB No. 272950) (*pro hac vice*)
mmelcher@fenwick.com
ANTHONY M. FARES (CSB No. 318065) (*pro hac vice*)
afares@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Fax: 415.281.1350

Attorneys for Plaintiff
YUGA LABS, INC.

FENWICK & WEST LLP
ATTORNEYS AT LAW

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| YUGA LABS, INC., | Case No.: 2:23-cv-00111-JCM-NJK |
| Plaintiff, | **DECLARATION OF ERIC BALL IN SUPPORT OF PLAINTIFF YUGA LABS, INC.'S OPPOSITION TO DEFENDANT'S MOTION TO VACATE OR SET ASIDE DEFAULT JUDGMENT** |
| v. | |
| RYAN HICKMAN, | |
| Defendant. | |

I, Eric Ball, declare as follows:

1.      I am an attorney admitted in California and admitted *pro hac vice* to practice before this Court.  I am a partner at the law firm of Fenwick & West LLP ("Fenwick"), counsel for Plaintiff Yuga Labs, Inc. ("Plaintiff" or "Yuga Labs") in the above-captioned matter and for other matters, including as to trademark and copyright issues.  I make this declaration based on my own personal knowledge.  If called as a witness, I could testify competently to the facts set forth here.

2.      I submit this declaration in support of Plaintiff Yuga Labs' Opposition to Motion to Vacate or Set Aside Default Judgment.

### Mr. Hickman's Knowledge of this Lawsuit

3.      Yuga Labs initiated this lawsuit against Defendant Ryan Hickman ("Mr. Hickman") on January 20, 2023, by filing its Complaint.

4.      In the days following the filing of Yuga Labs' Complaint, Mr. Hickman Tweeted about being sued by Yuga Labs.  Attached hereto as **Exhibit 1** is a true and correct copy of a Tweet from Mr. Hickman from January 29, 2023 wherein he admits to his knowledge that Yuga Labs sued him in this action.  Attached hereto as **Exhibit 2** is a true and correct copy of another Tweet from Mr. Hickman from February 11, 2023, wherein he includes an excerpt from a press article, in which he provided statements, about, among other things, this lawsuit against him.

5.      Yuga Labs has sent Mr. Hickman copies of the filings in this case by email and United States mail.

### Mr. Hickman's Participation in the "Subpoena Matter"

6.      Between January 2023 and May 2023, Yuga Labs and Mr. Hickman were actively engaged in a discovery dispute regarding Mr. Hickman's failure to produce sufficient and court-ordered documents responsive to a subpoena served on him in a related lawsuit against his business associates (*Yuga Labs, Inc. v. Ripps*, No. CV 2:23-cv-00010-APG-NJK) ("Subpoena Matter").  Attached hereto as **Exhibit 3** is a true and correct copy of the subpoena served on Mr. Hickman in November 2022 ("November Subpoena"), which was the subject of Yuga Labs' enforcement efforts in the Subpoena Matter.

Fenwick & West LLP
Attorneys at Law

7.      On January 5, 2023, Yuga Labs filed a Motion to Compel against Mr. Hickman in the Subpoena Matter, which was granted on February 14, 2023 (Dkt. No. 29 in the Subpoena Matter). Attached hereto as **Exhibit 4** is a true and correct copy of the Declaration of Kimberly Culp that was submitted in support of Yuga Labs' Motion to Compel, and which appears in that case at Dkt. No. 4-2.

8.      On January 13, 2023, Mr. Hickman's daughter London Hickman accepted service of Yuga Labs' Motion to Compel in the Subpoena Matter on behalf of Mr. Hickman at Mr. Hickman's residence in Henderson, Nevada. Attached hereto as **Exhibit 5** is a true and correct copy of the Certificate of Service filed in the Subpoena Matter and appearing in that case at Dkt. No. 14.

9.      Between February 1, 2023, and March 29, 2023, Mr. Hickman and my colleague Kimberly Culp, who is also counsel of record for Yuga Labs in this case, exchanged multiple emails regarding Mr. Hickman's failure to produce sufficient documents in response to the November Subpoena and the court's order granting Yuga Labs' Motion to Compel. In these exchanges, Mr. Hickman communicated with Ms. Culp from the same email address that Yuga Labs used to electronically serve Mr. Hickman with the filings in this case.

10.      On March 26, 2023, Ms. Culp contacted Mr. Hickman at the same email address he had used to communicate with her regarding his compliance with the November Subpoena and that Yuga Labs used to electronically serve Mr. Hickman with the filings in this case. In her email, Ms. Culp notified Mr. Hickman of the Court's entry of default against him and attached copies of the clerk's entry of default (Dkt. No. 21) and the Court's Order granting Yuga Labs' motion for entry of default (Dkt. No. 20). Ms. Culp also notified Mr. Hickman of Yuga Labs' intent to seek damages, its costs and attorneys' fees, and injunctive relief through a motion for default judgment. After Ms. Culp sent this email, Mr. Hickman sent Ms. Culp four more emails, including one on March 28, 2023 that confirmed receipt of the order granting the motion for entry of default.

11.      Mr. Hickman states that he has owned a BAYC NFT since 2021 and was therefore obligated to produce specific information regarding this asserted ownership in response

Fenwick & West LLP
Attorneys at Law

1   to the November Subpoena and the court's order granting Yuga Labs' Motion to Compel in the

2   Subpoena Matter.  To date, Mr. Hickman has not produced any such information.  I requested

3   this information from Mr. Hickman's recently-noticed counsel on September 5, 2023; Mr.

4   Hickman's counsel refused to provide this information.

5       12.    Attached hereto as **Exhibit 6** is a true and correct copy of Mr. Hickman's

6   response to Request No. 9 in a subpoena served on him on September 9, 2022, which states the

7   amount in ETH that Mr. Hickman had been compensated for his role as a partner in the

8   RR/BAYC business venture.

9   **Mr. Hickman's Participation in the "*Ripps* Matter" and Role in the RR/BAYC Business**

10   **Venture**

11       13.    Mr. Hickman appeared in the case *Yuga Labs, Inc. v. Ripps*, No. CV 22-4355-

12   JFW(JEMX) ("*Ripps* Matter") as a named witness and testified in Judge Walter's courtroom at

13   the trial on July 31, 2023 in Los Angeles, California.  As a testifying witness, Mr. Hickman

14   worked with the lawyers for his partners Mr. Ripps and Mr. Cahen to craft his trial declaration,

15   which was filed on July 17, 2023.

16       14.    Attached hereto as **Exhibit 7** is a true and correct copy of the trial witness list

17   submitted by the defendants in the *Ripps* Matter and appearing at Dkt. No. 363 in that case.

18       15.    Attached hereto as **Exhibit 8** are true and correct copies of excerpts from the trial

19   transcript in the *Ripps* Matter appearing at Dkt. No. 392 in that case.

20       16.    Attached hereto as **Exhibit 9** is a true and correct copy of an excerpt of the joint

21   witness summaries submitted by the parties in the *Ripps* Matter and appearing at Dkt. No. 235 in

22   that case.

23       17.    Attached hereto as **Exhibit 10** is a true and correct copy of an excerpt of Jeremy

24   Cahen's trial declaration submitted by the defendants in the *Ripps* Matter and appearing at

25   Dkt. No. 344 in that case.

26       18.    Attached hereto as **Exhibit 11** is a true and correct copy of an excerpt of Ryder

27   Ripps' trial declaration submitted by the defendants in the *Ripps* Matter and appearing at

28   Dkt. No. 346 in that case.

FENWICK & WEST LLP
ATTORNEYS AT LAW

DECL OF ERIC BALL ISO YUGA LABS' OPP. TO
MTN TO VACATE OR SET ASIDE DEFAULT
JUDGMENT

3

Case No.: 2:23-cv-00111-JCM-NJK

19.     Attached hereto as **Exhibit 12** is a true and correct copy of an excerpt of Thomas Lehman's declaration submitted in the *Ripps* Matter and appearing at Dkt. No. 149-33.

20.     Attached hereto as **Exhibit 13** is a true and correct copy of an excerpt of Mr. Hickman's trial declaration submitted by the defendants in the *Ripps* Matter and appearing at Dkt. No. 345 in that case.

21.     Attached hereto as **Exhibit 14** is a true and correct copy of a Tweet from Mr. Hickman from June 21, 2022.

22.     Attached hereto as **Exhibit 15** is a true and correct copy of a Tweet from Mr. Hickman from June 15, 2023.

**Mr. Hickman's Video Footage**

23.     On August 25, 2023, I met with Mr. Hickman's counsel to discuss, among other things, the default judgment entered against Mr. Hickman, Mr. Hickman's intent to move to set aside the default, and the video evidence Mr. Hickman argued supported his motion (Dkt. No. 31-2).  During this meet and confer, I requested a timestamped version of the video evidence, any version showing any female resident of Mr. Hickman's home exiting and re-entering their residence to take out the trash during the evening of February 9, 2023, and any other version showing the verbal exchange that took place between the process server and the female resident of Mr. Hickman's home during that evening.  Mr. Hickman's counsel has not provided us any other video footage.

24.     Attached hereto as **Exhibit 16** is a true and correct copy of a web capture from Google Maps taken on September 7, 2023, showing the street view of Mr. Hickman's home in Henderson, Nevada.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on September 13, 2023.

*/s/ Eric Ball*
Eric Ball

**EXHIBIT INDEX**

| Exhibit No. | Description | Pages |
|---|---|---|
| 1. | Ryan Hickman's Tweet, dated January 29, 2023 | 1 |
| 2. | Ryan Hickman's Tweet, dated February 11, 2023 | 1 |
| 3. | Subpoena for Deposition (Subpoena Matter) | 10 |
| 4. | Kimberly Culp's Declaration in Support of Motion to Compel | 6 |
| 5. | Affidavit of Service for Motion to Compel | 1 |
| 6. | Hickman's Response to Request No. 9 of September Subpoena (Subpoena Matter) | 1 |
| 7. | Ripps Cahen Final Trial Witness List (Ripps Matter) | 3 |
| 8. | Excerpts of Trial Transcripts (Ripps Matter) | 6 |
| 9. | Excerpts of Joint Witness Summaries (Ripps Matter) | 4 |
| 10. | Excerpts of Jeremy Cahen's Declaration of Trial Testimony (Ripps Matter) | 3 |
| 11. | Excerpts of Ryder Ripps' Declaration of Trial Testimony (Ripps Matter) | 3 |
| 12. | Excerpts of Declaration of Thomas Lehman (Ripps Matter) | 3 |
| 13. | Excerpts of Ryan Hickman's Declaration of Trial Testimony (Ripps Matter) | 3 |
| 14. | Ryan Hickman's Tweet, dated June 21, 2022 | 1 |
| 15. | Ryan Hickman's Tweet, dated June 15, 2022 | 1 |
| 16. | Google Street View of Henderson, NV Residence | 1 |

FENWICK & WEST LLP
ATTORNEYS AT LAW

DECL OF ERIC BALL ISO YUGA LABS' OPP. TO
MTN TO VACATE OR SET ASIDE DEFAULT
JUDGMENT

5

Case No.: 2:23-cv-00111-JCM-NJK

# Exhibit 1

Hickman's Tweet, dated January 29, 2023

# Exhibit 1

**h wonder** 🧩 ✅
@hWonderofWorld

yuga LLC funds via initial token offering
ppl participate w/ expectations of commercial ip rights
"all art" includes skulls & all

i own bayc

if i can be sued, everyone can be sued...

i am not getting what i am advertised, rather a legal burden, then SEC is
gonna CRUSH this

12:03 AM · Jan 29, 2023 · **693** Views

**1** Repost   **16** Likes

1

# Exhibit 2

Hickman's Tweet, dated February 11, 2023

# Exhibit 2

**h wonder** ✳ ✳
@hWonderofWorld

· · ·

its absolutely disrespectful.
lazy, stupid, black ...

once people start talking about what these can be worth... the $$$ ...
they get amnesia

joe rogan got roasted for this
roseanne lost her show for this
list of examples are longer than scottie pippen's arm

> Ryan Hickman, a software engineer who also worked with Ripps on RR/BAYC, is
> also being sued separately by Yuga. Hickman, who is Black, thought the Bored
> Apes looked like stereotypical portrayals of Black people as stupid or lazy. He said
> he thought this would be obvious to most people the second they saw an image of
> a Bored Ape. But, he said, "then somebody says, 'Well, it's worth $100,000.' They
> say, 'Okay well, tell me more.'"

3:11 PM · Feb 11, 2023 · **2,343** Views

**3** Reposts   **20** Likes   **1** Bookmark        1

# Exhibit 3

Subpoena for Deposition

# Exhibit 3

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

**Central District of California**

| | |
|---|---|
| **Yuga Labs, Inc.,** | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No. **2:22-cv-04355-JFW-JEM** |
| | ) |
| **Ryder Ripps and Jeremy Cahen,** | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:    **Ryan Hickman**

███████████████████  **Henderson, NV  89012**

*(Name of person to whom this subpoena is directed)*

☒ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: **Fennemore**<br>**9275 W Russell Road, Suite 240**<br>**Las Vegas, NV  89148** | Date and Time: **November 28, 2022**<br>**8:30 a.m.** |
|---|---|

The deposition will be recorded by this method: _____

☒ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**Please see Attachment A.**

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **November 14, 2022**

|  *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | **/s/ Eric Ball** |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  **Yuga Labs, Inc.**
_____, who issues or requests this subpoena, are:

**Eric Ball     (email:  eball@fenwick.com)**
**Fenwick & West LLP, 801 California Street, Mountain View, CA  94041   (650) 988-8500**

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

1

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

2

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# **ATTACHMENT A**

# **DEFINITIONS**

1.      The terms "plaintiff" or "Yuga Labs" refer to plaintiff Yuga Labs, Inc., its predecessors, successors, parents, subsidiaries, divisions, officers, principals, employees, agents, representatives, and attorneys, and all other persons, forms, or corporations acting or purporting to act on their behalf or under its control.

2.      The terms "you" or "your" mean Ryan Hickman, his employees, agents, representatives, and attorneys, and all other persons, forms, or corporations acting or purporting to act on his behalf or under his control.

3.      The term "this action" refers to *Yuga Labs, Inc. v. Ryder Ripps, et al.*, United States District Court, Central District of California, Case No. 2:22-cv-04355-JFW-JEM.

4.      The term "NFT" means non-fungible token.

5.      The term "BAYC NFTs" refers to the collection of 10,000 non-fungible tokens, created on the Ethereum blockchain via smart contract 0xBC4CA0EdA7647A8aB7C2061c2E118A18a936f13D, viewable at https://etherscan.io/address/0xbc4ca0eda7647a8ab7c2061c2e118a18a936f13d, including any NFT within this collection.

6.      The term "RR/BAYC NFTs" refers to the collection of non-fungible tokens, created on the Ethereum blockchain via smart contract

0x2EE6AF0dFf3A1CE3F7E3414C52c48fd50d73691e, viewable at

https://etherscan.io/address/0x2ee6af0dff3a1ce3f7e3414c52c48fd50d73691e,

including any NFT within this collection.

7.     The term "RR/BAYC Smart Contract" refers to the Ethereum

blockchain smart contract 0x2EE6AF0dFf3A1CE3F7E3414C52c48fd50d73691e,

viewable at:

https://etherscan.io/address/0x2ee6af0dff3a1ce3f7e3414c52c48fd50d73691e.

8.     The term "RR/BAYC RSVP Smart Contract" refers to the Ethereum

blockchain smart contract 0xEE969B688442C2d5843Ad75f9117b3ab04b14960

viewable at:

 https://etherscan.io/address/0xee969b688442c2d5843ad75f9117b3ab04b14960.

9.     The term "crypto address" means any wallet address, cryptographic

public key, or other identifier used to send or receive NFTs, cryptocurrency, or

other digital tokens on the blockchain.

10.     The term "document" is defined to be synonymous in meaning and

equal in scope to the usage of the term "documents or electronically stored

information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a

separate document within the meaning of this term.

11.     The term "concerning" means relating to, referring to, describing,

evidencing, or constituting.

12.     The term "including" shall be construed to mean including but not limited to.

13.     The terms "regarding," "relating to," "related to," and/or "referring to" mean concerning, constituting, containing, embodying, evidencing, reflecting, identifying, incorporating, summarizing, mentioning, dealing with, supporting, or in any way pertaining to the particular request.

14.     The terms "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of these requests.

15.     The terms "any" and "each" should be understood to include and encompass "all."

16.     The use of a verb in any tense shall be construed as including the use of the verb in all other tenses.

17.     The singular form of any word shall be deemed to include the plural. The plural form of any word shall be deemed to include the singular.

## <u>INSTRUCTIONS</u>

1.     The subpoena served upon you commands you to produce all responsive documents in your possession, custody, or control, including your attorneys, agents, representatives, or employees.

2.      Pursuant to Federal Rule of Civil Procedure 45(e)(1), you are to provide documents responsive to this subpoena as they are kept in the ordinary course of business or can organize and label the documents to correspond with the categories set forth below.

3.      Electronic records and computerized information must be produced in an intelligible format, together with a description of the system from which they were derived sufficient to permit rendering the records and information intelligible.

4.      Selection of documents from the files and other sources and the numbering of such documents shall be performed in such a manner as to insure that the source of each document may be determined, if necessary.

5.      File folders with tabs or labels or directories of files identifying documents called for by these requests must be produced intact with such documents.

6.      Documents attached to each other shall not be separated.

7.      Should you seek to withhold any document based on some limitation of discovery (including but not limited to a claim of privilege), supply a list of the documents for which limitation of discovery is claimed, indicating:

       a.      The identity of each document's author, writer, sender, or initiator;

b.      The identity of each document's recipient, addressee, or person for whom it was intended;

c.      The date of creation or transmittal indicated on each document, or an estimate of that date, indicated as such, if no date appears on the document;

d.      The general subject matter as described on each document, or, if no such description appears, then some other description sufficient to identify the document; and

e.      The claimed grounds for limitation of discovery.

8.      If your response to a particular demand is a statement that you lack the ability to comply with that demand, you must specify whether the inability to comply is because the particular item or category never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer, in your possession, custody, or control, in which case the name and address of any person or entity known or believed by you to have possession, custody, or control of that document or category of document must be identified.

9.      To the extent permitted and authorized by law, these document requests shall be deemed continuing so as to require further and supplemental responses and production if you obtain additional documents between the time of initial production and the time of hearing or trial.

## DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 1:**

All Discord communications from January 2022 to present related to RR/BAYC NFTs, BAYC NFTs, and/or Yuga Labs.

**DOCUMENT REQUEST NO. 2:**

All email communications from January 2022 to present related to RR/BAYC NFTs, BAYC NFTs, and/or Yuga Labs.

**DOCUMENT REQUEST NO. 3:**

All Telegram communications from January 2022 to present related to RR/BAYC NFTs, BAYC NFTs, and/or Yuga Labs.

**DOCUMENT REQUEST NO. 4:**

All Signal communications from January 2022 to present related to RR/BAYC NFTs, BAYC NFTs, and/or Yuga Labs.

**DOCUMENT REQUEST NO. 5:**

All non-public Twitter communications from January 2022 to present related to RR/BAYC NFTs, BAYC NFTs, and/or Yuga Labs.

**DOCUMENT REQUEST NO. 6:**

All Text or SMS messages from January 2022 to present related to RR/BAYC NFTs, BAYC NFTs, and/or Yuga Labs.

**DOCUMENT REQUEST NO. 7:**

All source code related to RR/BAYC NFTs, including concerning the RR/BAYC Smart Contract, RR/BAYC RSVP Smart Contract, rrbayc.com, and/or apemarket.com.

**DOCUMENT REQUEST NO. 8:**

All documents from January 2022 to present related to RR/BAYC NFTs, BAYC NFTs, and/or Yuga Labs, including any stored in a Google drive.

**DOCUMENT REQUEST NO. 9:**

Documents sufficient to show any voice-to-voice conference with Defendant Ripps, Defendant Cahen, and/or Tom Lehman related to the RR/BAYC Smart Contract, RR/BAYC RSVP Smart Contract, RR/BAYC NFTs, BAYC NFTs, and/or Yuga Labs.

**DOCUMENT REQUEST NO. 10:**

Documents sufficient to show every crypto address used by you to send, receive, or transfer funds related to any BAYC NFT or RR/BAYC NFT.

**DOCUMENT REQUEST NO. 12:**

Documents sufficient to show your revenue, gross profits, and/or net profits from the sale of RR/BAYC NFTs.

# Exhibit 4

Declaration of Kimberly Culp in Support of Motion to Compel

# Exhibit 4

JOHN D. TENNERT III (NSB No. 11728)
jtennert@fennemorelaw.com
FENNEMORE CRAIG P.C.
9275 W. Russell Road, Suite 240
Las Vegas, NV 89148
Telephone: 702.692.8000
Facsimile: 702.692.8099

ERIC BALL (CSB No. 241327)
eball@fenwick.com
KIMBERLY CULP (CSB No. 238839)
kculp@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Fax: 650.938.5200

ANTHONY M. FARES (CSB No. 318065)
afares@fenwick.com
ETHAN M. THOMAS (CSB No. 338062)
ethomas@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Fax: 415.281.1350

(California Attorneys will comply with LR IA 11-2 within 14 days)

*Attorneys for Plaintiff*
*Yuga Labs, Inc.*

FENWICK & WEST LLP
ATTORNEYS AT LAW

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| YUGA LABS, INC.,<br><br>        Plaintiff,<br><br>   v.<br><br>RYDER RIPPS and JEREMY CAHEN,<br><br>        Defendants. | Case No.: _____<br><br>**[USDC, Central District of California Civil Case No. 2:22-cv-4355-JFW-JEM]**<br><br>**DECLARATION OF KIMBERLY CULP IN SUPPORT OF PLAINTIFF YUGA LABS, INC.'S MOTION TO COMPEL NON-PARTY RYAN HICKMAN'S COMPLIANCE WITH SUBPOENA**<br><br>ORAL ARGUMENT REQUESTED |

DECLARATION OF KIMBERLY CULP IN SUPPORT
OF MOTION TO COMPEL COMPLIANCE WITH
SUBPOENA

Case No.: _____

I, Kimberly Culp, declare:

1. I am an attorney admitted to practice in California and am an attorney with the law firm of Fenwick & West LLP, counsel for Plaintiff Yuga Labs, Inc. in the above-captioned matter. I make this declaration based on my own personal knowledge. If called as a witness, I could testify competently to the facts set forth herein.

2. I submit this declaration in support of Plaintiff's Motion to Compel Non-Party Ryan Hickman's Compliance with Subpoena.

3. Attached hereto as **Exhibit A** is a true and correct copy of the complaint filed by Yuga Labs in the Central District of California against Ryder Ripps and Jeremy Cahen in the case titled *Yuga Lab v. Ripps et al.* Case No. 2:22-cv-4355-JFW-JEM.

4. On September 7, 2022, I sent Mr. Hickman a letter to notify him of the subpoena at **Exhibit B**. Attached hereto as **Exhibit C** is a true and correct copy of this letter.

5. I am informed by our process server that Mr. Hickman was personally served with the subpoena shown at Exhibit B on September 9, 2022.

6. On September 27, 2022, my colleague Anthony Fares contacted Mr. Hickman by an email that I was copied on to notify Mr. Hickman that the deadline for document production had passed and offered to confer with Mr. Hickman regarding a possible extension. Attached hereto as **Exhibit D** is a true and correct copy of this email.

7. On September 29, 2022, Mr. Hickman responded to the subpoena by email to Mr. Fares, with a copy to me. Mr. Hickman did not assert any objections to the document requests or the subpoena and purported to respond to the subpoena with some responsive documents (only six images). That same day, Mr. Fares responded to Mr. Hickman by an email that I was copied on and asked him to forward the email to any attorney he may have and let him know that we would like to meet and confer with him. Attached hereto as **Exhibit E** is a true and correct copy of these emails and their attachments.

8. Thereafter, Mr. Fares followed up with Mr. Hickman on three more occasions by email with copies to me to schedule the meet and confer. Attached hereto as **Exhibit F** is a true

FENWICK & WEST LLP
ATTORNEYS AT LAW

and correct copy of these emails.

9.      On October 12, 2022, Mr. Hickman responded to Mr. Fares and agreed to speak on Friday, October 14.  Attached hereto as **Exhibit G** is a true and correct copy of these emails.

10.      On October 13, 2022, Mr. Hickman notified Mr. Fares, by email with a copy to me, that he was in the process of retaining counsel and promised to follow-up by Monday (*e.g.*, October 17).  Attached hereto as **Exhibit H** is a true and correct copy of these emails.

11.      On October 17, 2022, Mr. Hickman notified us that he had retained counsel and that his attorney would contact us.  No attorney contacted Fenwick & West on October 17 or 18, and on October 19, Mr. Fares asked Mr. Hickman, by email with a copy to me, for the name of his attorney.  Attached hereto as **Exhibit I** is a true and correct copy of these emails.

12.      On October 21, 2022, Ethan Jacobs, a San Francisco attorney, contacted me to let me know that he had been retained to represent Mr. Hickman in connection with responding to Yuga Labs' subpoena to Mr. Hickman.  Mr. Jacobs and I spoke that same day and he asked for additional time for Mr. Hickman to pull his additional documents together to produce to me.  I told Mr. Jacobs that Mr. Hickman had already attempted to comply once, and that any objections to the subpoena had been waived, but that I would give Mr. Hickman additional time to fully comply with the subpoena.  Mr. Jacobs let me know that he was familiar with the subpoena and where the responsive documents likely were, so he did not think he would need a substantial amount of time to work with Mr. Hickman to complete his production.  Mr. Jacobs and I agreed that Mr. Hickman would have until November 11 to provide me with the additional documents responsive to Yuga Labs' subpoena.

13.      On November 9, 2022, Mr. Jacobs called me and notified me that he would likely be withdrawing as counsel for Mr. Hickman.  He informed me that the basis for his withdrawal would be that Mr. Hickman had not responded to his emails and had not provided him with the additional documents that were necessary to comply with Yuga Labs' subpoena.

14.      On November 11, 2022, Mr. Jacobs confirmed in writing that he no longer represented Mr. Hickman.  Thereafter, I notified Mr. Hickman that it was our understanding that

DECLARATION OF KIMBERLY CULP IN SUPPORT
OF MOTION TO COMPEL COMPLIANCE WITH
SUBPOENA

3

Case No.: _____

he was no longer represented by Mr. Jacobs and that he had until the end of the day to comply with Yuga Labs' subpoena. Mr. Hickman did not respond. Attached hereto as **Exhibit J** is a true and correct copy of these emails.

15. On November 14, 2022, I caused the subpoena at **Exhibit K** to be personally served on Ryan Hickman.

16. On November 18, 2022, I sent Mr. Hickman a letter (via overnight and email delivery) reminding him of his obligations to provide in-person deposition testimony and documents by November 28, 2022 and to notify me by November 23, 2022 if he needed to reschedule this date. Attached hereto as **Exhibit L** is a true and correct copy of this letter.

17. On November 23, 2022, Mr. Hickman notified us that he was not available on November 28 but was available on December 6, 2022 or December 7, 2022. Mr. Hickman did not assert any objections to the document requests or the subpoena in his email response. Attached hereto as **Exhibit M** is a true and correct copy of these emails.

18. On November 23, 2022, Mr. Fares sent an amended subpoena at **Exhibit N** to Mr. Hickman that reflected December 7, 2022 as his deposition date and the deadline for production of documents.

19. On December 5, 2022, I followed up with Mr. Hickman to remind him of the deposition and his obligation to produce documents at the deposition. Attached hereto as **Exhibit O** is a true and correct copy of this email.

20. On December 7, 2022, Mr. Hickman appeared at his deposition but failed to produce any documents. Attached as **Exhibit P** are true and correct copies of excerpts from Mr. Hickman's deposition transcript. Following the deposition, I spoke with Mr. Hickman off the record regarding his failure to produce documents and requested that he provide a firm date by which he would commit to produce documents responsive to the subpoena, including those he had just testified about during his deposition. Mr. Hickman agreed to follow up with me by email to confirm a date on which he would produce all responsive documents.

21. On December 8, Mr. Fares followed up with Mr. Hickman by an email that I was

DECLARATION OF KIMBERLY CULP IN SUPPORT
OF MOTION TO COMPEL COMPLIANCE WITH
SUBPOENA

4

Case No.: _____

FENWICK & WEST LLP
ATTORNEYS AT LAW

copied on to remind him of his obligations under the November 14 subpoena and again requested a firm date by which Mr. Hickman would commit to produce all responsive documents. Mr. Hickman responded by email and stated that he would produce documents on December 19, 2022. Mr. Fares confirmed by email that December 19, 2022 was acceptable and that Yuga Labs would suspend further action to compel compliance until that date. In this same email, Mr. Fares provided a detailed explanation of each request, along with examples of documents we expected to receive by that date. Attached hereto as **Exhibit Q** is a true and correct copy of these emails.

22. Mr. Hickman did not produce any documents on December 19, 2022.

23. On December 20, 2022, Mr. Hickman produced a single PDF of certain Discord chat screenshots (but not the entire chat) and two folders of source code. The PDF includes messages from a group channel (Team Ape Market) between Mr. Hickman, Mr. Lehman, and Defendants that took place on May 18, 2022; messages from a channel with Mr. Lehman that took place on May 23, 2022; and messages from an unnamed channel that took place on various dates.

24. Mr. Lehman produced screenshots of messages from a private Discord channel with Mr. Hickman that took place from May 23, 2022 to June 24, 2022. In addition to Discord communications, Mr. Lehman produced ███████████████████████████████ ████████████████████████████████████████ ███████████████████.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 3, 2023.

_/s/ Kimberly Culp_
Kimberly Culp

FENWICK & WEST LLP
ATTORNEYS AT LAW

**EXHIBIT LIST**

| Exhibit No. | Description |
|---|---|
| A | 2022 06 24 Complaint for False Designation of Origin, et al (w Ex A) |
| B | 2022 09 07 Subpoena to Ryan Hickman |
| C | 2022 09 07 Cover letter to Hickman Redacted |
| D | 2022 09 27 Email from A. Fares |
| E | 2022 09 29 Email from R. Hickman with Discovery Responses |
| F | 2022 10 10 Email from A. Fares – Confer Attempts |
| G | 2022 10 12 Email from R. Hickman confirming availability to M&C |
| H | 2022 10 17 Email from R. Hickman saying he has retained representation |
| I | 2022 10 19 Email from A. Fares to R. Hickman re: counsel |
| J | 2022 11 11 Email from K. Culp to R. Hickman re: withdrawal of counsel |
| K | 2022 11 14 Subpoena for Deposition (Ryan Hickman) Redacted |
| L | 2022 11 18 Email from R. Pelayo to R. Hickman with Culp letter attached Redacted |
| M | 2022 11 23 Email from R. Hickman re: available in December |
| N | 2022 11 23 Email from A. Fares to R. Hickman re: amended subpoena Redacted |
| O | 2022 12 05 K. Culp email to R. Hickman |
| P | Public Version |
| Q | 2022 12 19 Email from T. Fares to R. Hickman re: production |

# Exhibit 5

Affidavit of Service

# Exhibit 5

**AFFT**
Fennemore Craig, P.C.
John D. Tennert III, Esq.
7800 Rancharrah Pkwy.
Reno , NV 89511
State Bar No.: 11728
Attorney(s) for: Plaintiff(s)

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

Case No.:
**2:23-CV-00010-APG-NJK**
Dept. No.:
Date:
Time:

**Yuga Labs, Inc.,**
*vs*                                                    *Plaintiff(s)*
**Ryder Ripps and Jeremy Cahen**
                                                        *Defendant(s)*

**AFFIDAVIT OF SERVICE**

I, **Bradford Nielsen**, being duly sworn deposes and says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age, licensed to serve civil process in the State of Nevada under license #604, and not a party to or interested in the proceeding in which this affidavit is made. The affiant received **1** copy(ies) of the: **Declaration of Kimberly Culp in Support of Plaintiff Yuga Labs, Inc.'s Motion to Compel Non-Party Ryan Hickman's Compliance With Subpoena; Yuga Labs, Inc.'s Certificate of Interested Parties Pursuant to Local Rule 7.1-1; Yuga Labs, Inc's Motion to Redact Portions of Its Motion to Compel Non-Party Ryan Hickman's Compliance with Subpoena and Declaration of Kimberly Culp in Support Thereof and to Seal Exhibit P Thereto; Yuga Labs, Inc's Notice of Motion and Motion to Compel Non-Party Ryan Hickman's Compliance with Subpoena; Declaration of Kimberly Culp in Support of Plaintiff Yuga Labs, Inc.'s Motion to Compel Non-Party Ryan Hickman's Compliance with Subpoena ; Yuga Labs, Inc.'s Notice of Motion and Motion to Compel Non-Party Ryan Hickman's Compliance with Subpoena** on the **11th** day of **January**, **2023** and served the same on the **13th** day of **January**, **2023** at **3:10pm** by serving to **Respondent**, **Ryan Hickman** by personally delivering and leaving a copy with **London Hickman (female, 20 yrs., 5'07", 130 lbs., black hair), daughter**, a person of suitable age and discretion residing at the **Respondent**'s usual place of abode located at ▮▮▮ ▮▮▮▮▮▮▮ **Henderson, NV 89012**.

Pursuant to NRS 239B.030 this document does not contain the social security number of any person.

I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct. Executed on this 16th day of January, 2023.

_____
**Bradford Nielsen # R-2022-16918**
**Legal Process Service**    License # 604
WorkOrderNo **2300165**

214

# Exhibit 6

Hickman's Response to Request No. 9 of September Subpoena

# Exhibit 6

# Document Request 9

<span style="color:red">I earned zero royalties</span>. There are no documents associated to any royalties. I was compensated for the development of a token reservation system. The gross total 158.28 ETH:

| Sender | Amount | Latest Date |
|---|---|---|
| 0xee969b688442c2d58... | 158.28 ETH $218144.53 | 2022-06-25 |

Of which 15.93 ETH was returned for gas cost:

| | | |
|---|---|---|
| 0x592814ff14e030b51f6... | 15.93 ETH $26280.83 | 2022-07-27 |

Net to build reservation system: 142.35 ETH

1

# Exhibit 7

Ripps Cahen Final Trial Witness List

# Exhibit 7

Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING
HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

*Attorneys for Defendants
Ryder Ripps and Jeremy Cahen*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| Yuga Labs, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Ryder Ripps, Jeremy Cahen, <br><br> Defendants. | CASE NO. 2:22-cv-04355-JFW-JEM <br><br> **DEFENDANTS' WITNESS LIST** <br><br> Judge: Hon. John F. Walter <br><br> Trial Date: July 31, 2023 |

Pursuant to Section 2(a) of the Civil Trial Order (Dkt. 284), Defendant Ryder Ripps and Defendant Jeremy Cahen submit the following list of witnesses Defendants anticipate calling at trial in the order Defendants anticipate calling them.

**1.** Ryan Hickman (in person)

**2.** Jeremy Cahen (in person)

**3.** Ryder Ripps (in person)

**4.** Thomas Lehman (by deposition)

**5.** Wylie Aronow (by deposition)

**6.** Nicole Muniz (by deposition)

**7.** Greg Solano (by deposition)

Dated: July 24, 2023

By: /s/ *Louis W. Tompros*
Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

Attorneys for Defendants
*Ryder Ripps and Jeremy Cahen*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served on all attorneys of record via email on July 24, 2023.

By: /s/ *Louis W. Tompros*
Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
**WILMER CUTLER PICKERING**
 **HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

# Exhibit 8

Excerpts of Trial Transcript

# Exhibit 8

```
 1                    UNITED STATES DISTRICT COURT

 2           CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

 3              HONORABLE JOHN F. WALTER, U.S. DISTRICT JUDGE

 4

 5     YUGA LABS, INC.,                      )
                                            )
 6                    Plaintiff,            ) CASE NO.
                                            ) 22-CV-04355-JFW
 7          vs.                             )
                                            )
 8     RYDER RIPPS, JEREMY CAHEN,           )
                                            )
 9                    Defendants.           )
       _____)
10

11

12

13

14                REPORTER'S TRANSCRIPT OF PROCEEDINGS

15                      COURT TRIAL, VOLUME 1

16                      MONDAY, JULY 31, 2023

17                           8:14 A.M.

18                    LOS ANGELES, CALIFORNIA

19

20

21

22

23     _____

24              MAREA WOOLRICH, CSR 12698, CCRR
                FEDERAL OFFICIAL COURT REPORTER
                350 WEST FIRST STREET, SUITE 4311
25              LOS ANGELES, CALIFORNIA 90012
                       mareawoolrich@aol.com
```

**UNITED STATES DISTRICT COURT**

```
 1                    APPEARANCES OF COUNSEL:

 2

 3    FOR PLAINTIFF:

 4        FENWICK & WEST LLP
          By:  Eric Ball
 5        -and- Kimberly Culp
          801 California Street
 6        Mountain View, CA 94041
          Telephone:  650.988.8500
 7
          FENWICK & WEST LLP
 8        By:  Molly R. Melcher
          -and- Ethan Thomas
 9        -and- Anthony M. Fares
          555 California Street, 12th Floor
10        San Francisco, CA 94101
          Telephone:  415.875.2300
11

12    FOR DEFENDANTS:

13        WILMER CUTLER PICKERING HALE & DORR LLP
          By:  Louis W. Tompros (pro hac vice)
14        60 State Street
          Boston, MA 02109
15        Telephone:  617.526.6000

16        WILMER CUTLER PICKERING HALE & DORR LLP
          By:  Derek Gosma
17        350 S. Grand Avenue, Suite 2400
          Los Angeles, CA 90071
18        Telephone:  415.875.2300

19

20

21

22

23

24

25
```

1      Q      But, in fact, Yuga granted all of its IP rights

2 to its members; correct?

3      A      Not all of its IP rights.  Its copyrights

4 specifically.

5             THE COURT:  You're too far away from the microphone.

6             THE WITNESS:  Oh.  Apologies.

7             Not all of its intellectual property rights.  The

8 copyright is extended to the members of the Bored Ape Yacht

9 Club and the other NFT collections, specific to the imagery.

10     Q      BY MR. TOMPROS:  When it comes to IP rights, Yuga

11 is the inverse of Disney, not an analog of Disney; correct?

12     A      What do you mean?

13     Q      Yuga is actually a mirror of Disney because Yuga

14 granted all of its IP rights to its members; correct?

15     A      I have used the term "mirror" of Disney when

16 referring specifically to how we handle the copyright of the

17 images of the Bored Ape Yacht Club, for instance.

18     Q      Yuga told its members that its members had all of

19 the intellectual property rights; right?

20     A      No.  We told our members that they have a license

21 for the copyright to the imagery.  That's what's in our terms.

22 That's what's in our FAQ.  That's what was posted in our

23 Discord.  That's what has been communicated.

24     Q      Yuga told its members that IP rights are actually

25 granted to the member; correct?

```
 1        A      I do.

 2        Q      In the RR/BAYC telegram, you use the name

 3   h wonder?

 4        A      I believe -- yes.

 5        Q      You came here voluntarily to testify today;

 6   correct?

 7        A      I did.

 8        Q      And Yuga Labs is currently suing you in the

 9   District Court of Nevada; correct?

10        A      This is correct.

11        Q      And it's true that the Clerk of the Court of the

12   District Court of Nevada has entered a default against you in

13   that case?

14        A      I'm uncertain of this.

15             MR. BALL:  Can we go ahead and bring up Hickman

16   cross No. 2, please.

17        Q      BY MR. BALL:  You have in front of you Hickman

18   cross No. 2.  Do you see that, sir?

19        A      I do.

20        Q      You see Yuga Labs, Inc., against Ryan Hickman?

21        A      I do.

22        Q      And you see the default there?

23        A      I see it does say that.

24        Q      You see at the bottom of this document the

25   clerk's stamp and signature?
```

```
 1                        RECROSS-EXAMINATION
 2  BY MR. BALL:
 3        Q       Mr. Hickman, a moment ago when we were having our
 4  conversation, you were testifying -- you said that you didn't
 5  expect a profit from Ape Market.
 6        A       I didn't expect a profit, no.
 7        Q       Do you recall at your deposition you stated -- we
 8  asked the question, "Did you have any expectation on the phone
 9  call of how much you might make for the work that you were
10  going to contribute for this particular project?"
11                And you answered, "I have an expectation to make
12  somewhere between three quarters of a million to a million
13  dollars for any project that I work on."
14                Do you recall that?
15        A       That had nothing to do with Ape Market.
16        Q       Was that for RR/BAYC NFTs?
17        A       For any project I work on is demonstrating what
18  my price point is for doing this kind of work.
19        Q       And then we asked, "You were hoping you would
20  make that for this project?"
21                You responded, "I expected a little less just by
22  factoring the math and factoring this is a little different
23  than other projects that I worked on."
24        A       That has nothing to do with Ape Market.  That
25  discussion is about the RR/BAYC RSVP system.
```

**CERTIFICATE OF OFFICIAL REPORTER**

1

2

3

4

5              I, MAREA WOOLRICH, FEDERAL OFFICIAL REALTIME

6    COURT REPORTER, IN AND FOR THE UNITED STATES DISTRICT COURT

7    FOR THE CENTRAL DISTRICT OF CALIFORNIA, DO HEREBY CERTIFY

8    THAT PURSUANT TO SECTION 753, TITLE 28, UNITED STATES CODE

9    THAT THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF THE

10   STENOGRAPHICALLY REPORTED PROCEEDINGS HELD IN THE

11   ABOVE-ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT

12   IS IN CONFORMANCE WITH THE REGULATION OF THE JUDICIAL

13   CONFERENCE OF THE UNITED STATES.

14

15

16                     DATED THIS  1ST  DAY OF AUGUST, 2023.

17

18

19              /S/ MAREA WOOLRICH

20              _____
                MAREA WOOLRICH, CSR NO. 12698, CCRR
                FEDERAL OFFICIAL COURT REPORTER
21

22

23

24

25

**UNITED STATES DISTRICT COURT**

# Exhibit 9

Excerpts of Joint Witness Summaries

# Exhibit 9

1  ERIC BALL (CSB No. 241327)      Louis W. Tompros (*pro hac vice*)
    eball@fenwick.com            louis.tompros@wilmerhale.com
2  KIMBERLY CULP (CSB No. 238839)  Monica Grewal (*pro hac vice*)
    kculp@fenwick.com            monica.grewal@wilmerhale.com
3  FENWICK & WEST LLP         Scott W. Bertulli (*pro hac vice*)
    801 California Street          scott.bertulli@wilmerhale.com
4  Mountain View, CA 94041      Tyler Carroll (*pro hac vice*)
    Telephone:  650.988.8500      tyler.carroll@wilmerhale.com
5  Facsimile:  650.938.5200      **WILMER CUTLER PICKERING**
                                **HALE AND DORR LLP**
6
    ANTHONY M. FARES (CSB No. 318065)  60 State Street
7  afares@fenwick.com           Boston, MA 02109
    ETHAN M. THOMAS (CSB No. 338062)  Telephone: (617) 526-6000
8  ethomas@fenwick.com         Fax: (617) 526-5000
    FENWICK & WEST LLP
9  555 California Street, 12th Floor    Derek Gosma (SBN 274515)
    San Francisco, CA 94104       derek.gosma@wilmerhale.com
10  Telephone:  415.875.2300      Henry Nikogosyan (SBN 326277)
                                  henry.nikogosyan@wilmerhale.com
11  *Additional Counsel listed on next page*  **WILMER CUTLER PICKERING**
                                  **HALE AND DORR LLP**
12  Attorneys for Plaintiff          350 South Grand Ave., Suite 2400
    YUGA LABS, INC.             Los Angeles, CA 90071
13                             Telephone: (213) 443-5300
14                             Fax: (213) 443-5400

15                             *Attorneys for Defendants*
                             *Ryder Ripps and Jeremy Cahen*
16

17           UNITED STATES DISTRICT COURT

18          CENTRAL DISTRICT OF CALIFORNIA

19          WESTERN DIVISION – Los Angeles

20

21  YUGA LABS, INC.,          Case No.: 2:22-cv-04355-JFW-JEM

22        Plaintiff,         **JOINT WITNESS SUMMARIES**

23      v.                Pretrial Conference Date:  June 9, 2023

24  RYDER RIPPS, JEREMY CAHEN,    Trial Date:  June 27, 2023

25        Defendants.

26

27

28

MELISSA L. LAWTON (CSB No. 225452)
mlawton@fenwick.com
FENWICK & WEST LLP
228 Santa Monica Boulevard
Santa Monica, CA 90401
Telephone: 310.434.4300

MEGAN L. MEIER (*admitted pro hac vice*)
megan@clarelocke.com
DAVID Y. SILLERS (*admitted pro hac vice*)
david@clarelocke.com
KATHRYN HUMPHREY (*admitted pro hac vice*)
kathryn@clarelocke.com
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
Telephone: 202.628.7400

Attorneys for Plaintiff
YUGA LABS, INC.

Labs' Motions *in limine* Nos. 1-5.  Yuga Labs also objects to Mr. Hickman's testimony to the extent he purports to offer expert testimony regarding consumer confusion or the impact of the Defendants' infringement on the NFT market.  Fed. R. Evid. 701, 702.

### B. Defendants' Description of Anticipated Testimony

Mr. Hickman is a software programmer and a partner in the RR/BAYC Project. He will testify concerning the intent behind the RR/BAYC Project (including RR/BAYC NFTs), representations made in connection with the RR/BAYC Project (including representations concerning RR/BAYC NFTs), the intent behind representations made in connection with the RR/BAYC Project (including representations concerning RR/BAYC NFTs), the absence of any consumer confusion, Mr. Ripps's and Mr. Cahen's good faith in connection with the RR/BAYC Project (including RR/BAYC NFTs), and the impact of the RR/BAYC Project and RR/BAYC NFTs on the NFT market.

### C. Estimated Time

- Yuga Labs estimates 10-15 minutes for his deposition testimony.
- Defendants estimate 15 minutes for additional deposition testimony.
- Defendants estimate 30 minutes for direct examination.
- Yuga Labs estimates 10-15 minutes for cross examination.

## IX.  LAUREN KINDLER

Plaintiff Yuga Labs will call Lauren Kindler live (in person).

### A. Yuga Labs' Description of Anticipated Testimony

Ms. Kindler is a Managing Principal at Analysis Group, Inc. and an economics and damages expert affiliated with the group.  She will provide testimony regarding Yuga Labs' damages and/or remedies associated with Defendants' wrongful conduct, including but not limited to, Defendants' profits associated with the wrongful conduct, Yuga Labs' lost profits, Yuga Labs'

Dated: May 25, 2023                FENWICK & WEST LLP

                                   By: /s/ Eric Ball
                                       Eric Ball
                                       Attorneys for Plaintiff
                                       YUGA LABS, INC.

Dated: May 25, 2023                WILMER CUTLER PICKERING HALE
                                   AND DORR LLP

                                   By: /s/ Louis W. Tompros
                                       Louis W. Tompros
                                       *Attorneys for Defendants*
                                       *Ryder Ripps and Jeremy Cahen*

## ATTESTATION OF CONCURRENCE IN FILING

Pursuant to the United States District Court for the Central District of California's Civil L.R. 5-4.3.4(a)(2)(i), Eric Ball attests that concurrence in the filing of this document has been obtained from Louis W. Tompros.

Dated: May 25, 2023                FENWICK & WEST LLP

                                   By: /s/ Eric Ball
                                       Eric Ball
                                       Attorneys for Plaintiff
                                       YUGA LABS, INC.

# Exhibit 10

Excerpts of Cahen Trial Declaration

# Exhibit 10

Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING
HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

*Attorneys for Defendants
Ryder Ripps and Jeremy Cahen*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| Yuga Labs, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Ryder Ripps, Jeremy Cahen, <br><br> Defendants. | CASE NO. 2:22-cv-04355-JFW-JEM <br><br> **DEFENDANT JEREMY CAHEN'S DECLARATION OF TRIAL TESTIMONY** <br><br> Judge: Hon. John F. Walter <br><br> Trial Date: July 31, 2023 |

his artistic vision.

112. In May 2022, I reached out to Ryan Hickman and Tom Lehman to see if they wanted to be involved with the project.

113. Both Mr. Hickman and Mr. Lehman are extremely talented and experienced engineers, who I knew would be able to help in the coding and creation of the artwork.

114. I spoke with each of them about the artwork and what Mr. Ripps and I were aiming to achieve.

115. I also had discussions with each of them about the issues we saw with Yuga's content, and they both agreed with our criticism and wanted to be involved in our work.

116. Together, we formed a four-person team of co-creators of the collection.

117. I worked extensively on raising awareness about the artwork and the criticism of Yuga. Much of this work took place on social media.

118. I also helped manage the team, which involved coordinating Mr. Hickman and Mr. Lehman's work on the technical side of things and raising decision points to Mr. Ripps.

119. Mr. Hickman and Mr. Lehman created rrbayc.com, the content of which the whole team discussed, and Mr. Ripps ultimately decided upon.

120. Additionally, Mr. Hickman and Mr. Lehman created an "RSVP" smart contract on the Ethereum cryptocurrency blockchain for the commissioning of the NFT collection. This accelerated the process by which Mr. Ripps could individually create artwork in the form of NFTs.

121. Internally, the RSVP program was referred to as "Robo Ryder" and Mr. Ripps's "bionic arm."

122. Mr. Hickman and Mr. Lehman also provided ongoing general technical

1    I declare under penalty of perjury under the laws of the United States of America

2    that the foregoing is true and correct.

3

4

5

6

7    Dated: July 17, 2023                    By: _____

8                                                      Jeremy Cahen

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit 11

Excerpts of Ripps Trial Declaration

# Exhibit 11

Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING
HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING
HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

*Attorneys for Defendants
Ryder Ripps and Jeremy Cahen*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| Yuga Labs, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Ryder Ripps, Jeremy Cahen, <br><br> Defendants. | CASE NO. 2:22-cv-04355-JFW-JEM <br><br> **DEFENDANT RYDER RIPPS'S DECLARATION OF TRIAL TESTIMONY** <br><br> Judge: Hon. John F. Walter <br><br> Trial Date: July 31, 2023 |

## VII. THE RR/BAYC TEAM

123. Artists often rely on teams to help in the creation of artwork, particularly where creation and production of the artwork is labor intensive.

124. Although I came up with the idea for the RR/BAYC collection on my own, three other people assisted me with minting the collection and organizing a community around it: Ryan Hickman, Jeremy Cahen, and Thomas Lehman. Additionally, my assistant Ian Garner helped me with specific tasks for one week during the project.

125. In general, Mr. Cahen was the project manager.

126. Mr. Hickman and Mr. Lehman were in charge of technical aspects of the project, such as coding the reservation contract ("RSVP contract") for *rrbayc.com*.

127. Ian Garner was my general assistant for one week.

128. At all times, I controlled the direction and final product of the RR/BAYC artwork.

129. Mr. Cahen, Mr. Lehman, and Mr. Hickman were each to be compensated by receiving 15% each of all profits from the commissioned artwork.

130. The RSVP contract that Mr. Hickman and Mr. Lehman designed was automatically set up to distribute profits from commissioned artwork according to the profit-sharing agreement.

131. Because I minted a number of RR/BAYC NFTs prior to the implementation of the RSVP contract, however, I had to manually distribute profits from those commissions to Mr. Lehman and Mr. Hickman.

132. Accordingly, on May 27, 2022, I made two transfers of Ethereum ("ETH") one to Mr. Lehman and one to Mr. Hickman as a distribution of the profits that had accrued before the RSVP contract was put in place.

221. Mr. Cline also often used sarcasm and humor on Twitter to make points.

222. The Tweets of @streetoshi and Jason Cline that Yuga has relied on are sarcastic anti-Yuga tweets that Yuga has misleadingly taken out of context.

223. I am unaware of a single instance of a consumer reserving or otherwise obtaining an RR/BAYC thinking it was a Yuga BAYC NFT.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: July 17, 2023

By: _____

Ryder Ripps

# Exhibit 12

Excerpts of Lehman Declaration

# Exhibit 12

ETHAN JACOBS (CSB No. 291838)
ethan@ejacobslaw.com
ETHAN JACOBS LAW CORPORATION
100 Pine St., Suite 1250
San Francisco, CA 94111
Telephone: (415) 275-0845

Attorney for Third Party
THOMAS LEHMAN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YUGA LABS, INC., | Case No.: 2:22-cv-04355-JFW-JEM |
| Plaintiff, | **DECLARATION OF THOMAS LEHMAN** |
| vs. | |
| RYDER RIPPS, JEREMY CAHEN, | |
| Defendants. | Honorable John F. Walter |

I, Thomas Lehman, declare:

1.      I make this declaration based on my own personal knowledge.  If called as a witness, I could and would testify competently to the facts set forth here.

2.      I am a freelance programmer and entrepreneur.  I am the co-founder and CEO of an American digital media company and owner of various NFTs.

## I.      BACKGROUND ON THE RR/BAYC BUSINESS

3.      I participated in a business venture with Ryder Ripps ("Ripps") and Jeremy Cahen ("Cahen" and collectively with Ripps "Defendants"), as well as Ryan Hickman ("Hickman"), to commercialize the Ethereum blockchain smart contract 0xEE969B688442C2d5843Ad75f9117b3ab04b14960 (the "RSVP Contract"), the rrbayc.com website, and the apemarket.com website (rrbayc.com and apemarket.com are collectively the "Websites").  Defendants, Hickman, and I

1   collectively engaged in the creation and commercialization of the Websites and the
2   RSVP Contract along with the sale of NFTs (the "RR/BAYC NFTs") (the
3   "Business Venture"). On occasion, I used the term the "average joe" to refer to
4   typical consumers of NFTs on NFT marketplaces.

5       4.      In or around May 2022, Cahen called and asked me to participate in
6   the Business Venture.

7       5.      As part of the Business Venture, Defendants, Hickman, and I used the
8   RSVP Contract and the Websites to promote and sell RR/BAYC NFTs, which
9   Ripps designed and/or caused to point to the same images as the authentic BAYC
10  NFTs made by Yuga Labs. We also used social media accounts, primarily on
11  Twitter, to promote RR/BAYC NFTs and Ape Market.

12      6.      Many of our communications about these and related activities
13  occurred on the "Team ApeMarket" Discord chat and "RRBAYC" Telegram chat.
14  Other communications occurred via telephone, text message, email, and other social
15  media platforms.

16      7.      Ripps oversaw the Business Venture, by, in part, providing guidance
17  and input on the design for the Websites, which Hickman and I were working on in
18  addition to the code. Cahen functioned, in part, as a project manager to the
19  Business Venture. Hickman and I also provided input to Defendants on the
20  commercialization of the Business Venture, including some actions we might take
21  to increase our profit.

22      8.      Before I joined the Business Venture, Ripps had created the Ethereum
23  blockchain smart contract 0x2ee6af0dff3a1ce3f7e3414c52c48fd50d73691e, which
24  hosts the RR/BAYC NFTs ("RR/BAYC Contract"). Ripps had already begun
25  calling these NFTs "RR/BAYC" NFTs. In the RR/BAYC Contract, the return
26  value of the name() function is "Bored Ape Yacht Club" and the return value of the
27  symbol() function is "BAYC." The return values of these functions were
28  determined by values that Ripps typed when creating the RR/BAYC Contract.

Yuga's Summary Judgment Exhibit 27
Page 20
YUGALABS_00032543

Representative copies of which are available at LEHMAN0000111–
LEHMAN0000218.  The list below identifies the individuals who, to the best of my
knowledge and belief, are associated with each Twitter username.

- "RYDER-RIPPS.ETH 🔜 (ryder_ripps)" is Defendant Ryder Ripps
- "PAULY 🔜 (Pauly0x)" is Defendant Jeremy Cahen
- "middlemarch.eth 🔜 (dumbnamenumbers) is Thomas Lehman (myself)
- "hwonder | axel foley | # (hWonderofWorld)" is Ryan Hickman

I declare under penalty of perjury and the laws of the United States that the
foregoing is true and correct.  Executed on the third day of February 2023.


Dated: February 3, 2023             By: _____
                                        Thomas Lehman

Yuga's Summary Judgment Exhibit 27
Page 28
YUGALABS_00032551

# Exhibit 13

Excerpts of Hickman Trial Declaration

# Exhibit 13

Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
Tyler Carroll (*pro hac vice*)
tyler.carroll@wilmerhale.com
**WILMER CUTLER PICKERING**
**HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Derek Gosma (SBN 274515)
derek.gosma@wilmerhale.com
Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
**WILMER CUTLER PICKERING**
**HALE AND DORR LLP**
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

*Attorneys for Defendants*
*Ryder Ripps and Jeremy Cahen*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| Yuga Labs, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Ryder Ripps, Jeremy Cahen, <br><br> Defendants. | CASE NO. 2:22-cv-04355-JFW-JEM <br><br> **RYAN HICKMAN'S DECLARATION OF TRIAL TESTIMONY** <br><br> Judge: Hon. John F. Walter <br><br> Trial Date: July 31, 2023 |

62. In May of 2022, Jeremy Cahen reached out to me and asked if I could help find a software-based way to streamline the process for Mr. Ripps to "mint" (that is, create) NFTs for the Ryder Ripps Bored Ape Yacht Club ("RR/BAYC").

63. The project was interesting to me because of my feelings toward Yuga Labs.

64. I agreed to help Mr. Ripps because I wanted to do everything I could that would help Mr. Ripps amplify his protest and reach as many people as possible.

65. At the time, Mr. Ripps was personally receiving commissions for RR/BAYC NFTs and was manually minting each individual NFT, which is very labor-intensive and time-consuming.

66. I believed that, if I programmed a way to allow Mr. Ripps to hand mint at a faster pace, Mr. Ripps would have more time to dedicate to other aspects of the RR/BAYC artwork that would give his protest a louder voice.

67. I worked with another engineer, Thomas Lehman, to create a "RSVP" software program that would allow people to reserve a RR/BAYC NFT and automate Mr. Ripps's hand-minting process so that he could more quickly create RR/BAYC NFTs.

68. Internally, we referred to the RSVP program as "Robo Ryder" or Mr. Ripps's "bionic arm," because it allowed him to accept reservations and mint NFTs much more efficiently.

69. I also helped Mr. Ripps by working on developing the rrbayc.com website, which was where collectors would be able to use the RSVP program to make reservations.

70. Mr. Ripps explained what he wanted the rrbayc.com website to look like, and I did my best to implement his creative vision.

products, alcohol, and even children's clothes depicting Yuga's hateful
imagery.

103.   During the time of the RR/BAYC artwork, Yuga never took any action to
control or regulate any of these Bored Ape products that were entirely
unrelated to Yuga.

104.   I also was a holder of a Bored Ape Yacht Club NFT during the entirety of
the RR/BAYC artwork.

105.   My Bored Ape Yacht Club NFT and the associated Bored Ape imagery
contained within it all of Yuga's trademarks.

106.   My understanding was that by holding a Bored Ape Yacht Club NFT, I had
received all IP rights associated with the NFT.

107.   That grant of all IP rights, as I understood it, gave me permission to create
derivative projects such as the RR/BAYC artwork.

108.   During my work on the RR/BAYC artwork, I had conversations with Mr.
Ripps and Mr. Cahen regarding my views on Yuga's IP rights.

109.   When Yuga filed suit against Mr. Ripps and Mr. Cahen, I was surprised.

110.   I did not and still do not understand why it was okay for someone to use the
name Bored Ape Yacht Club to sell marijuana, to sell alcohol, to sell
nicotine products, to sell children's clothes normalizing hateful imagery, but
that it was not okay to use that name to call out racism and unethical
business practices.

I declare under penalty of perjury under the laws of the United States of America
that the foregoing is true and correct.

Dated: July 17, 2023          By: _____

Ryan Hickman

# Exhibit 14

Hickman's Tweet dated June 21, 2022

# Exhibit 14

Congratulations to all the supporters and believers of RR/BAYC & @ApeMarketplace!

Shout out to the team! @ryder_ripps @hWonderofWorld @dumbnamenumbers!

Now comes the real fun! 🔥🔥🔥🔥

LONG LIVE CONCEPTUAL ART 🤝

ApeMarket.com will be a game changer.



**ApeMarket**™

💬 13          🔁 45          ♡ 147          📊          ⬆️

**Hella Doge** @DogeHella · Jun 21, 2022          ···
do you think the project being removed from opensea will be a problem?

💬 2          🔁          ♡ 2          📊          ⬆️

**h wonder** 🧩 ✓
@hWonderofWorld          ···

its not. we'll deploy @ApeMarketplace
it will be re-listed on OS
and you will have several locations to trade it

3:18 PM · Jun 21, 2022

**10** Reposts    **56** Likes

💬          🔁          ♡          🔖          ⬆️

⚫ | Post your reply!          **Reply**

**Kayless32** @kayless32 · Jun 21, 2022          ···
Is @RRBAYC_ a scam ?

💬 3          🔁          ♡ 2          📊          ⬆️

**ALL CITY** ✓ @AllCityBAYC · Jun 21, 2022          ···
Yes.

💬 1          🔁          ♡ 2          📊          ⬆️

Show replies

# Exhibit 15

Hickman's Tweet dated June 15, 2022

# Exhibit 15



**@hWonderofWorld**

i was asked about @ApeMarketplace royalties.

for clarity: on ape market the royalties set in the collection contracts are fully supported.

apemarket does not collect royalties that are not programmed in collection contracts.

8:42 AM · Jun 15, 2022

**9** Reposts   **3** Quotes   **31** Likes   **1** Bookmark

1

# Exhibit 16

Google Street View of Henderson, NV Residence

# Exhibit 16

