1  **DICKINSON WRIGHT PLLC**
   CALEB L. GREEN, ESQ.
2  Nevada Bar No. 15234
   Email:  CGreen@dickinson-wright.com
3  3883 Howard Hughes Parkway, Suite 800
   Las Vegas, Nevada  89169-0965
4  Tel:     702-550-4400
   Fax:    844-670-6009
5
   STEVEN A. CALOIARO, ESQ.
6  Nevada Bar No. 12344
   Email:  SCaloiaro@dickinson-wright.com
7  100 W. Liberty Street, Suite 940
   Reno, Nevada  89501
8  Tel:     702-343-7506
   Fax:    844-670-6009
9
   *Attorneys for Defendant*
10 *Ryan Hickman*

11                    **UNITED STATES DISTRICT COURT**

12                          **DISTRICT OF NEVADA**

13
   YUGA LABS INC.                          │ CASE No.: 2:23-cv-00111-JCM-NJK
14                                         │
                        Plaintiff,         │
15                                         │
   v.                                      │
16                                         │ **DEFENDANT'S EMERGENCY MOTION**
   RYAN HICKMAN                            │ **TO STAY ENFORCEMENT OF DEFAULT**
17                                         │ **JUDGMENT**
                        Defendant.         │
18
19
20                          **INTRODUCTION**

21         Defendant Ryan Hickman ("Defendant") by and through its counsel of record, hereby

22 submits its Emergency Motion to Stay Enforcement of Default Judgment enter on August 16,

23 2023, pending resolution of the Motion to Vacate Default Judgment (ECF. No. 31) (the

24 "Emergency Motion"). A Declaration of Caleb L. Green, Esq. in Support of the instant Emergency

25 Motion is attached hereto as **Exhibit A**. In addition, in support of its Emergency Motion, Hickman

26 relies upon the facts and legal authority contained in the Memorandum of Points and Authorities,

27 also below.

28

                                        1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted by:

**DICKINSON WRIGHT PLLC**

*/s/ Caleb L. Green*
Caleb L. Green, Esq.
Email:  CGreen@dickinson-wright.com
3883 Howard Hughes Parkway, Suite 800
Las Vegas, Nevada  89169-0965
Tel:    702-550-4400
Fax:    844-670-6009

Steven A. Caloiaro, Esq.
Email:  SCaloiaro@dickinson-wright.com
100 W. Liberty Street, Suite 940
Reno, Nevada  89501
Tel:    702-343-7506
Fax:    844-670-6009

Attorneys for Defendant
*Ryan Hickman*

## EMERGENCY MOTION DECLARATION

In accordance with LR 7-4, this Emergency Motion is accompanied by the attached Declaration of Caleb L. Green, Esq. in support of the instant Emergency Motion, which is attached hereto as **Exhibit A**.

## MEMORANDUM OF POINTS & AUTHORITIES

The Court should stay any enforcement of the order granting default judgment against Hickman pending resolution of Hickman's Motion to Vacate or Set Aside Default Judgment (ECF No. 31) ("Motion to Vacate") because: (1) enforcement of the Judgment is automatically stayed present to FRCP 62(a), and (2) the four relevant factors weigh in favor of issuing a stay. Notably, Hickman has already demonstrated likelihood of success to vacate the Judgment through its Motion to Vacate, which further favors a stay of enforcement pending resolution of the Motion. Furthermore, granting a stay of enforcement of the Judgment without requiring Hickman to post a security bond is appropriate because it would only operate as an unjust penalty on Hickman and reward Plaintiff for obtaining Judgment with fraudulent affidavits concerning service of process.

## I.   BACKGROUND & STATEMENT OF FACTS

The instant matter arises out of Plaintiff's meritless claims of false designation of origin and cybersquatting against Mr. Ryan Hickman. (*See* ECF No. 1.) On August 16, 2023, the Court entered Default Judgment against Hickman (ECF No. 26.) On August 25, 2023, the Court entered a Judgment and Order for Permanent Injunction against Ryan Hickman ("Judgment"). On August 30, 2023, Hickman filed his Motion to Vacate, which is currently pending before this Court. (ECF No. 31.)

While the Motion to Vacate was pending before this Court, Plaintiff's counsel informed Hickman's counsel that Plaintiff intended to seek to enforce the Judgment.[1] Specifically, Plaintiff's counsel clearly informed Hickman's counsel that Plaintiff intended to enforce the Judgment against Hickman, regardless of the pending Motion to Vacate, and stated the following:

---

[1] *See* Declaration of Caleb L. Green, Esq., at ¶ 4, attached hereto as **Exhibit A**.

"Separately, we have not heard from you regarding <u>Mr. Hickman's payment of the Judgment</u>.  A Rule 60 motion does not does not affect the judgment's finality or suspend its operation.  <u>If we do not hear from you by the end of the day regarding payment, we will proceed ahead with **enforcing the Judgment against Mr. Hickman's assets.**</u>"[2]

Thereafter, consistent with their email correspdonace, in an effort to enforce the Judgment, Plaintiff filed its Motion for Attorneys' Fees (ECF No. 33.)   In response, on September 14, 2023, in an attempt to resolve this matter without Court intervention, Hickman's counsel attempted to contact Plaintiff's counsel to inquire of the legal bases for their proposed enforcement efforts, engage in discussion concerning a potential stipulation to resolve our concerns regarding enforcement of the default judgment, and circulated a stipulation draft to stay enforcement of the Judgment in it is entirety.[3]

Importantly, on September 14, 2023, during separate attempts to resolve this matter without Court intervention, Plaintiff's counsel doubled down that Plaintiff was continuously seeking and intended to enforce the Judgment against Defendant.[4] Namely, Plaintiff's counsel demanded the proposed stipulation require Defendant "**agree to comply with the Court's injunction**" as set forth in the Judgment, and inquired of Defendant's efforts to "**comply with the injunction against Mr. Hickman as required by Section 7 of the Court's Judgment…In particular, if Mr. Hickman has not destroyed his RR/BAYCs please explain why he is not in contempt**."[5] Ultimately, Plaintiff's counsel refused to enter into the proposed stipulation to stay enforcement.[6]

As such, Hickman has no choice but to file the instant Emergency Motion. Hickman's counsel attempted to confer with Plaintiff's counsel to discuss Plaintiff's clear enforcement attempts, despite the pending Motion to Vacate.[7] However, Hickman's counsel's efforts were rejected by Plaintiff, requiring Hickman to file the instant Emergency Motion. Thus, to maintain

---

[2] *See id.*, at ¶ 5.
[3] *Id.*, at ¶ 8.
[4] *Id.*, at ¶ 9.
[5] *Id.*
[6] *Id.*, at ¶ 8.
[7] *Id.*, at ¶¶ 4-6, 8-10.

status quo, Hickman requests that the Court issue an order staying the enforcement of the Judgment pending resolution of the Motion to Vacate.

## II.    LEGAL STANDARD

Nevada courts consider four factors in determining whether to issue a stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770 (1987). The first two factors are the most critical, and the last two are considered once an applicant satisfies the first two factors. *Nken v. Holder*, 556 U.S. 418, 434–35 (2009). The party requesting a stay bears the burden of showing that the circumstances justify issuance. *Id.* at 433–34. "[E]ven 'failing' a strong likelihood of success on the merits, the party seeking a stay may be entitled to prevail if it can demonstrate a 'substantial case on the merits' and the second and fourth factors militate in its favor." *Natural Res. Def. Council, Inc. v. Winter*, 502 F.3d 859, 863 (9th Cir. 2007).

As a general rule, the court enjoys wide discretion to manage its dockets by staying proceedings in the interest of judicial efficiency. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). The power to grant a stay in a pending litigation is an inherent part of a court's authority to control its calendar. *Landis v. North American Co.*, 299 U.S. 248, 253-54 (1936). Ultimately, the Court's sound discretion in weighing the competing interests of granting or refusing a stay determines if a stay is granted. Using its sound discretion, the Court may balance the possible damage that may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *Id*.

/ / /

/ / /

/ / /

## III.   LEGAL ARGUMENT

### A.  The Court Must Stay Enforcement of the Judgment pursuant to FRCP 62(a)

The Federal Rules of Civil Procedure generally and automatically stay the execution or enforcement of a district court judgment for 30-days after its entry. *City of San Antonio, Texas v. Hotels.com, L. P.*, 141 S. Ct. 1628, 1632, 209 L. Ed. 2d 712 (2021). Specifically, Federal Rule of Civil Procedure 62(a) provides, in pertinent part:

> "**Automatic Stay.** Except as provided in Rule 62(c) and (d), **execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry**, unless the court orders otherwise."

As an initial matter, any enforcement of the Judgment by Plaintiff prior to September 24, 2023 is premature and must be stayed by the Court. In this case, the Court entered Judgment on August 25, 2023. Pursuant to FRCP 62(a), Plaintiffs are precluded from enforcing the Judgment until September 24, 2023—which is 30-days after the entry of the Judgment. Accordingly, the Court must stay enforcement of the Judgment until the expiration of the period set forth under FRCP 62(a). This alone supports issuance of an order staying enforcement of the Judgment.

### B.  The Court Must Stay Enforcement of the Default Judgment because the Relevant Factors Weigh in Favor of a Stay

#### i.  *Hickman Demonstrates a Strong Likelihood of Success on the Merits as to his Motion to Vacate*

Through its Motion to Vacate, Hickman has already demonstrated a strong likelihood of success on the merits to vacate the Judgement in its entirety. (See ECF No. 31.) Pursuant to Federal Rules of Civil Procedure 60(b)(4), a court must set aside a final judgment as void if the court lacked jurisdiction over the parties. *See Sec. and Exch. Comm'n v. Internet Solutions for Bus., Inc.,* 509 F.3d 1161, 1165 (9th Cir.2007) (citing *U.S. v. Berke,* 170 F.3d 882, 883 (9th Cir.1999)). A court may not exercise power over a party without service of process or waiver of service by the defendant. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 350 (1999). Further, an individual or entity is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process. *See id.* at 347; *see also C.G.Holdings v.*

*Rum Jungle, Inc.*, No. 207-CV-978-KJD-RJJ, 2009 WL 984049, at *2 (D. Nev. Apr. 13, 2009). "[A] defendant moving to vacate a default judgment based on improper service of process, where the defendant had actual notice of the original proceeding but delayed in bringing the motion until after entry of default judgment, bears the burden of proving that service did not occur. ..." *United States v. 4268 Los Angeles Ave. Simi Valley California 93063*, 672 F. App'x 770, (Mem)–771 (9th Cir. 2017).

As set forth in Hickman's Motion to Vacate, this Court lacked jurisdiction over Hickman because Plaintiff failed to properly serve Hickman by substitute service under Federal Rules of Civil Procedure 4(e)(2) because: (1) Plaintiff failed to serve the documents on an individual of suitable age and discretion, and (2) Plaintiff abandoned the documents on Hickman's doorstep. Accordingly, the Court lacks personal jurisdiction to enter Default Judgment, and therefore the Court must vacate or set aside Default Judgment. More importantly, Plaintiff submitted fraudulent declarations concerning the process of service on Hickman, which this Court relied upon in granting Default Judgment. Namely, Plaintiff fraudulently represented to the Court that Hickman's daughter was fifteen and that the process server delivered copies of the Complaint and summons to her. (*See* ECF No. 18.) In fact, Plaintiff's counsel submitted to this Court that Plaintiff effected service on Hickman by leaving the documents "with or in the presence of: Jane Doe, Co-Occupant, African-America, Female, **Age: 15**…" (*Id.*) This is blatantly false, and was undoubtedly asserted by Plaintiff in effort to obtain a favorable Default Judgment ruling. Hickman's daughter was twelve when she encountered Plaintiff's process server, and therefore was not of suitable age or discretion to accept service of process. (*Id.*)

Furthermore, the *Falk* factors weigh in favor of vacating Default Judgment. As set forth in Hickman's Motion to Vacate, Plaintiff cannot demonstrate it would be prejudiced if Default Judgment were set aside, Hickman has several meritorious defenses against Plaintiff's claims, and Hickman's conduct was not culpable, but rather excusable. As such, in the interests of justice, the Default Judgment obtained by Plaintiff should be set aside and the parties given the opportunity to litigate the action on the merits. As such, Hickman has a strong likelihood of success in support of

vacating the Judgment in its entirety, and therefore this factor weighs in favor of staying enforcement.

### ii.   *Hickman will be Irreparably Injured Absent a Stay.*

This factor weighs in favor of a stay pending resolution of the Motion to Vacate, because denying the stay would prevent Hickman from defending against Plaintiff's claims, which, as set forth in the Motion to Vacate, were improperly served.

Without a stay of enforcement pending the resolution of the Motion to Vacate, Hickman will be unjustly penalized, while his Motion to Vacate remains in limbo. As set forth above, and throughout his Motion to Vacate, this Court lacks jurisdiction due to Plaintiff's shoddy service of process and fraudulent misrepresentations concerning its effort to properly serve Hickman. Namely, Plaintiff fraudulently represented to the Court that Hickman's daughter was fifteen and that the process server delivered copies of the Complaint and summons to her. (*See* ECF No. 18.) Denying to stay enforcement would permit Plaintiffs to materially benefit from their fraudulent representations to the Court, at Hickman's expense. Further, denying a stay would compound the prejudice imposed on Hickman, since the Court lacked jurisdiction given Plaintiff's egregiously deficient service of process. As such, this factor weighs in favor of staying enforcement pending resolution of the pending Motion to Vacate.

### iii.   *No other Parties will be Substantially Injured if the Court Issues a Stay*

No Parties will be injured or harmed if the Court issues a stay pending the resolution of Hickman's Motion to Vacate. First, the instant proceedings are still in the early stages of litigation, and therefore a stay will not prejudice or harm either of the Parties.

Second, the Parties will benefit from a stay pending the resolution to the Motion to Vacate. Regardless of whether the Court grants or denies Hickam's pending Motion to Vacate Default Judgment, the Parties will benefit from the Court's analysis of Plaintiff's attempted service on Hickman, and Hickman's meritorious defenses to Plaintiff's claims. Namely, the Court's decision will simplify the issues and the Parties can continue to litigate this instant matter on the merits. Likewise, a stay will not create prejudice or a tactical advantage when the resolution of the Motion

1  to Vacate would uncover evidence and make rulings that could be adverse to either party. *CMAX,*

2  *Inc. v. Hall*, 300 F.2d 265, 269 (9th Cir. 1962) ("this is not the kind of prejudice which should

3  move a court to deny a [stay]").

4  　　　　　Finally, enforcement of the Judgment should be stayed because Plaintiff, not Hickman, has

5  created the need for a stay of enforcement pending the resolution of the Motion to Vacate. Plaintiff

6  unilaterally informed Hickman's counsel of its intent to enforce the Judgment, despite the

7  automatic stay set forth under FRCP 62(a). When Hickman's counsel attempted to confer with

8  Plaintiff's counsel concerning the legal basis for their proposed enforcement efforts despite the

9  pending Motion to Vacate and FRCP 62(a), Plaintiff's counsel rejected Hickman's efforts to reach

10  resolution without this Court's intervention.[8]   Further, Plaintiff's counsel made it clear that

11  Plaintiff was continuously seeking and intended to enforce the Judgment against Defendant.[9] For

12  example, Plaintiff's clearly informed Hickman's counsel that Plaintiff intended to enforce the

13  Judgment against Hickman, and stated the following:

14  　　　　　　　"Separately, we have not heard from you regarding Mr. Hickman's payment of the
Judgment.  A Rule 60 motion does not does not affect the judgment's finality or

15  　　　　　　　suspend its operation.  **If we do not hear from you by the end of the day
regarding payment, we will proceed ahead with enforcing the Judgment**

16  　　　　　　　**against Mr. Hickman's assets.**"[10]

17  　　　　　By doing so, Plaintiff has forced Hickman's hand to file the instant Emergency Motion and

18  seek relief from the Court.[11] Simply put, Plaintiff created this situation, and therefore would not

19  suffer prejudice if the Court resolves the pending Motion to Vacate, while enforcement of the

20  Judgment is on hold. Accordingly, a stay would not create any undue prejudice or create a tactical

21  advantage for either Party. As such, this factor weighs in favor of staying enforcement pending

22  resolution of the pending Motion to Vacate.

23  / / /

24  / / /

25

26  [8] *See id.*, at ¶ 8.
[9] *See id.*, at ¶¶ 5, 7, and 9.

27  [10] *See id.*, at ¶ 5.
[11] *See id.*, at ¶ 10.

28

#### iv.   The Impact on the Public Interest Favors a Stay

Courts in this district have held that staying proceedings would benefit the public interest when a stay would avoid unnecessary litigation and conserve judicial resources. *See, e.g.*, *Risinger v. SOC LLC*, 2015 WL 7573191, at *2 (D. Nev. Nov. 24, 2015). Here, staying Plaintiff's enforcement of the Judgment pending resolution of the Motion to Vacate would maintain the status quo, which would have minimal impact on public interest. Although Plaintiff has already filed its Motion for Attorneys' Fees in effort to enforce the Judgment, the Court has not made any determination as to the merits of any of Plaintiff's enforcements efforts. Further as set forth above, pursuant to FRCP 62(a), Plaintiff is automatically prohibited from enforcing the Judgment. Accordingly, granting a stay of enforcement would maintain the status quo until this Court can resolve Hickman's pending Motion to Vacate the Default Judgment, and therefore would have minimal impact on the public interest.

In stark contrast, denying to stay enforcement pending Hickman's Motion to Vacate, would be contrary to judicial efficiency and harm the public interest. The continuation of Plaintiff's enforcement efforts, pending resolution of the pending Motion to Vacate, would leave both Parties in a difficult position with respect to the issues of enforcement and jurisdiction.  For example, if the Court does not stay the enforcement of the instant proceedings and later grants Hickman's Motion to Vacate, judicial resources will have been wasted in addressing Plaintiff's attempts and intentions to enforce the Judgment. Accordingly, other than the general interest in prompt resolution of court proceedings, the public interest is minimal here. *See Zeitlin v. Bank of Am., N.A.*, 2021 WL 5154114, at *2 (D. Nev. Nov. 5, 2021). As such, granting a stay of enforcement pending the Motion to Vacate would favor judicial efficiency, and therefore this factor weighs in favor of staying enforcement of the Judgment pending resolution of the pending Motion to Vacate.

### C.  A Security Bond is Not Appropriate

The court may exercise its discretion to award a stay without requiring a bond." *Buonanoma v. Sierra Pac. Power Co.*, No. 0304CV-0077-LRH VPC, 2006 WL 3690662, at *1 (D. Nev. Dec. 11, 2006) (citation omitted). Here, no security bond is appropriate.

Foremost, as set forth in detail in the Motion to Vacate, Plaintiff's service of process was egregiously deficient, and Hickman has meritorious defenses against Plaintiff's claims. Second, Hickman should not be forced to provide a security bond in order to stop Plaintiff from enforcing the Judgment and seeking attorneys' fees and costs where Plaintiff's service of process of the Complaint and Summons was remarkable deficient, and Plaintiff submitted fraudulent affidavits to support its deficient service of process. A security bond to secure the Judgment would only operate as an unjust penalty against an individual with limited resources, while the Parties await the Court's decision on Hickman's pending Motion to Vacate. Therefore, a stay without a bond is appropriate here.

## IV.    CONCLUSION

Based upon the foregoing, the Court should grant in the instant Emergency Motion. For the Courts convenience, we have attached to the instant Motion a proposed order.

**DATED** this 14th day of September, 2023.

**DICKINSON WRIGHT PLLC**

*/s/ Caleb L. Green*
Caleb L. Green, Esq.
Email:  CGreen@dickinson-wright.com
3883 Howard Hughes Parkway, Suite 800
Las Vegas, Nevada  89169-0965
Tel:    702-550-4400
Fax:    844-670-6009

Steven A. Caloiaro, Esq.
Email:  SCaloiaro@dickinson-wright.com
100 W. Liberty Street, Suite 940
Reno, Nevada  89501
Tel:    702-343-7506
Fax:    844-670-6009

Attorneys for Defendant
*Ryan Hickman*

## **CERTIFICATE OF SERVICE**

The undersigned, an employee of Dickinson Wright PLLC, hereby certifies that on the 14th day of September, 2023, a copy of the foregoing **EMERGENCY MOTION TO STAY ENFORCEMENT OF DEFAULT JUDGMENT**, was served electronically to all parties of interest through the Court's CM/ECF system as follows:

FENWICK & WEST LLP
Anthony Michael Fares
Molly R. Melcher
555 California Street, 12th Floor
San Francisco, CA 94104
Tel: 415-875-2300
mmelcher@fenwick.com
afares@fenwick.com

Eric James Ball
Kimberly Culp
801 California Street
Mountain View, CA 94041
Tel: 650-988-8500
Eball@fenwick.com
kculp@fenwick.com

FENNEMORE CRAIG, P.C.
John D. Tennert
MaryJo Smart
7800 Rancharrah Parkway
Reno, NV 89511
eball@fennemorelaw.com
msmart@fennemorelaw.com

Attorneys for Plaintiff
*Yuga Labs Inc.*

                                               */s/ Melinda K. Poehlmann*
                                               An Employee of Dickinson Wright PLLC

## EXHIBIT INDEX

| Exhibit | Description | Pages[12] |
|---------|-------------|-----------|
| A | Declaration of Caleb L. Green | 5 |
| 1 | September 5, 2023 Email Correspondence | 1 |
| 2 | September 14, 2023 Email Correspondence | 4 |

---

[12] Exhibit page counts are exclusive of exhibit slip sheets.