UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| YUGA LABS, INC., | Case No. 2:23-CV-111 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| RYAN HICKMAN, | |
| Defendant(s). | |

Presently before the court is defendant Ryan Hickman ("defendant")'s emergency motion to stay enforcement of default judgment. (ECF No. 36).

The power to stay proceedings is incidental to the inherent power in every court to control the disposition of its cases in the interests of efficiency and fairness to the court, counsel, and litigants. *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). "The exertion of this power calls for the exercise of sound discretion." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Courts appropriately exercise their discretion to stay a case when the resolution of another legal proceeding will have a direct impact on the issues before the court. *See Mediterranean Enters. v. Ssangyong Corp.*, 708 F.2d 1458 (9th Cir. 1983).

In determining whether to stay a case, courts must weigh "competing interests which will be affected by the granting or refusal to grant a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *CMAX*, 300 F.2d at 268). These competing interests include:

> . . . the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured

**James C. Mahan**
**U.S. District Judge**

> in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Id.* (citing *CMAX*, 300 F.2d at 268). The movant bears the burden of establishing the need to stay the case. *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

Here, defendant seeks to stay enforcement of default judgment pending resolution of defendant's motion to vacate default judgment (ECF No. 31), which is presently before the court. In its discretion, the court finds it appropriate to grant defendant's emergency motion. Defendant would suffer hardship if plaintiff seeks enforcement of default judgment while the validity of enforcement is yet to be determined. The court will stay the enforcement of default judgment until it adjudicates the motion to vacate default judgment.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's emergency motion to stay enforcement of default judgment (ECF No. 36) be, and the same hereby is, GRANTED.

DATED September 20, 2023.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -