**DICKINSON WRIGHT PLLC**
CALEB L. GREEN, ESQ.
Nevada Bar No. 15234
Email: CGreen@dickinson-wright.com
3883 Howard Hughes Parkway, Suite 800
Las Vegas, Nevada 89169-0965
Tel:    702-550-4400
Fax:    844-670-6009

STEVEN A. CALOIARO, ESQ.
Nevada Bar No. 12344
Email: SCaloiaro@dickinson-wright.com
100 W. Liberty Street, Suite 940
Reno, Nevada 89501
Tel:    702-343-7506
Fax:    844-670-6009

*Attorneys for Defendant*
*Ryan Hickman*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| YUGA LABS INC.<br><br>                    Plaintiff,<br><br>v.<br><br>RYAN HICKMAN<br><br>                    Defendant. | CASE No.: 2:23-cv-00111-JCM-NJK<br><br>**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO THE MOTION TO VACATE AND SET ASIDE DEFENDANT JUDGMENT** |

**INTRODUCTION**

Defendant Ryan Hickman ("Hickman") by and through its counsel of record, hereby submits its Reply to Plaintiff's Opposition to the Motion to Vacate and Set Aside Default Judgment ("Reply"). In addition, in support of its Reply, Hickman relies upon the facts and legal authority contained in the Memorandum of Points and Authorities below, and in Ryan Hickman's Declaration in Support of his Reply to Plaintiff's Opposition to the Motion to Vacate and Set Aside Default Judgment attached hereto as **Exhibit A**.

1

Respectfully submitted by:

**DICKINSON WRIGHT PLLC**

*/s/ Caleb L. Green*
Caleb L. Green, Esq.
Email:  CGreen@dickinson-wright.com
3883 Howard Hughes Parkway, Suite 800
Las Vegas, Nevada  89169-0965
Tel:    702-550-4400
Fax:   844-670-6009

Steven A. Caloiaro, Esq.
Email:  SCaloiaro@dickinson-wright.com
100 W. Liberty Street, Suite 940
Reno, Nevada  89501
Tel:    702-343-7506
Fax:   844-670-6009

Attorneys for Defendant
*Ryan Hickman*

# MEMORANDUM OF POINTS & AUTHORITIES

The Court must vacate the Default Judgment, and allow the instant proceedings to proceed to be adjudicated on the merits because the *Falk* factors weigh in favor of vacating and setting aside Default Judgment. Namely, Plaintiff's Opposition fails to demonstrate that: (1) Hickman has no meritorious defenses, (2) Hickman's conduct was culpable, and (3) Plaintiff and the public will be prejudice if Default Judgment were vacated and set aside.

## I. LEGAL STANDARD

In deciding whether to set aside a default judgment, courts in this District are guided by two policy concerns. *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). "First, Rule 60(b) is meant to be remedial in nature and therefore must be liberally applied. Second, judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Id*. To ensure that these policies are carried out, in *Falk v. Allen*, the Ninth Circuit articulated three factors that courts must evaluate: "(1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default." The *Falk* factors are applied disjunctively—meaning "…***proof of any of these three factors may justify setting aside the default***." *Joachin v. Hometown Eats, Inc.*, 2019 WL 3323111, at *1 (D. Nev. July 24, 2019) (emphasis added); *Brandt v. American Bankers Insurance Co. of Florida,* 653 F.3d 1108, 1111 (9th Cir.2011).

## II. LEGAL ARGUMENT

### A. Plaintiff Failed to Demonstrate Hickman Has No Meritorious Defenses

#### i. Plaintiff Failed to Demonstrate that Service of Process was Improper under FRCP 4(e)

1. <u>Plaintiff Served Hickman's Twelve Year Old Daughter</u>

Plaintiff's Opposition fails to demonstrate that Hickman's daughter—Melody Hickman—was not twelve years old at the time of Plaintiff's shoddy attempted service. Melody Hickman, who was twelve years old at the time, was indeed the person Plaintiff's process server attempted to serve with process on February 9, 2023. In addition to the sworn declaration attached to the

Motion to Vacate and Set Aside (ECF No. 31-1 and 31-2), Hickman also provides a true and accurate copy of Melody Hickman's birth certificate which evidences she was twelve years old on February 9, 2023.[1]

Notably, outside of self-serving affidavits, Plaintiff's Opposition is devoid of any evidence proving that Melody Hickman was not twelve years old when Plaintiff's attempted to serve her with the Compliant and Summons. As such, Hickman has sufficiently demonstrated that Melody Hickam was twelve years old at the time Plaintiff attempted service.

### 2. Plaintiff has failed to demonstrate that Service of Process on a Twelve Year Old is Sufficient Service

Further, Plaintiff cannot provide any binding precedent, legal authority or supporting document demonstrating that a twelve year old child is "someone of suitable age and discretion" to accept service of process. Moreover, there are no decisions in the Ninth Circuit, this District, or in the state of Nevada upholding service of process pursuant to FRCP Rule 4(e)(2)(B) by service on a child. *Fullmer v. Brown*, 2010 WL 3860650, at *2 (D. Nev. Sept. 28, 2010) ("The Nevada Supreme Court does not appear to have had occasion to interpret this rule. Other courts have interpreted 'suitable age and discretion residing therein" language'"; ultimately upholding service upon process server's affidavit attesting that the individual served as "over the age of 18").[2] Instead, Plaintiff relies upon inapposite and non-binding case law in attempt to make its case that a twelve year old is of suitable age and discretion to accept service of process under FRCP 4(e). For example, Plaintiff relies upon various case law, many which were decided in the 1980s, and particularly one that interprets state jurisdictional issues in Georgia concerning service of process, and fails to address or interpret FRCP 4(e). Having established Melody Hickman was twelve years old at the time of Plaintiff's attempted service, Hickman has met his burden and established that

---

[1] Declaration of Ryan Hickman in Support of Reply, attached hereto as **Exhibit A**, at ¶2.
[2] Notably, Plaintiff's ignore this case law in their Opposition, and solely relies upon non-binding and factually inapposite case law.

Plaintiff's service of process on his twelve year old child is was improper, and therefore this *Falk* factor—a meritorious defense—weighs in favor of vacating and setting aside Default Judgment.[3]

### ii. Plaintiff has Failed to demonstrate Hickman is a Registrant Licensee of the Domain Names, and therefore Hickman has a Meritorious Defense

A plaintiff cannot prevail on an Anti-Cybersquatting Protection Act ("ACPA") claim when they fail to plead the defendant is a registrant or registrant licensee. "[T]he ACPA defines a narrow universe of potential defendants: A person may be liable on a cybersquatting claim 'only if that person is the domain name registrant or that registrant's authorized licensee.'" *Fuccillo v. Century Enterprises, Inc.*, 2019 WL 11648480, at *5 (M.D. Fla. Mar. 8, 2019) (quoting 15 U.S.C. § 1125(d)(1)(D)). Thus, if a defendant is neither the domain name registrant nor the registrant's authorized licensee, he or she cannot be liable for cybersquatting under the ACPA. *Id.*; *see also King Ranch, Inc. v. King Ranch Contractors, LLC*, 2013 WL 2371246, at *3 (M.D. Fla. May 30, 2013) (dismissing an ACPA claim because the complaint did not contain factual allegations "regarding the identity of the domain name registrant or whether [the defendants were] that registrant's authorized licensee."); *WFTV, Inc. v. Maverik Prod. Ltd. Liab. Co.*, 2012 WL 12906175, at *1 (M.D. Fla. Dec. 27, 2012) (denying a motion for default judgment for a cause of action for cybersquatting where the plaintiff did not show in the well-pleaded facts of the complaint that the defendant was the domain name registrant or its authorized licensee). *Fuccillo v. Century Enterprises, Inc.*, 2019 WL 11648480, at *4 (M.D. Fla. Mar. 8, 2019).

When a well-pled complaint fails to assert a defendant is a registrant licensee of a domain name, the plaintiff fails to state a claim under the ACPA, and default judgment is improper. In *Fuccillo*, the court rejected the plaintiff's ACPA claim because, although the plaintiff alleges that "the disputed domain name was registered and was used by the defendants in bad faith," the complaint was devoid of any allegations regarding the defendant being the registrant or being

---

[3] Also, it is undisputed that Plaintiff's process server dropped off the documents on the "ledge by the front door," which is also improper service of process (ECF No. 35-2, p. 2:2.) Further, Plaintiff suggests Defendant altered or edited the doorbell camera footage in its Opposition, which but provides no factual basis to support that assertion. To be clear, Defendant did not edit or alter the doorbell camera footage. **Exhibit A**, at ¶10.

licensed the domain name from the registrant. *Id*. Accordingly, the court held that the plaintiff failed to state a claim under the ACPA and denied the plaintiff's motion for default judgment. *Id*. In the present case, Hickman has a meritorious defense because Plaintiff failed to plead or present facts that Hickman was the registrant or registrant licensee of the Domain Names at issue, and therefore Default Judgment should be vacated and set aside.

     First, just like in *Fuccillo*, Plaintiff's Opposition does not dispute that Plaintiff failed to plead or assert that Hickman was the registrant of registrant licensee in its Complaint. This alone is fatal to Plaintiff's claims and demonstrates that Hickman has a meritorious defense. *Putzmeister Am. Inc. v. United Equip. Sales Inc.*, 2012 WL 2598270, at *3 (N.D. Cal. July 5, 2012) ("The Complaint simply fails to allege that [Defendant], as an individual, 'is the domain name registrant or that registrant's authorized licensee.'"); *see also Bird v. Parsons,* 289 F.3d 865, 881 (6th Cir.2002) (since there is no allegation that defendants *"registered* a domain name, ... and liability for *using* a domain name can only exist for the registrant or that person's authorized licensee," the complaint must be dismissed against those defendants because it "contains no allegation that ... [those defendants] are ... licensee[s]").

     Second, and more importantly, like in *Fuccillo*, Plaintiff's Opposition fails to allege any facts that Hickman was the registrant licensee of the Domain Names. Notably, Plaintiff spends a majority of their argument in its Opposition focusing on allegations asserted by Plaintiff's counsel concerning a very different case in a different jurisdiction—the "*Ripps*" case. Namely, the Opposition references that Hickman was accused of being "a 'co-creator' and 'a partner'" and several other self-serving and conclusory statements concerning Hickman's alleged connection with the Domain Names. (ECF No. 35, at pp.15:27-28 – 16:1-12.) These accusations, in a separate lawsuit, have absolutely no merit on the instant matter. Furthermore, and most importantly, Plaintiff failed to assert that Hickman was the "operator of the infringing domain names," in its Complaint despite conveniently alleging it now in its Opposition. Indeed the words "operator" and "operate" do not appear anywhere in Plaintiff's Complaint. As such, Plaintiff's Complaint fails to allege the facts necessary to support its ACPA claim.

Additionally, Plaintiff errantly relies upon *Hamptons Location, Inc. v. Reubens*, to support its assertion that Hickman is a registrant licensee of the Domain Names. 640 F. Supp. 2d 208, 214 (E.D.N.Y. 2009). However, this case actually supports Hickman's position that he was and is not a registrant licensee of the Domain Names. Instead of misrepresenting the case in a string citation like Plaintiff did in their Opposition, we will address the actual facts in *Reubens* and show how they are inapposite to Plaintiff's position. In *Reubens*, the court reasoned that despite testimony that supported the defendant was not the registrant or registrant licensee of the domain names, the defendant's testimony that he was intimately involved in the registration of the domain name—including tasking his girlfriend with registering the domain names, and suggesting the domain name and chose to list his parents' address as the registrant address—evidence he was the registrant licensee of the domain names. *Id*. Accordingly the court denied the defendant's motion for summary judgment on the plaintiff's cybersquatting claim. *Id*. Unlike in *Reubens*, Hickman was not involved with the registration of the Domain Name—a fact that is undisputed. In stark contrast to the additional allegations pleaded in Plaintiff's Opposition, Hickman maintains that (1) he has never been the Domain Name registrant or registrant's authorized licensee of the Domain Names; and (2) he has never damaged, controlled, or operated any functions, sales, or promotions, through the Domain Names. (ECF 31-1, ¶¶ 24-25.) Lastly, notably absent from Plaintiff's Opposition is the fact that earlier in the procedural history of *Reubens*, the court granted summary judgment for several defendants whom there was no evidence that they participated in the registration of the domain name. *See Hamptons Locations, Inc. v. Rubens*, 2005 WL 2436209, at *8 (E.D.N.Y. Sept.30, 2005).

Likewise, Plaintiff's reliance on *KB Home v. Smith* is also misguided. 2014 WL 1946622, at *3-4 (M.D. Fla. May 14, 2014). In that decision, also by a non-binding district court, the plaintiff's complaint asserted that the defendant was a "co-administrator" of the domain name and therefore it could be "plausibly inferred that [the defendant] was [the registrant's] authorized licensee in that he was a person to whom [the registrant] gave permission or authority to act with respect to the domain name." *Id*. at *4. In stark contrast, Plaintiff's Complaint is devoid of any

7

reference to Hickman being a "co-administrator" of the Domain Names. This fact is also undisputed, and illustrates why Plaintiff failed to allege facts for an actionable ACPA claim.

More importantly, not only did Plaintiff's fail to allege that Hickman was a registrant licensee of the Domain Names, Hickman is not involved whatsoever with the operation of the website hosted on the Domain Names. Hickman could not be a registrant licensee of the Domain Names because: (1) he did not operate the websites at the Domain Names, and (2) only made contributions to the smart contract that the actual registrant and website operators later accessed and uploaded to the website.[4] Furthermore, Hickman was not involved in the project until after the Domain Names were created and registered in May 2022. It is worth pointing out that Plaintiff's Opposition references tweets and testimony concerning actions taking place after the Domain Names were created and registered in May 2022. Furthermore, Plaintiff's noticeably omit Hickman's prior testimony concerning his involvement with the Domain Names. Namely, Hickman testified that his only contribution to the websites appearing at the Domain Names was the RSVP Smart Contract, which he did not upload to the websites at the Domain Names.[5] Instead, Hickman merely made contributions to the RSVP Smart Contract, and uploaded his contributions to a third party, online repository, distinct from the Domain Names, where the software was later accessed and uploaded by the actual domain name registrant and their licensees—none of which are Hickman.[6]

Finally, the ACPA does not define the term "authorized licensee." Although *Reubens* and *Smith* give us a glimpse at a definition of what *might* qualify as a registrant's licensee outside of the traditional definition, the courts only determined there was sufficient evidence to lead a jury to conclude the defendant was the registrant licensee. Merely because a non-binding and inapposite decision, like in *Reubens*, held that evidence that individual defendant was involved in launching a website precluded summary judgment in favor of defendant does not mean that this would always be or should always be the outcome. Accordingly, the Court should ignore Plaintiff's

---

[4] **Exhibit A**, at ¶¶3, 4, and 7-9.
[5] *Id*., at ¶¶3-4, and 7.
[6] *Id*. at ¶¶6, 8, and 9.

misrepresentation of the aforementioned non-binding case law, and focus on the undisputed fact that Plaintiff failed to properly plead and allege any facts that Hickman is the registrant's authorized licensee of the Domain Names. Accordingly, Hickman has at least one meritorious defense against Plaintiff's claims, and this *Falk* factor—a meritorious defense—favors vacating and setting aside Default Judgment.

### B. Plaintiff Fails to Demonstrate Hickman's Conduct was Culpable, and Therefore Default Judgment Should be Vacated and Set Aside

"A movant cannot be treated as culpable simply for having made a conscious choice not to answer." *Calloway v. Pankopf*, 2015 WL 1330553, at *2 (D. Nev. Mar. 25, 2015) (citing *TCI Group Life Ins. Plan v. Knoebber,* 244 F.3d 691, 697 (9th Cir.2001) (emphasis in original), *overruled in part on other grounds by Egelhoff v. Egelhoff ex rel. Breiner,* 532 U.S. 141 (2001)). If a defendant "neglectfully fails to answer, yet offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process[,]" he or she is not culpable. *Id*. "[S]imple carelessness" is typically not sufficient. *Knight v. Elko Cnty.*, 2023 WL 2373711, at *2 (D. Nev. Mar. 6, 2023) (citing *U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010)).

Plaintiff's Opposition fails to address or argue that Hickman has failed to offer a credible, good faith explanation for his failure to file an answer for Plaintiff's Complaint. Instead, Plaintiff's Opposition almost entirely focuses on its position that Hickman had actual and constructive notice of the instant litigation, but fails to address how Hickman's explanations are not credible or made in good faith. *TCI,* 244 F.3d at 697 (recognizing that a good faith explanation for its neglectful failure to answer negates any intent to take advantage of the plaintiff).

Here, Hickman has several good faith explanations for his failure to answer. As explained in his Motion to Vacate and Set Aside Default Judgment, Emergency Motion to Stay Enforcement

of Default Judgment[7] (ECF No. 36.), and this Reply, Hickman believed this court lacked proper jurisdiction at its origin because of Plaintiff's defunct service of process. *Id*. at 698 (where the defendants received actual notice of the lawsuit, but failed to answer because they did not believe the court had jurisdiction, the defendants' failure to answer was not culpable); see also (ECF No. 30-1, Declaration of Ryan Hickman at ¶14) ("Based upon my limited understanding of the legal system, I understood the process servers attempted service of the documents on my twelve year old daughter and abandoning documents on my porch to fly away in the wind to mean no proper service had been effected").

Further, Plaintiff's failed to adequately explain why Hickman's difficulty finding counsel was not credible or made in good faith. Courts in other districts have found that certified statements that a defendant could not afford an attorney are sufficient to vacate default judgment. *Venus v. Polize, Inc.*, 2017 WL 6626314, at *3 (D.N.J. Dec. 28, 2017) (finding defendant's termination of its counsel and subsequent delay in retaining current counsel not willful or in bad faith, and denying default judgment); *New Jersey Right to Life Comm., Inc. v. New Jersey Republican Prolife Coal.*, 2006 WL 2252375, at *2 (D.N.J. Aug. 7, 2006); *Allen Russell Publishing, Inc. v. Levy*, 109 F.R.D. 315, 318 (N.D. Ill. 1985) (finding that the lack of counsel due to financial difficulties was good cause for setting aside the default). Here, Hickman made certified statements that he had difficulty retaining counsel to represent him. This alone is sufficient to demonstrate Hickman was not culpable.

Additionally, Plaintiff has failed to adequately demonstrate that Hickman lacked familiarity with the legal process. While Plaintiff's attempt to rely on Hickman's involvement in the *Ripps* lawsuit, it completes ignores the fact that Hickman was working with the aid and guidance of legal counsel, whereas he was unable to do so in the instant matter. More importantly, this Court has even acknowledged Hickman's lack of understanding of the legal process. Indeed, this Court characterized Hickman's pro se attempt to oppose default earlier in this proceedings as

---

[7] Notably, the Court granted Defendant's Motion to Stay Enforcement of Default Judgment on September 20, 2023.

"…not even responsive to the procedural question before this court…" and "…wholly irrelevant to whether default judgment in this matter is appropriate…" (ECF No. 26, p. 4:20-21; 4:26). This clearly illustrates that Hickman has a "limited understanding of the legal system." (ECF No. 30-1, at ¶14.) As such, Plaintiff has failed to demonstrate that Hickman's conduct was culpable, this *Falk* factor favors vacating and setting aside Default Judgment.

### C. Neither Plaintiff nor the Public will be Prejudiced if Default Judgment Were Vacated and Set Aside

To determine whether the plaintiff would be prejudiced if the default judgment is set aside, "[t]he standard is whether his ability to pursue his claim will be hindered." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). Plaintiff's wholly ignores this standard in its Opposition, and fails to address or explain how Plaintiff will be hindered from pursing its alleged claims against Hickman if Default Judgment were to vacated or set aside.

Additionally, Plaintiff asserts that "Hickman's deliberate and willful seven-month delay has only served to exacerbate [] harm." (ECF No. 35, p. 19:14-15.) However, Plaintiff fails to assert or explain *how* Plaintiff or the public have been harmed by Hickman's alleged actions. Instead, Plaintiff merely relies upon a myriad of string citations to cases the merely reiterate general legal principles concerning injunctive relief for trademark claims. (ECF No. 35, at p.19:9-28.)

Setting aside a default must do more than simply delay resolution of the case to be considered prejudicial to the plaintiff. *TCI Grp. Life Ins. Plan v. Knoebber ("TCI")*, 244 F.3d 691, 701 (9th Cir. 2001). Similarly, merely having to litigate the case on the merits rather than benefitting from entry of a default judgment is not prejudice adequate to deny vacating a default judgment. *Id*; *Hakkasan LV, LLC v. Hakim*, 2015 WL 3629629, at *4 (D. Nev. June 9, 2015). Rather, the delay must result in some tangible harm, such as "loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *TCI*, 244 F.3d at 701 (quotation omitted); *SATA GmbH & Co. KG v. Zhejiang Refine Wufu Air Tools Co.*, No. 2016 WL 4941992, at *6 (D. Nev. Sept. 14, 2016). Here, Plaintiff's Opposition does not address how

Plaintiff will be hindered or face increased difficulty in litigating its claims against Hickman if Default Judgment is set aside. Moreover, Plaintiff's Opposition fails to dispute that there have been no occurrences since the entry of Default Judgment that would hinder Plaintiff's ability to litigate this matter. *Aristocrat Techs., Inc. v. High Impact Design & Ent.*, 642 F. Supp. 2d 1228, 1233 (D. Nev. 2009) ("Plaintiffs have not provided any evidence that something has occurred since entry of the default which will hinder its ability to litigate the case"). Accordingly, this *Falk* factor favors vacating and setting aside Default Judgment.

### III.  CONCLUSION

Based upon the foregoing, and because "the federal rules favor the resolution of cases on their merits" the Court should reject the arguments in Plaintiff's Opposition and grant in the instant Motion to Vacate and Set Aside Default Judgment. *Trustees of the Bricklayers & Allied Craftworkers Loc. 13 Defined Pension Tr. for S. Nevada v. Granite Works, Inc.*, No. 2:10-CV-00990-KJD, 2010 WL 5288085, at *2 (D. Nev. Dec. 17, 2010).

**DATED** this 20th day of September, 2023.

**DICKINSON WRIGHT PLLC**

*/s/ Caleb L. Green*
Caleb L. Green, Esq.
Email:  CGreen@dickinson-wright.com
3883 Howard Hughes Parkway, Suite 800
Las Vegas, Nevada  89169-0965
Tel:     702-550-4400
Fax:    844-670-6009

Steven A. Caloiaro, Esq.
Email:  SCaloiaro@dickinson-wright.com
100 W. Liberty Street, Suite 940
Reno, Nevada  89501
Tel:     702-343-7506
Fax:    844-670-6009

Attorneys for Defendant
*Ryan Hickman*

# CERTIFICATE OF SERVICE

The undersigned, an employee of Dickinson Wright PLLC, hereby certifies that on the 20th day of September, 2023, a copy of the foregoing **DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO THE MOTION TO VACATE AND SET ASIDE DEFENDANT JUDGMENT**, was served electronically to all parties of interest through the Court's CM/ECF system as follows:

FENWICK & WEST LLP
Anthony Michael Fares
Molly R. Melcher
555 California Street, 12th Floor
San Francisco, CA 94104
Tel: 415-875-2300
mmelcher@fenwick.com
afares@fenwick.com

Eric James Ball
Kimberly Culp
801 California Street
Mountain View, CA 94041
Tel: 650-988-8500
Eball@fenwick.com
kculp@fenwick.com

FENNEMORE CRAIG, P.C.
John D. Tennert
MaryJo Smart
7800 Rancharrah Parkway
Reno, NV 89511
eball@fennemorelaw.com
msmart@fennemorelaw.com

Attorneys for Plaintiff
*Yuga Labs Inc.*

                                        */s/ Ashley B. Moretto*
                                        An Employee of Dickinson Wright PLLC