**DICKINSON WRIGHT PLLC**
CALEB L. GREEN, ESQ.
Nevada Bar No. 15234
Email: CGreen@dickinson-wright.com
3883 Howard Hughes Parkway, Suite 800
Las Vegas, Nevada 89169-0965
Tel: 702-550-4400
Fax: 844-670-6009

STEVEN A. CALOIARO, ESQ.
Nevada Bar No. 12344
Email: SCaloiaro@dickinson-wright.com
100 W. Liberty Street, Suite 940
Reno, Nevada 89501
Tel: 702-343-7506
Fax: 844-670-6009

*Attorneys for Defendant
Ryan Hickman*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| YUGA LABS INC.<br><br>Plaintiff,<br><br>v.<br><br>RYAN HICKMAN<br><br>Defendant. | CASE No.: 2:23-cv-00111-JCM-NJK<br><br>**DEFENDANT'S REPORT OF HIS COMPLIANCE WITH THE DEFAULT JUDGMENT** |

## INTRODUCTION

Defendant Ryan Hickman ("Defendant") by and through its counsel of record, hereby submits his Report of his Compliance with the Default Judgment entered on August 25, 2023 (ECF. No. 30) (the "Report").

///

///

///

1

In support of its Report, Hickman relies upon the Declaration of Caleb L. Green, Esq. attached hereto as **Exhibit A**.

        Respectfully submitted by:

        **DICKINSON WRIGHT PLLC**

        */s/ Caleb L. Green*
Caleb L. Green, Esq.
Email: CGreen@dickinson-wright.com
3883 Howard Hughes Parkway, Suite 800
Las Vegas, Nevada 89169-0965
Tel: 702-550-4400
Fax: 844-670-6009

Steven A. Caloiaro, Esq.
Email: SCaloiaro@dickinson-wright.com
100 W. Liberty Street, Suite 940
Reno, Nevada 89501
Tel: 702-343-7506
Fax: 844-670-6009

Attorneys for Defendant
*Ryan Hickman*

**PRELIMINARY STATEMENT**

As an initial matter, Hickman should not be required to submit a Report of his compliance with the Judgment and Order for Permanent Injunction against Ryan Hickman (ECF No. 30) ("Default Judgment"), because this Court has stayed all enforcement of the Default Judgment pending resolution of Hickman's Motion to Vacate and Set Aside. (*See* ECF No. 37). On September 20, 2023, the Court granted Hickman's Emergency Motion to Stay Enforcement of Default Judgment (ECF No. 37) ("Order Granting Emergency Motion"). The Court noted that the "validity of enforcement [of the Default Judgment] is yet to be determined." (*Id.*)

Despite the Court's Order Granting Defendant's Emergency Motion to Stay Enforcement of the Default Judgment, Plaintiff has indicated that it intends to seek and attempt to hold Hickman in contempt of Court following the resolution of the pending Motion to Vacate and Set Aside Default Judgment, and has prematurely demanded verification of Hickman's compliance with the Default Judgment.[1] As such, despite the current stay of any enforcement, in effort to preserve his rights and demonstrate to the Court that Hickman has complied with the Default Judgment, Hickman provides the Report below.

Despite the pending scrutiny of the validity and enforceability of the Default Judgment, Hickman is, has been, and remains in compliance with the Default Judgment. As set forth below, many of the provisions of the Default Judgment do not, and in some cases, have never applied to Mr. Hickman. For example, as set forth in detail in Hickman's Motion to Vacate and Set Aside Default Judgment (ECF No. 31) ("Motion to Vacate and Set Aside"), Hickman Reply to Plaintiff's Opposition to the Motion to Vacate and Set Aside Default Judgment (ECF No. 38) (the "Opposition"), and most importantly the Emergency Motion—which this Court recently granted (ECF No. 37)—Hickman has never had any access or authority to control, transfer, use, or otherwise possess the www.rrbayc.com or www.apemarket.com domain names (collectively the "Domain Names"). As such, Hickman has never engaged in using, linking to, transferring, selling, exercising control over, or otherwise owning or accessing the Domain Names.

---

[1] Declaration of Caleb L. Green, Esq., at ¶¶6-7, 9-10, attached hereto as **Exhibit A**.

In addition to demonstrating Hickman's compliance with the questionable Default Judgment that is pending review, Hickman's responses in this Report will also demonstrate why this Court must vacate and set aside the Default Judgment, as it is extremely overbroad and requires compliance with alleged conduct Hickman could never and has never engaged in.

## **REPORT**

Despite the pending Motion to Vacate and Set Aside Default Judgment and the current stay of enforcement of the Default Judgment, Hickman has complied and remains in compliance with the Default Judgment. Pursuant to Default Judgment, at ¶9, Hickman hereby sets forth the manner in which he has complied with the Default Judgment, including the provisions concerning injunction and ceasing all offering of products or services under the BAYC Marks:

1. Since entry of the Default Judgment, Hickman has not and is not manufacturing, minting, issuing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, loaning, renting, or otherwise disposing of the RR/BAYC NFTs and any other products or merchandise related to the RR/BAYC NFTs, including without limitation, listing the RR/BAYC NFTs or related products or merchandise for sale on any marketplace, collecting royalties in connection with the RR/BAYC NFTs, and/or disposing of the RR/BAYC NFTs.

2. Since entry of the Default Judgment, Hickman has not and is not using in any manner any logo, trade name, trademark, or designation confusingly similar to any of the BAYC Marks or any other Plaintiff source identifier, alone or in combination with other words or designs, as a trademark, trade name component, or otherwise, to market, advertise, promote, or identify any good and/or service not produced, offered, or authorized by Plaintiff, or to falsely represent or have the effect of falsely representing that the goods or services of Defendant or of others are sponsored by, authorized by, or in any way associated with Plaintiff, or may otherwise unfairly compete with Plaintiff in the manufacture, sale, offering for sale, distribution, advertisement, or any other use of Plaintiff's goods or services.

3. Since entry of the Default Judgment, Hickman has not and is not engaged in registering, owning, using, or trafficking any other website, domain name, ecommerce page or account, digital marketplace page or account, licensing business or other business, or any entity or store whose name or d.b.a. uses and/or incorporates any of the BAYC Marks, or includes "BAYC," "Bored," "Ape," or "Yuga" or any other Plaintiff source identifier, or that is confusingly similar to any of the BAYC Marks, or that is calculated to or reasonably likely to confuse consumers into believing that Defendant is Plaintiff, or is in any matter associated or connected with Plaintiff when it is not.

4. Hickman has never been engaged in registering, owning, using, or trafficking any social media account, including but not limited to www.discord.com, www.twitter.com, or www.x.com account(s) that purport to originate from Plaintiff, or to be sponsored or licensed by, or affiliated with Plaintiff when it is not, or uses and/or incorporates any portion of the BAYC Marks within its name d.b.a.[2]

5. Since entry of the Default Judgment, Hickman has not and is not using the infringing "RR/BAYC" and "APE MARKET" marks on social media platforms to facilitate the manufacture, circulation, sale, transfer, marketing, advertising, promoting, and/or renting of RR/BAYC NFTs or related goods or services.

6. Since entry of the Default Judgment, Hickman has not and is not creating incentives for third parties to sell, purchase, trade, transfer, loan, rent, and/or profit from RR/BAYC NFTs, including but not limited to benefits such as airdrops.

7. Since entry of the Default Judgment, Hickman has not, is not, and has never engaged in using, linking to, transferring, selling, exercising control over, or otherwise owning or accessing the Domain Names. Hickman has made this clear in

---

[2] This is an example of how the Default Judgment is overbroad. Namely, Hickman has never been engaged in any of the conduct asserted in this provision. As such, this evidences why the Default Judgment should be vacated and set aside.

5

his Motion to Vacate and Set Aside, his Opposition, and most importantly, his Emergency Motion—which this Court recently granted—that he did not register, operate, or have any license, authorization, or administrative privileges with any of the Doman Names.[3]

8. Since entry of the Default Judgment, Hickman has not and is not "infringing any BAYC Mark and/or any other Plaintiff source identifier." Hickman maintains that he has never infringed on any BAYC Mark and/or any other Plaintiff source identifiers.

9. Hickman has never had possession of any infringing materials, including NFTs, articles, documents, promotional items, or advertisements not authorized by Plaintiff in his possession or control using the BAYC Marks or any other mark confusingly similar with the BAYC Marks.[4] Further, Hickman could not destroy any applicable software, because he does not possess or control it. Any applicable software was already destroyed by Thomas Lehman.

10. Since entry of the Default Judgment, Hickman does not own any RR/BAYC NFTs. Therefore, he cannot "burn" (e.g., destroy) that NFT or provide it to Plaintiff to burn.

11. Hickman has never filed or caused to be filed any trademark applications in connection with the BAYC Marks. Accordingly, Hickman cannot withdraw any trademark applications he never filed.[5]

12. Hickman has no, and never has had any, ownership, control, or authority of any third-party host website, registrar, or other entity related to any of the domains, social media accounts, or digital accounts subject to the Default Judgment, and therefore he has no ability whatsoever to transfer or otherwise assign those subject

---

[3] This is another example of how the Default Judgment is overbroad. Namely, Hickman has never been engaged in any of the conduct asserted in this provision. As such, this evidences why the Default Judgment should be vacated and set aside.
[4] Same.
[5] Same.

domains, social media accounts, or digital accounts to Plaintiff. This is another example of how the Default Judgment is egregiously overbroad and should be vacated and set aside.

13. Hickman has been and remains in compliance with the Default Judgment.

To the extent Plaintiff has any evidence of Hickman's non-compliance with the Default Judgment, it has not been brought to Hickman or his counsel's attention. To the extent the Default Judgment becomes enforceable and Plaintiff uncovers any evidence of Hickman's non-compliance with the Default Judgment, Hickman requests Plaintiff duly inform Hickman so he can immediately remedied.

## CONCLUSION

Based upon the foregoing, Hickman is, has been, and remains in compliance with the Default Judgment, and has satisfied the reporting requirements set forth under the Default Judgment.

**DATED** this 25th day of September, 2023.

**DICKINSON WRIGHT PLLC**

*/s/ Caleb L. Green*
Caleb L. Green, Esq.
Email:  CGreen@dickinson-wright.com
3883 Howard Hughes Parkway, Suite 800
Las Vegas, Nevada  89169-0965
Tel:     702-550-4400
Fax:    844-670-6009

Steven A. Caloiaro, Esq.
Email:  SCaloiaro@dickinson-wright.com
100 W. Liberty Street, Suite 940
Reno, Nevada  89501
Tel:     702-343-7506
Fax:    844-670-6009

Attorneys for Defendant
*Ryan Hickman*

**CERTIFICATE OF SERVICE**

The undersigned, an employee of Dickinson Wright PLLC, hereby certifies that on the 25th day of September, 2023, a copy of the foregoing **DEFENDANT'S REPORT OF HIS COMPLIANCE WITH THE DEFAULT JUDGMENT**, was served electronically to all parties of interest through the Court's CM/ECF system as follows:

FENWICK & WEST LLP
Anthony Michael Fares
Molly R. Melcher
555 California Street, 12th Floor
San Francisco, CA 94104
Tel: 415-875-2300
mmelcher@fenwick.com
afares@fenwick.com

Eric James Ball
Kimberly Culp
801 California Street
Mountain View, CA 94041
Tel: 650-988-8500
Eball@fenwick.com
kculp@fenwick.com

FENNEMORE CRAIG, P.C.
John D. Tennert
MaryJo Smart
7800 Rancharrah Parkway
Reno, NV 89511
eball@fennemorelaw.com
msmart@fennemorelaw.com

Attorneys for Plaintiff
*Yuga Labs Inc.*

                                                */s/ Ashley B. Moretto*
                                                An Employee of Dickinson Wright PLLC