Yuga Labs Inc. v. Ryan Hickman
Case No. 2:23-cv-00111-JCM-NJK

# EXHIBIT A

(Declaration of Caleb L. Green, Esq.)

Yuga Labs Inc. v. Ryan Hickman
Case No. 2:23-cv-00111-JCM-NJK

**DICKINSON WRIGHT PLLC**
CALEB L. GREEN, ESQ.
Nevada Bar No. 15234
Email: CGreen@dickinson-wright.com
3883 Howard Hughes Parkway, Suite 800
Las Vegas, Nevada 89169-0965
Tel:    702-550-4400
Fax:    844-670-6009

STEVEN A. CALOIARO, ESQ.
Nevada Bar No. 12344
Email: SCaloiaro@dickinson-wright.com
100 W. Liberty Street, Suite 940
Reno, Nevada 89501
Tel:    702-343-7506
Fax:    844-670-6009

*Attorneys for Defendant*
*Ryan Hickman*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| YUGA LABS INC.<br><br>Plaintiff,<br><br>v.<br><br>RYAN HICKMAN<br><br>Defendant. | CASE No.: 2:23-cv-00111-JCM-NJK<br><br>**DECLARATION OF CALEB L. GREEN, ESQ. IN SUPPORT OF DEFENDANT'S REPORT OF HIS COMPLIANCE WITH THE DEFAULT JUDGMENT** |

I, Caleb L. Green, Esq., declare under penalty of perjury under the law of the United States of America and the State of Nevada that the following is true and accurate:

1. I am an attorney with the law firm of Dickinson Wright PLLC, counsel for Defendant Ryan Hickman ("Defendant"), in the above captioned matter. I am duly licensed to practice before all courts in the State of Nevada, and I am competent to testify to the matters asserted herein, of which I have personal knowledge, except as to those matters stated upon information and belief.



1

2. I make this declaration in support of *Defendant's Report of his Compliance with the Default Judgment* (the "Report").

3. On August 25, 2023, the Court entered the Judgment and Order for Permanent Injunction Against Ryan Hickman ("Default Judgment"). (ECF No. 30.)

4. The Default Judgment sets forth, in part that:

> "**Within 30 days of the entry of this Judgment**, Defendant Hickman is required to file and serve upon Yuga Labs a report setting forth the manner in which he has complied with this injunction and ceased all offering of products or services under the BAYC Marks." (ECF No. 30.)

5. Pursuant to FRCP 6, the deadline for Hickman to submit a report setting forth the manner of his compliance with Default Judgment *would have been* on Monday, September 25, 2023.

6. On September 14, 2023, Plaintiff's counsel made multiple premature demands that I confirm Hickman's compliance with Default Judgment. A true an accurate copy of Email Correspondence with Plaintiff's Counsel on September 14, 2023 is attached hereto as **Exhibit 1**.

7. Specifically, Plaintiff clearly demanded confirmation of Hickman's compliance with the provision of the Default Judgment concerning injunctive relief, and stated the following:

> "…please explain what Mr. Hickman has done since Monday to **comply with the injunction against Mr. Hickman as required by Section 7 of the Court's Judgment.** *See* Fed. R. Civ. Proc. 62(c). In particular, if Mr. Hickman has not destroyed his RR/BAYCs **please explain why he is not in contempt**."
>
> …
>
> "Mr. Hickman does, however, have other, non-payment obligations under the Judgment, including the **injunctive relief** awarded by the Court to prevent any further irreparable harm to Yuga Labs. Your apparent refusal to stipulate to a stay of enforcement of the Judgment as to non-payment obligations **raises our concern that Mr. Hickman has failed to comply with the injunctive relief ordered by the Court in Section 7 of the Judgment. Please promptly confirm his compliance.** "
>
> *See* **Exhibit 1**, at p. 1, 3.



8. More importantly, Plaintiff's counsel suggested to me that Mr. Hickman was in contempt, and demanded me to "explain why [Mr. Hickman] is not in contempt." *See* **Exhibit 1**.

9. Between September 22, 2023 and September 25, 2023, Plaintiff's counsel again made multiple premature demands that I confirm Hickman's compliance with the Default Judgment. A true and accurate copy of the email correspondence with Plaintiff's Counsel between September 22 and September 25, 2023 is attached hereto as **Exhibit 2**.

10. Specifically, on September 22, 2023, Plaintiff's counsel stated the following:
"Separately, we note that we never heard an explanation from Mr. Hickman for his **failure to comply with Section 7 of the Court's order during the time before it was stayed**…We will take these matters up with the Court at the appropriate time after the Court rules on the motion to vacate."

…

"**We also again, ask you to verify what Mr. Hickman did to comply with Section 7 of the Court's Default Judgment before Mr. Hickman sought a stay of the Judgment**. Mr. Hickman's failure to timely seek a stay does not excuse him from complying with the Court's Judgment. **This is the fourth time we've asked for a response**. Please respond to our request."

*See* **Exhibit 2**, at p. 2.

11. More importantly, Plaintiff's counsel suggested to me that Mr. Hickman was in contempt, and stated "Mr. Hickman's failure to timely seek a stay does not excuse him from complying with the Court's Judgment." *See* **Exhibit 2**.

DATED: 9/25/2023                                       */s/ Caleb L. Green, Esq.*
                                                                      **Caleb L. Green, Esq.**