Yuga Labs Inc. v. Ryan Hickman
Case No. 2:23-cv-00111-JCM-NJK

# EXHIBIT 1

(Email Correspondence from September 14, 2023)

Yuga Labs Inc. v. Ryan Hickman
Case No. 2:23-cv-00111-JCM-NJK

# Caleb L. Green

| | |
|---|---|
| **From:** | Eric Ball <eball@fenwick.com> |
| **Sent:** | Thursday, September 14, 2023 4:41 PM |
| **To:** | Caleb L. Green |
| **Cc:** | Molly Melcher; Kimberly Culp; msmart@fennemorelaw.com; Steven A. Caloiaro; Ashley B. Moretto; Shaelyn N. Dieter; Melinda K. Poehlmann; Katie Hauh |
| **Subject:** | RE: EXTERNAL: RE: Meet and Confer - Yuga Labs, Inc. v. Hickman, Case No. 2:23-cv-00111-JCM-NJK |

Caleb,

You are improperly conflating our compliance with the Court's order (by filing our fees motion) and our enforcement of the Judgment.  For the third time today, we have <u>not started</u> enforcement efforts with respect to Mr. Hickman's payment obligations to Yuga Labs.  You have yet to identify any evidence or basis to claim otherwise.  Nor could you.  Mr. Hickman does, however, have other, non-payment obligations under the Judgment, including the injunctive relief awarded by the Court to prevent any further irreparable harm to Yuga Labs.  Your apparent refusal to stipulate to a stay of enforcement of the Judgment as to non-payment obligations raises our concern that Mr. Hickman has failed to comply with the injunctive relief ordered by the Court in Section 7 of the Judgment.  Please promptly confirm his compliance.

On the stipulation, it sounds like you are refusing any compromise or redline.  If your position is that Mr. Hickman should be allowed to continue to infringe, we cannot agree to that stipulation as Mr. Hickman's infringement continues to cause Yuga Labs irreparable harm.  We are willing to be reasonable and consider staying the enforcement of the monetary portion of the Judgment pending resolution of your motion but we cannot agree to allow continued irreparable harm to be incurred by our client.

Finally, as we have reiterated, we do not think there is any basis for a motion to stay, much less an emergency motion.  An emergency motion for stay is only going to increase the attorneys' fees incurred by Yuga Labs, which we will seek from your client.  Your unreasonable position about the scope of the stipulation and unnecessary briefing is a waste of the Court's and the parties' resources and we request that you reconsider your position.


Eric Ball
Fenwick | Partner | 650-335-7635 | eball@fenwick.com


---

**From:** Caleb L. Green <CGreen@dickinson-wright.com>
**Sent:** Thursday, September 14, 2023 3:39 PM
**To:** Eric Ball <eball@fenwick.com>
**Cc:** Molly Melcher <mmelcher@fenwick.com>; Kimberly Culp <KCulp@fenwick.com>; msmart@fennemorelaw.com; Steven A. Caloiaro <SCaloiaro@dickinson-wright.com>; Ashley B. Moretto <AMoretto@dickinson-wright.com>; Shaelyn N. Dieter <SDieter@dickinson-wright.com>; Melinda K. Poehlmann <MPoehlmann@dickinson-wright.com>; Katie Hauh <KHauh@fenwick.com>
**Subject:** RE: EXTERNAL: RE: Meet and Confer - Yuga Labs, Inc. v. Hickman, Case No. 2:23-cv-00111-JCM-NJK

**\*\* EXTERNAL EMAIL \*\***

1

Eric,

You're response completely ignores several issues I raised in my previous email, including that fact that you clearly indicated that Plaintiff intended to start enforcing the Judgment against my client despite the pending motion to vacate. Further, your email only confirms that your Motion for Attorneys' Fees is clearly your efforts to enforce the Judgment. And, your baseless inquires and suggestions that our client is in "contempt" further necessitates and justifies our emergency motion.

Also, your assumption that our client is "refusing to comply with the Court's Judgment" is misplaced and lacks any merit. Further, if it was not clear from my prior email and our draft stipulation, let me clear: We are only agreeable to a stay of enforcement of the Judgment in its entirety, pending resolution of the Motion to Vacate.

In any event, as I already stated, we are not going to waste resources in providing redlines for you to the draft stipulation, given your previous gamesmanship concerning the stipulation draft to vacate default judgment (which is still in your inbox by the way). Given that you have not attached any redlines to our proposed stipulation draft as I requested, and you are clearly attempting to enforce the Judgment, we will move forward with filing the emergency motion.

**Caleb L. Green** Associate Attorney

3883 Howard Hughes Parkway
Suite 800
Las Vegas NV 89169

Phone 702-550-4417
Fax 844-670-6009
Email CGreen@dickinsonwright.com

DICKINSON WRIGHT PLLC
ARIZONA  CALIFORNIA  FLORIDA  KENTUCKY  MICHIGAN  NEVADA  OHIO
TENNESSEE  TEXAS  WASHINGTON D.C.  TORONTO

---

**From:** Eric Ball <eball@fenwick.com>
**Sent:** Thursday, September 14, 2023 2:54 PM
**To:** Caleb L. Green <CGreen@dickinson-wright.com>
**Cc:** Molly Melcher <mmelcher@fenwick.com>; Kimberly Culp <KCulp@fenwick.com>; msmart@fennemorelaw.com; Steven A. Caloiaro <SCaloiaro@dickinson-wright.com>; Ashley B. Moretto <AMoretto@dickinson-wright.com>; Shaelyn N. Dieter <SDieter@dickinson-wright.com>; Melinda K. Poehlmann <MPoehlmann@dickinson-wright.com>; Katie Hauh <KHauh@fenwick.com>
**Subject:** RE: EXTERNAL: RE: Meet and Confer - Yuga Labs, Inc. v. Hickman, Case No. 2:23-cv-00111-JCM-NJK

Caleb,

Again, we have not started enforcement efforts with respect to Mr. Hickman's payment obligations to Yuga Labs. You have no basis to claim otherwise. And you have no emergency for a weeks old Judgment (or even older orders). Your delay is not an emergency for us or the Court.

On the attorneys' fees motion, we followed the Court's Judgement and deadlines. Rule 62 still requires us, and Mr. Hickman, to follow court-ordered deadlines. *See* Fed. R. Civ. Proc. 62(a) ("unless the court orders otherwise."). We complied with the Court's request for a fees motion within 14 days.

Your proposed stipulation ignores our request that Mr. Hickman agree to comply with the Court's injunction pending the outcome of Mr. Hickman's motion to vacate. As before, please let us know if this is an acceptable redline. We cannot agree to allow Mr. Hickman to continue his infringement. Equally important, since Mr. Hickman's is apparently refusing to comply with Court's Judgment, please explain what Mr. Hickman has done since Monday to comply with the injunction

against Mr. Hickman as required by Section 7 of the Court's Judgment.  *See* Fed. R. Civ. Proc. 62(c).  In particular, if Mr. Hickman has not destroyed his RR/BAYCs please explain why he is not in contempt.

The remainder of your email is again inaccurate and unproductive to ensuring that Yuga Labs and the public are protected from Mr. Hickman's infringement.

Eric Ball

Fenwick | Partner | 650-335-7635 | eball@fenwick.com

---

**From:** Caleb L. Green <CGreen@dickinson-wright.com>
**Sent:** Thursday, September 14, 2023 1:54 PM
**To:** Eric Ball <eball@fenwick.com>
**Cc:** Molly Melcher <mmelcher@fenwick.com>; Anthony Fares <AFares@fenwick.com>; Kimberly Culp <KCulp@fenwick.com>; msmart@fennemorelaw.com; Steven A. Caloiaro <SCaloiaro@dickinson-wright.com>; Ashley B. Moretto <AMoretto@dickinson-wright.com>; Shaelyn N. Dieter <SDieter@dickinson-wright.com>; Melinda K. Poehlmann <MPoehlmann@dickinson-wright.com>
**Subject:** RE: EXTERNAL: RE: Meet and Confer - Yuga Labs, Inc. v. Hickman, Case No. 2:23-cv-00111-JCM-NJK

**\*\* EXTERNAL EMAIL \*\***

Eric,

In your email correspondence dated September 5, 2023 you clearly state that: "If we do not hear from you by the end of the day regarding payment, **we will proceed ahead with enforcing the Judgment against Mr. Hickman's assets**. " In effort to have an effective meet-and-confer, I asked you to explain the legal basis for enforcing the judgment, but you ignored my email and efforts to seek clarification. This is the basis for our emergency motion. I have attached the correspdonace to this email to refresh your memory.

Furthermore, you filed a Motion for Attorney's Fees, pursuant to the Judgment order, which is clearly your attempts to enforcement the Judgment. More importantly, you did all of the forgoing while there is a pending motion to vacate before the Court.

Given your email dated September 5, 2023, indicating your intention to "**enforcing the Judgment against Mr. Hickman's assets**" and your Motion for Attorneys' Fees, your statement that "We have not started enforcement efforts with respect to Mr. Hickman's payment obligations to Yuga Labs" is completely false. Your intentions to and efforts to enforce a judgment that is currently the subject of the motion to vacate--that has yet to be resolved—will absolutely cause our client harm, especially given our motion to vacate has a strong likelihood of succeeding on its merits. In the event the court grants our Motion to Vacate, which is likely will, our client will be prejudice by premature enforcement. Furthermore, as I explained in prior email the automatic stay imposed under FRCP 62(a) is still in affect and prohibits enforcement of the Judgment.

Keep in mind, the last time we sent you a draft stipulation was for the stipulation to vacate the default judgment, and like our September 5, 2023 efforts to effectively meet-and-confer, you blatantly ignored it, despite our efforts to make several revisions according to your requests. However, despite our inclination not to waste our resources again by prepare a draft stipulation that you will likely not consider, in the spirit of professionalism, we have prepared a draft stipulation which would stay enforcement of the Judgment and withdraw your Motions for Attorneys' Fees and Bill of Costs without prejudice, pending resolution of the Motion to Vacate, for your consideration.

We will consider any redlines to the draft stipulation until 3:30 pm today. Otherwise, we will move forward with our Emergency Motion.

Caleb

**Caleb L. Green** Associate Attorney

3883 Howard Hughes Parkway  Phone 702-550-4417
Suite 800                    Fax   844-670-6009
Las Vegas NV 89169           Email CGreen@dickinsonwright.com

DICKINSON WRIGHT PLLC
ARIZONA  CALIFORNIA  FLORIDA  KENTUCKY  MICHIGAN  NEVADA  OHIO
TENNESSEE  TEXAS  WASHINGTON D.C.  TORONTO

---

**From:** Eric Ball <eball@fenwick.com>
**Sent:** Thursday, September 14, 2023 12:41 PM
**To:** Caleb L. Green <CGreen@dickinson-wright.com>
**Cc:** Molly Melcher <mmelcher@fenwick.com>; Anthony Fares <AFares@fenwick.com>; Kimberly Culp <KCulp@fenwick.com>; msmart@fennemorelaw.com; Steven A. Caloiaro <SCaloiaro@dickinson-wright.com>; Ashley B. Moretto <AMoretto@dickinson-wright.com>; Shaelyn N. Dieter <SDieter@dickinson-wright.com>
**Subject:** EXTERNAL: RE: Meet and Confer - Yuga Labs, Inc. v. Hickman, Case No. 2:23-cv-00111-JCM-NJK

Caleb – I am not aware of any basis to burden the Court with an emergency motion.  We have not started enforcement efforts with respect to Mr. Hickman's payment obligations to Yuga Labs, you've known about the judgment now for weeks, and this deadline is purely made up.

I'm also not aware of how the injunction against infringement would prejudice your client or harm the public interest.  Preventing infringement and scams by Mr. Hickman, as two other courts have already found, benefits the public.  Please explain your position so that we can have an effective meet and confer.

Finally, I cannot agree to a stipulation unless you provide a draft stipulation for me to consider.  I will, however, consider any draft stipulation you provide.  I am hopeful that we can reach a reasonable solution, which would include Mr. Hickman agreeing to be bound by the terms of the Court's injunction during the pendency of the motion to vacate.  Please share any draft stipulation that you would like me to consider.

Eric Ball

Fenwick | Partner | 650-335-7635 | eball@fenwick.com

---

**From:** Caleb L. Green <CGreen@dickinson-wright.com>
**Sent:** Thursday, September 14, 2023 9:40 AM
**To:** Eric Ball <eball@fenwick.com>
**Cc:** Molly Melcher <mmelcher@fenwick.com>; Anthony Fares <AFares@fenwick.com>; Kimberly Culp <KCulp@fenwick.com>; msmart@fennemorelaw.com; Steven A. Caloiaro <SCaloiaro@dickinson-wright.com>; Ashley B. Moretto <AMoretto@dickinson-wright.com>; Shaelyn N. Dieter <SDieter@dickinson-wright.com>
**Subject:** Meet and Confer - Yuga Labs, Inc. v. Hickman, Case No. 2:23-cv-00111-JCM-NJK

**\*\* EXTERNAL EMAIL \*\***

Eric,

4

I am following up on your September 5, 2023 email, and your efforts you expressed to enforce the default judgment. Since you did not respond to my response email or clarify the legal basis for any enforcement of the default judgment at this stage, we are prepared to file an emergency motion to stay any and all enforcement of the default judgment (unless allowed by court order), pending resolution of our Motion to Vacate and Set Aside Default Judgment. We take serious issue with any attempts to enforce the Default Judgment before the Motion to Vacate is completely resolved.

As I pointed out in my September 5, 2023 email to you—which you ignored—FRCP 62(a) temporarily precludes any enforcement of the Default Judgment, absent a court order. As such, any immediate efforts to enforce the default judgment are premature, unless otherwise permitted through court order.

Also, the court will likely grant a stay of enforcement pending resolution of the Motion to Vacate given our likelihood of succeed on the merits of our Motion to Vacate, and that denying to stay enforcement pending the Motion to Vacate would be contrary to judicial efficiency, harm the public interest, and prejudice our client.

Based upon the above, we are prepared to file an emergency motion to stay enforcement of the default judgment pending resolution of the Motion to Vacate today, unless we can resolve this through stipulation.

If we cannot agree to a stipulation or resolution by **3:30pm PT** today, we will move forward with filing our emergency motion.

I look forward to your prompt response.

Caleb

**Caleb L. Green** Associate Attorney

| 3883 Howard Hughes Parkway Suite 800 Las Vegas NV 89169 | Phone | 702-550-4417 |
|---|---|---|
| | Fax | 844-670-6009 |
| | Email | CGreen@dickinsonwright.com |



The information contained in this e-mail, including any attachments, is confidential, intended only for the named recipient(s), and may be legally privileged. If you are not the intended recipient, please delete the e-mail and any attachments, destroy any printouts that you may have made and notify us immediately by return e-mail.

Neither this transmission nor any attachment shall be deemed for any purpose to be a "signature" or "signed" under any electronic transmission acts, unless otherwise specifically stated herein. Thank you.

The information contained in this e-mail, including any attachments, is confidential, intended only for the named recipient(s), and may be legally privileged. If you are not the intended recipient, please delete the e-mail and any attachments, destroy any printouts that you may have made and notify us immediately by return e-mail.

Neither this transmission nor any attachment shall be deemed for any purpose to be a "signature" or "signed" under any electronic transmission acts, unless otherwise specifically stated herein. Thank you.

The information contained in this e-mail, including any attachments, is confidential, intended only for the named recipient(s), and may be legally privileged. If you are not the intended recipient, please delete the e-mail and any attachments, destroy any printouts that you may have made and notify us immediately by return e-mail.

Neither this transmission nor any attachment shall be deemed for any purpose to be a "signature" or "signed" under any electronic transmission acts, unless otherwise specifically stated herein. Thank you.

6