**DICKINSON WRIGHT PLLC**
CALEB L. GREEN, ESQ.
Nevada Bar No. 15234
Email:  CGreen@dickinson-wright.com
3883 Howard Hughes Parkway, Suite 800
Las Vegas, Nevada  89169-0965
Tel:     702-550-4400
Fax:    844-670-6009

STEVEN A. CALOIARO, ESQ.
Nevada Bar No. 12344
Email:  SCaloiaro@dickinson-wright.com
100 W. Liberty Street, Suite 940
Reno, Nevada  89501
Tel:     702-343-7506
Fax:    844-670-6009

*Attorneys for Defendant*
*Ryan Hickman*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| YUGA LABS INC.<br><br>                                    Plaintiff,<br><br>v.<br><br>RYAN HICKMAN<br><br>                                    Defendant. | CASE No.: 2:23-cv-00111-JCM-NJK<br><br>**DEFENDANT'S OPPOSITION TO PLANITFF'S AMENDED MOTION FOR AN AWARD OF ATTORNEYS' FEES** |

## INTRODUCTION

Defendant Ryan Hickman ("Defendant") by and through its counsel of record, hereby submits his Opposition to Plaintiff's Amended Motion for an Award of Attorneys' Fees (ECF No. 42) (the "Opposition"). In support of its Opposition, Hickman relies upon the facts and legal authority contained in the Memorandum of Points and Authorities, also below.

Respectfully submitted by:

**DICKINSON WRIGHT PLLC**

*/s/ Caleb L. Green*
Caleb L. Green, Esq.

1

Email:  CGreen@dickinson-wright.com
3883 Howard Hughes Parkway, Suite 800
Las Vegas, Nevada  89169-0965
Tel:    702-550-4400
Fax:    844-670-6009

Steven A. Caloiaro, Esq.
Email:  SCaloiaro@dickinson-wright.com
100 W. Liberty Street, Suite 940
Reno, Nevada  89501
Tel:    702-343-7506
Fax:    844-670-6009

Attorneys for Defendant
*Ryan Hickman*

## MEMORANDUM OF POINTS & AUTHORITIES

The Court should reject Plaintiff's Amended Motion for an Award of Attorneys' Fees in its entirety because: (1) Plaintiff has unclean hands, (2) Plaintiff fails to provide a reasonable itemization of fees and the work performed, and (3) Plaintiff's request for fees is unreasonable. Plaintiff has unclean hands because it failed to comply with Nevada law in its efforts to serve Defendant with process. Further, Plaintiff's redaction of its invoices fail to comply with Nevada Local Rules. Finally, the Court must reject or significantly reduce Plaintiff's request for attorneys' fees because: (1) Nevada is the relevant community for determining appropriate attorneys' fees, and (2) Plaintiff's counsel's hourly rates are unreasonable in Nevada.

### I.   LEGAL STANDARD

The Supreme Court has held that reasonable attorney fees must "be calculated according to the prevailing market rates in the ***relevant community***," considering the fees charged by "lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11, 104 S.Ct. 1541 (1984). Courts typically use a two-step process when determining fee awards. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the Court must calculate the lodestar amount "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Id*. Furthermore, other factors should be taken into consideration such as special skill, experience of counsel, and the results obtained. *Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed ... [w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Second, the Court "may adjust the lodestar, [only on rare and exceptional occasions], upward or downward using a multiplier based on factors not subsumed in the initial calculation of the lodestar." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

/ / /

/ / /

## II.   LEGAL ARGUMENT

### A.  The Court Must Deny Plaintiff's Amended Motion for Attorneys' Fees in its Entirety because of Plaintiff's Unclean Hands

It is well-settled that awarding fees based on an exceptional case finding is an exercise of the court's equitable powers. *SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1180-81 (9th Cir. 2016). As an equitable determination, ***the conduct of the party seeking equity must also be considered***. *Ramirez v. Collier*, 142 S. Ct. 1264, 1282 (2022) ("When a party seeking equitable relief has violated conscience, or good faith, or other equitable principle, in his prior conduct, then the doors of the court will be shut against him.") (internal quotations and citations omitted); *Adler v. Fed. Republic of Nigeria*, 219 F.3d 869, 876-77 (9th Cir. 2000), *as amended on denial of reh'g and reh'g en banc* (Aug. 17, 2000) ("A party which comes to a court in equity seeking equitable relief may not obtain such relief where it has engaged in improper conduct in the course of the equitable proceeding); 28 Am. Jur. 2d Estoppel and Waiver § 153 ("A court of equity is bound to consider the conduct of the parties seeking equitable relief."); *Jarrow Formulas, Inc. v. Nutrition Now, Inc.,* 304 F.3d 829, 841 (9th Cir.2002) (defining unclean hands as a *defensive* doctrine that bars a party from seeking equitable relief when its conduct is tainted by bad faith)

In the present case, Plaintiff engaged in serious misconduct when it violated Nevada law in its efforts to attempt service on Hickman. Specifically, Plaintiff failed to comply with NRS 14.090. NRS 14.090 provides, in pertinent part:

> "(1) A person who resides at a location to which access is not reasonably available except through a gate may be lawfully served with any legal process in the manner provided in this section. If there is:
> . . .
> (b) No guard posted at the gate and entry through the gate is not reasonably available, the court may, if it is satisfied by affidavit that those facts are true, allow service of process by mailing a copy thereof to the residence by certified or registered mail."

Courts through this District regularly permit alternative service and even extends the period of time for service of process through mailing when the defendant lives in a gate community. *See,*

*e.g.*, *Campbell v. Nevada Dep't of Corr.*, No. 220CV00634CDSVCF, 2022 WL 10632257, at *2 (D. Nev. Oct. 14, 2022) (where defendant resided in a gated community, allowing a U.S. Marshall to perfect service of process of the complaint and summons the defendant by mailing a copy to defendant's residence); *see also Bank of the W. v. Barton*, No. 2:14-CV-00770-APG, 2014 WL 3514978, at *3 (D. Nev. July 15, 2014) (permitting alternative service via mail where defendant's residence was "located behind a gate"). Here, Hickman's residence is located in a gated community.[1] Further, entry into the gate community wherein Hickman's residence is located is not reasonably available because the gate community requires a confidential gate code to access entry.[2] Additionally, the gates on the gated communities bear signs prohibiting trespassing from non-residents.[3] Accordingly, Plaintiff should have sought alternative service under NRS 14.090, instead of attempting service on Hickman, and subsequently seeking default judgment in this matter.

More importantly, Plaintiff's own process server omitted important facts in its affidavit, including the fact that Hickman lived in a gated community. As a result, Plaintiff's process server should have recognized that Hickman resided in a gate community, and informed Plaintiff's counsel so they could seek leave form the Court for alternative service pursuant to NRS 14.090. Had Plaintiff followed NRS 14.090 and sought alternative service, it likely would have avoided its defunct service of process on Hickman, and the Court likely would not have awarded Plaintiff default judgment.

As set forth above, Plaintiff's hands are unclean as they have violated Nevada law in their attempts to effect service for the instant matter, and materially benefited through obtaining default judgment. The Court should not allow Plaintiff to benefit from its unlawful service involving its failures to comply with Nevada service laws. As such, Court should deny Plaintiff's Amended Motion for Attorney's fees and costs in its entirety.

---

[1] Correct and accurate photos of the gates and barriers surrounding the community where Mr. Hickman resides are attached hereto as **Exhibit A**.
[2] *See id.*
[3] *See id.*

**B.  Plaintiff's Failed to Provide Reasonable Itemization and Description of Work Performed**

Nevada Local Rule 54–16 states that a motion for attorneys' fees must include a "reasonable itemization and description of the work performed." Nev. Loc. R. 54–16(b)(1). Further, wholesale redactions of attorney bills are improper. "[T]he proper methodology is to include the general subject of [the work performed] while billing but redact privileged information when submitting the billing entries with the court so that the information remains privileged but the court can conduct an *in camera* review if necessary." *United States v. $167,070.00 in U.S. Currency*, No. 3:13-CV-00324-LRH, 2015 WL 5057028, at *5 (D. Nev. Aug. 25, 2015) (citations omitted). ***Where a party fails to furnish "enough information for a court to form a judgment on whether its fees were legitimate, then a court might be obligated to deny them."*** *Democratic Party of Wash. State*, 388 F.3d at 1286 (emphasis added); *see also Branch Banking & Tr. Co.*, 2014 WL 4636049, at *3 (reducing award of attorneys ' fees where counsel's redactions made "it difficult to determine the reasonableness of certain entries."); *England*, 2008 WL 11389184, at *1 ("The Court will not award fees where the description of the item has been completely redacted and no other information is provided to show how the item relates to [the matter]."); *see also Arndell v. Robison, Belaustegui, Sharp & Low*, No. 3:11-CV-469-RCJ-VPC, 2013 WL 1121802, at *2 (D. Nev. Mar. 14, 2013).

In the present case, the Court must deny Plaintiff's Amended Motion for Attorneys' Fees because its mass redactions to the description of legal service provided violats Nevada Local Rule make it impossible to determine the description of the work provided and the reasonableness of the related fees. In support of its Amended Motion for Attorneys' Fees, Plaintiff filed an Exhibit with over 500 pages of bills and time entries for legal service it's purported to have paid to its counsels for the instant matter. (ECF No. 42-1, pp. 30 – 563). However, the vast majority of these documents are redacted. Indeed, many series of pages in the exhibit are redacted in their entireties. More importantly, several descriptions of the professional services are redacted, most in their

entireties, making it impossible to determine the scope and reasonableness of the legal services rendered and the associated fees.

For example, the entry from Eric Ball on December 11, 2022 redacts almost the entirety of the description of the work performed, leaving only the short description "review and revised Hickman complaint" for 3.0 hours and amounting to $3,870. A screen capture of the entry is below:



(ECF No. 42-1 at 106.)

This redaction pattern is repeated throughout the document for several other firm employees, including another entry from Eric Ball on December 12, 2022 for nearly identical work, but almost double the hours, captured below:



(ECF No. 42-1 at 107.)

1
2
3
4
5

These are just select examples of the mass redaction practice employed by Plaintiff. On its face, the redacted entries are unreasonable and violates Nevada Local Rule 54–16 as they redact the vast majority of the legal services rendered, making it impossible for any Court to determine the legitimacy of the legal service rendered. As such, Plaintiff's Amended Motion for Attorneys' Fees must be denied in its entirety.

6

**C.  Plaintiff's Requested Fees are Not Reasonable**

7
8
9

In the alternative, if the Court still determines Plaintiff is entitled to attorneys' fees, then the Court at a minimum must substantially reduce the fees requested by Plaintiff because Fenwick & West's fees are extremely unreasonable.

10

***i.   The Relevant Community is in Nevada***

11
12

Plaintiff's Amended Motion for Attorneys' Fees must be significantly reduced because the Court must consider the rates in the relevant community of Nevada.

13
14
15
16
17
18
19
20

The Supreme Court has held that reasonable attorney fees must "be calculated according to the prevailing market rates in the relevant community." *Blum v. Stenson,* 465 U.S. 886, 895–96 n. 11 (1984). "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir.2008). However "rates outside the forum may be used if local counsel was unavailable, either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case." *Id* (citing *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir.1997)).

21
22
23
24
25
26
27

"[C]ourts properly have required prevailing attorneys to justify the reasonableness of the requested rate or rates." *Blum v. Stenson,* 465 U.S. at 895–96 n. 11. "To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence- in addition to the attorneys' own affidavits-that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation" *Id*. The plaintiff must prove "unavailability" of counsel *within* the local forum, to justify the use of outside counsel. *Barjon v. Dalton*, 132 F.3d 496, 501 (9th Cir. 1997).

28

Notably, here, Plaintiff's Amended Motion for Attorney's Fees is completely devoid of any evidence that local counsel within the District of Nevada was "unavailable." Instead, Plaintiff's Motion for Attorney's Fees merely states that Plaintiff's counsel was "not aware of any law firm in Nevada with comparable expertise" and focuses solely on why Plaintiff preferred Fenwick & West LLP.  That is not sufficient to demonstrate that local Nevada counsel was unavailable.

The Ninth Circuit has determined that evidence of a party being denied representation by several local firms is sufficient to demonstrate local counsel was "unavailable." *De Jesus Ortega Melendres v. Arpaio*, No. 13-16285, 2017 WL 10808812, at *4 (9th Cir. Mar. 2, 2017). In stark contrast, Plaintiff has failed to present any evidence that it even attempted to reach out to any local counsel to inquire of their availability, whatsoever.

More importantly, at its core, this case was a textbook trademark infringement lawsuit against an individual, which requires no special skills or experience. Plaintiff attempts to frame this case as a complex case involving novel technologies to justify its absorbent and unreasonable fees. Plaintiff's counsel Fenwick & West touts its experience in non-fungible token litigation, and self-prompting its counsel through firm biographies. However, Fenwick & West's NFT experience is irrelevant here because the core issues was whether Defendant infringed on Plaintiff's trademark rights. Moreover, Plaintiff obtain the judgment in matter through default judgment, a task that hardly requires any specialized knowledge or skill, but rather a fundamental understanding of the rules of civil procedure and Nevada's local rules. As such, this simple trademark infringement case did not require detailed knowledge or understanding of NFTs.

Moreover, Nevada is abundant with law firms capable of handling trademark infringement matters, such as Plaintiff's own local counsel Fennemore[4] and Brownstein Hyatt Farber Shrek[5].

---

[4] *See* Intellectual Property, https://www.fennemorelaw.com/services/practices/intellectual-property-and-ip-litigation/ (last visited on March 8, 2024).

[5] *See* Intellectual Property Litigation, https://www.bhfs.com/services/practices/intellectual-property/intellectual-property-litigation (last visited March 8, 2024).

Correct and accurate copies of website printouts from the aforementioned law firms are attached hereto as **Exhibit B.** Even if the Court finds some level of NFT knowledge was necessary for this matter, a simple online review of several national and international law firms, with locations in Nevada, reveals they have significant expertise in emerging technology, blockchain, and NFT related litigation, including, but not limited to, Greenberg Traurig,[6] Armstrong Teasdale,[7] Ballard Spahr,[8] and Snell & Wilmer.[9] Correct and accurate copies of website printouts from the

---

[6] *See* Greenberg Traurig, Blockchain & Digital Assets, https://www.gtlaw.com/en/capabilities/blockchain (last visited on March 6, 2024)) "**Cryptocurrency and Digital Assets (including NFTs)**: As cryptocurrencies and other digital assets, **including NFTs**, have gained market acceptance in recent years as a fundraising vehicle for our clients, a critical part of a blockchain platform, or for consumptive use, our team carefully evaluates each opportunity in terms of the business and financing requirements of the client, as well as the emergent risks and costs associated with securities and other regulatory compliance obligations, market volatility, and other factors…Our team stays abreast of existing laws and recent enforcement actions, decisions, rulings, and orders, as well as legal trends, upcoming legislation, and technical developments, helping clients to anticipate and prepare for potential compliance requirements and legal and regulatory changes.

*see also* Greenberg Traurig, Intellectual Property & Technology, https://www.gtlaw.com/en/capabilities/intellectual-property--technology (last visited on March 6, 2024)) ("Our Trademarks and Brand Management Practice features one of the largest trademark prosecution, portfolio management, licensing, litigation, and counseling legal practices worldwide. We also counsel extensively on fair use, social media, mobile, cloud, and new technology issues. Our litigation teams regularly handle **complex** copyright, **trademark**, patent, and trade secret cases.")

[7] *See* Armstrong Teasdale, Technology, https://www.armstrongteasdale.com/technology/ (last visited on March 6, 2024) ("Armstrong Teasdale has extensive experience in all forms of litigation where the dispute centers on technology. This includes not only patent and copyright litigation, but also high-value breach of contract, product liability, commercial tort and consumer protection matters in U.S. federal and state courts, and international courts.  Armstrong Teasdale's combination of elite trial experience and deep technological knowledge – which draws on the experience of professionals in the firm's Intellectual Property practice group – enables our lawyers to handle all aspects of complex, technology-oriented litigation, and to deliver superior results in matters that often have tens or hundreds of millions of dollars at stake."

[8] *See* Ballard Spahr, Trademarks and Copyrights, https://www.ballardspahr.com/Services/Practices/Trademarks-and-Copyrights (last visited on March 6, 2024) ("We also understand how **new technologies** affect brand strategies, including social media, contextual advertising, and affiliate network advertising.")

[9] *See* Snell & Wilmer, Technology, https://www.swlaw.com/services/technology (last visited on March 6, 2024)) ("Our technology attorneys have robust transactional and litigation experience in a variety of areas, including: software and hardware development; data privacy and security compliance; fintech, **blockchain**, and cryptocurrency; artificial intelligence and big data; and communications networks and devices. We combine our deep understanding of specific

aforementioned law firms are attached hereto as **Exhibit C**. Plaintiff's Amended Motion fails to address and provides no evidence how any of these firms, or many others, do not have the requisite ability to represent them in the instant matter.

Put simply, Plaintiff cannot simply rely on ignorance of any knowledge of local counsel with expertise in emerging technologies, NFT, or blockchain related litigation, without demonstrating any evidence supporting its efforts to determine that no law firms in Nevada have the expertise and ability to represent Plaintiff in these proceedings. As such, Plaintiff fails entirely to demonstrate how local counsel was "unavailable," and therefore the relevant community for determining reasonable attorneys' fees is Nevada.

### ii. The Hourly Rates for Fenwick & West LLP are Unreasonable in Nevada

"Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir.2008). Here, the forum is the District of Nevada. The rates prevailing in Nevada for "similar services by lawyers reasonably comparable skill, experience, and reputation" thus furnish the proper measure of the reasonableness of the rates awarded. *Blum v. Stenson*, 465 U.S. 886, 895 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984).

For the Las Vegas market, this Court has regularly awarded fees where the hourly rates at issue were between $250 and $400. *See, e.g., Snow v. McDaniel*, No. 3:08-cv-00046-RCJ-VPC, 2014 WL 590489, at *1 (D. Nev. Feb. 14, 2014) (finding a $250 hourly rate reasonably within the context of a section 1988 inquiry); *Gibbs v. Rivers Transp. Group, Inc.*, No. 2:13-cv-00935-JAD-NJK, 2014 WL 204928, at *3 (D. Nev. Jan. 17, 2014) (finding a $250 hourly rate reasonable in Las Vegas); *Marrocco v. Hill*, 291 F.R.D. 586, 589 (D. Nev. 2013) (finding hourly rates between $375 and $400 reasonable in Las Vegas); *Conboy v. Wynn Las Vegas, LLC*, No. 2:11-cv-01649-JCM-CWH, 2012 WL 6100313, at *3 (D. Nev. Dec. 7, 2012) (finding a $350 hourly rate reasonable in Las Vegas); *Am. Gen. Life Ins. Co. v. Futrell*, No. 2:11-cv-00977-PMP-CWH 2012

---

technologies with our years of experience advocating for our clients to guide them through technology development, commercial contracting, **intellectual property protection**, and dispute resolution.")

WL 5497901, at *3 (D. Nev. Nov. 13, 2012) (finding hourly rates between $250 and $400 reasonable in Las Vegas).

Even in intellectual property and complex cases, courts throughout this District have found reasonable rates in the Las Vegas market range as much as $450 for partners and $250 for experienced associates. *See, e.g., Crusher Designs,* 2015 WL 8041619, at *2 (outlining rates of as much as $450 for partners); *Home Gambling Network, Inc. v. Piche,* 2015 WL 1734928, *10 (D.Nev. Apr. 16, 2015) (in patent litigation, awarding hourly rate of $361.71 for attorney with over 30 years experience specializing in complex patent and intellectual property litigation); *Aevoe Corp. v. AE Tech Co. Ltd.,* 2013 WL 5324787, *8 (D.Nev. Sept. 20, 2013) (in patent litigation, awarding hourly rates of $375 and $400 for partners practicing at prestigious Nevada law firm); *Aevoe Corp. v. Schenzhen Precise Electron Ltd.,* 2012 WL 2244262, *9 (D. Nev. June 15, 2012) (in patent litigation, awarding hourly rate of $400 for partner specializing in intellectual property at national law firm $400). Further, the prevailing, reasonable rate for even the most experienced paralegals and professional staff in Las Vegas is $125. *See,* e.g., *Boliba v. Camping World, Inc.,* 2015 WL 5089808, *4 (D.Nev. Aug. 27, 2015) (setting rate at $125 for paralegal with paralegal certificate and 24 years experience); see also *Hakkasan LV, LLC v. Adamczyk*, No. 214CV01717GMNNJK, 2015 WL 8041619, at *1 (D. Nev. Dec. 4, 2015); *see also Crusher Designs, LLC v. Atlas Copco Powercrusher GmbH*, 2015 WL 6163443, *2 (D. Nev. Oct. 20, 2015).

In the present case, Mr. Ball, who has been practicing since 2005, seeks hourly rates of $1,096.50 and $1,290.00. (ECF No. 42-1, at ¶6.) Ms. Kulp, who has been practicing since 2005, seeks hourly rates of $964.75.00 and $1,135.00. (ECF No. 42-1, at ¶7.) Mr. Fare who has been practicing since 2017, seek hourly rates of $875.50 and $1,030.00. (ECF No. 42-1, at ¶8.) Ms. Hauh, who has only been practicing since 2022, seeks hourly rates of $544.00 and $640.00. (ECF No. 42-1, at ¶9.) Plaintiff's counsel also seeks $4,213.36 from "Other Professionals" whose hourly rates range from $437.75 to $977.63. (ECF No. 42-1, at ¶29.)

In stark contrast, Nevada attorney John D. Tennert, III, who is a "Director" at the law firm of Fennemore Craig who is well respected in the Nevada legal community and has been practicing for more than 14 years, seeks $520.00 per hour. (ECF No. 33-1, at ¶10.) This stark difference, on its face, shows that the rates sought by Mr. Ball, Ms. Kulp, Mr. Fare, and Ms. Huah are neither reasonable nor customary for the State of Nevada. For example, Mr. Tennert III's hourly rate is almost the same as the lowest hourly rate for Ms. Hauh, who has been in practice of barely two years. Likewise, the highest rate for "Other Professionals" is $977.63, which is nearly double Mr. Tennert III's hourly rate. Similarly, Mr. Fare's highest hourly rate ($1,030.00) is almost double the hourly rates for Mr. Tennert III, despite the fact that Mr. Tennert III has been practicing law for twelve years longer than Mr. Fare, and Mr. Tennert III is a "Director," whereas Mr. Fare is an associate.

Therefore, Hickman respectfully requests that the hourly rates afforded to Fenwick & West be limited to:

- No more than $250 for Mr. Fare and Ms. Huah;
- No more than $450.00 per hour for Mr. Ball and Ms. Kulp, or alternatively, no more than the hourly rate for Mr. Tennert III; and
- No more than $125 for "Other Professionals."

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

III.    **CONCLUSION**

Based on the foregoing, the Court my deny Plaintiff's Amended Motion for an Award of Attorneys' Fees. In the alternative, the Court must significantly reduce the amount of fees and costs sought by Plaintiff.

**DATED** this 8th day of March, 2024.

                    **DICKINSON WRIGHT PLLC**

                    */s/ Caleb L. Green*
                    Caleb L. Green, Esq.
                    Email:  CGreen@dickinson-wright.com
                    3883 Howard Hughes Parkway, Suite 800
                    Las Vegas, Nevada  89169-0965
                    Tel:     702-550-4400
                    Fax:    844-670-6009

                    Steven A. Caloiaro, Esq.
                    Email:  SCaloiaro@dickinson-wright.com
                    100 W. Liberty Street, Suite 940
                    Reno, Nevada  89501
                    Tel:     702-343-7506
                    Fax:    844-670-6009

                    Attorneys for Defendant
                    *Ryan Hickman*

**CERTIFICATE OF SERVICE**

The undersigned, an employee of Dickinson Wright PLLC, hereby certifies that on the 8th day of March, 2024, a copy of the foregoing **DEFENDANT'S OPPOSITION TO PLANITFF'S AMENDED MOTION FOR AN AWARD OF ATTORNEYS' FEES**, was served electronically to all parties of interest through the Court's CM/ECF system as follows:

FENWICK & WEST LLP
Anthony Michael Fares
Molly R. Melcher
555 California Street, 12th Floor
San Francisco, CA 94104
Tel: 415-875-2300
mmelcher@fenwick.com
afares@fenwick.com

Eric James Ball
Kimberly Culp
801 California Street
Mountain View, CA 94041
Tel: 650-988-8500
Eball@fenwick.com
kculp@fenwick.com

FENNEMORE CRAIG, P.C.
John D. Tennert
MaryJo Smart
7800 Rancharrah Parkway
Reno, NV 89511
eball@fennemorelaw.com
msmart@fennemorelaw.com

Attorneys for Plaintiff
*Yuga Labs Inc.*

/s/ Ashley B. Moretto
An Employee of Dickinson Wright PLLC