UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| YUGA LABS, INC., | Case No. 2:23-CV-111 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| RYAN HICKMAN, | |
| Defendant(s). | |

Presently before the court is plaintiff Yuga Labs, Inc. ("plaintiff")'s amended motion for attorney's fees. (ECF No. 42).[1]  Defendant Ryan Hickman ("defendant") filed a response (ECF No. 47), to which plaintiff replied (ECF No. 48).

**I.  Background**

This case arose out of plaintiff's claim for false designation of origin and cybersquatting against defendant relating to pending registered trademarks.

Plaintiff is a company responsible for developing the "smart contract" underlying a series of non-fungible tokens ("NFTs") called the "Bored Ape Yacht Club" ("BAYC"). (ECF No. 1 at 4).  As the court understands the technology, NFTs are digital identifiers that provide the purchasing user with a unique piece of content—here, digital art.  Plaintiff sold 10,000 unique BAYC NFTs for prices ranging from $169 to $236 each.  (*Id.*).

---

[1] In its motion, plaintiff notes that it withdraws its original motion for attorney's fees. (ECF No. 42 at 2).  Accordingly, the court denies plaintiff's original motion for attorney's fees (ECF No. 33) as moot.

**James C. Mahan**
**U.S. District Judge**

Plaintiff brought its complaint alleging two causes of action: (1) false designation of origin under 15 U.S.C. § 1125(a) related to defendant's unauthorized use of plaintiff's marks in creating and promoting his counterfeit NFTs, and (2) cybersquatting under 15 U.S.C. § 1125(d) related to defendant's intentional use of two domain names that are confusingly similar to plaintiff's marks in an effort to mislead consumers. (*See generally id.*). After being served, defendant failed to respond to the complaint. The clerk entered his default on March 20, 2023. (ECF No. 20). Plaintiff moved for default judgment based on the clerk's entry, and the court granted plaintiff's motion. (ECF No. 26 at 8).

Subsequently, the court denied plaintiff's motion to vacate the default judgment, as the evidence remained unchanged from when the court issued its order granting plaintiff's motion for default judgment. (*See generally* ECF No. 41).

Plaintiff now seeks attorney's fees totaling $47,178.44. (ECF No. 42 at 2). Given defendant's unpersuasive arguments to plaintiff's motion and plaintiff's strict adherence to Local Rule 54-14 through its providing an affidavit and exhaustive billing receipts, the court grants plaintiff's motion in its entirety.

**II.    Legal Standard**

Under the "American rule," litigants generally must pay their own attorneys' fees in absence of a rule, statute, or contract authorizing such an award. *See Alyeska Pipeline Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975); *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1280–81 (9th Cir. 1999). Nonetheless, the decision to award attorneys' fees is left to the sound discretion of the district court. *Flamingo Realty, Inc. v. Midwest Dev., Inc.*, 879 P.2d 69, 73 (Nev. 1994).

**James C. Mahan**
**U.S. District Judge**

"In an action involving state law claims, we apply the law of the forum state to determine whether a party is entitled to attorneys' fees, unless it conflicts with a valid federal statute or procedural rule." *MRO Commc'ns, Inc.*, 197 F.3d at 1282; *see also Alyeska Pipeline Serv. Co.*, 421 U.S. at 259 n.31. Under Nevada law, attorneys' fees are available only when "authorized by rule, statute, or contract." *Flamingo Realty, Inc.*, 879 P.2d at 73; NRS 8.010.

Although state law governs whether a party is entitled to attorneys' fees, federal law dictates the procedure for requesting attorneys' fees. *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007); *see also MRO Commc'ns, Inc.*, 197 F.3d at 1280–81 (explaining that Rule 54(d)(2) creates a procedure to request attorneys' fees, not a right to recover attorneys' fees). Federal Rule of Civil Procedure 54(d) governs requests for attorney's fees and nontaxable costs.

Under Federal Rule of Civil Procedure 54(d), a prevailing party seeking attorneys' fees must meet the following four requirements: (1) file the motion no later than fourteen days after the entry of judgment; (2) specify the judgment and the statute, rule, or other grounds entitling the movant to the award; (3) state the amount sought or provide a fair estimate of it; and (4) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made. Fed. R. Civ. P. 54(d)(2).

The party moving for attorneys' fees must also meet the requirements set forth in Local Rule 54-14, which states in part:

> (b) Content of Motions. Unless the court orders otherwise, a motion for attorney's fees must include the following in addition to those matters required by Fed. R. Civ. P. 54(d)(2)(B):
>
> (1) A reasonable itemization and description of the work performed;
>
> (2) An itemization of all costs sought to be charged as part of the fee award and not otherwise taxable under LR 54-1 through 54-13;
>
> (3) A brief summary of:
>
> (A) The results obtained and the amount involved;

James C. Mahan
U.S. District Judge

- 3 -

       (B) The time and labor required;

       (C) The novelty and difficulty of the questions involved;

       (D) The skill requisite to perform the legal service properly;

       (E) The preclusion of other employment by the attorney due to acceptance of the case;

       (F) The customary fee;

       (G) Whether the fee is fixed or contingent;

       (H) The time limitations imposed by the client or the circumstances;

       (I) The experience, reputation, and ability of the attorney(s);

       (J) The undesirability of the case, if any;

       (K) The nature and length of the professional relationship with the client;

       (L) Awards in similar cases; and

       (M) Any other information the court may request.

LR 54-14(b).

  Further, a motion for attorneys' fees and costs must be accompanied by an affidavit from the attorney responsible for the billings in the case to authenticate the information contained in the motion, and to prove that the fees and costs sought are reasonable. LR 54-16(c). A failure to provide the documentation required by LR 54-16(b) and (c) in a motion for attorneys' fees "constitutes a consent to the denial of the motion." LR 54-16(d).

**III.** **Discussion**

  Plaintiff posits that the total amount of attorney's fees incurred is reasonable in light of the work performed by its counsel of record and its counsel's qualifications. (ECF No. 42 at 6). Moreover, plaintiff avers that the circumstances do not warrant a reduction in the total fee award. (*Id.*). The court will analyze each argument in turn.

**James C. Mahan**
**U.S. District Judge**

A. Reasonableness of fee request

When calculating the amount of attorney fees to be awarded in litigation, the district court applies the lodestar method, multiplying the number of hours expended by a reasonable hourly rate. *Ryan v. Editions Ltd. W., Inc.*, 786 F.3d 754, 763 (9th Cir. 2015) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The reasonableness of the requested fee is then determined with reference to the twelve *Kerr* factors:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). District courts may reduce the amount of requested fees to reflect a party's limited degree of success, to account for block billing, or to deduct hours deemed excessive as long as it provides an adequate explanation for its fee calculation. *Ryan*, 786 F.3d at 763.

Plaintiff's motion provides ample evidence that the hourly rates of its attorneys and the time spent on the matter by its attorneys were reasonable. Plaintiff retained two firms in this case: (1) Fenwick & West LLP ("Fenwick") and (2) Fennemore Craig P.C. ("Fennemore"). (*See* ECF No. 42 at 1, 16). The crux of the court's ruling on fees in this case is determining a reasonable rate for Fenwick, a national law firm based out of Mountain View, California. (*See id.* at 1).

"To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895

James C. Mahan
U.S. District Judge

- 5 -

n.11 (1984).  The court may consider rates outside the forum "if local counsel was unavailable, either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case."  *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (internal citation omitted).

Here, attorneys for Fenwick are requesting the court's approval of rates between $544.00 and $1,135.00 per hour.  (ECF No. 42 at 7).  Eric Ball ("Ball"), an attorney for Fenwick, swears in his affidavit that these rates reflect the attorneys' prevailing market rate for the November 2022 billing period, a 15% discount on the prevailing market rate during the December 2022 billing period, and a 17.5% discount on the prevailing market rate during the January 2023 – April 2023 billing period.  (ECF No. 42-1 at 10-11).

Plaintiff's exhibits compel the court to find the fee request reasonable.  As Fenwick represents, the law firm specializes in handling intellectual property litigation and is uniquely qualified to handle this matter due to prior litigation in the Central District of California involving relevant individuals in the present case.  (*Id.* at 2-3, 3-4; ECF No. 42 at 8-9).  Plaintiff further represents that the Fenwick attorneys involved in this case have developed expertise in NFT trademark litigation and is not aware of any law firm in Nevada with comparable expertise.  (ECF No. 42 at 9).  Plaintiff retained local counsel, Fennemore, to research issues related to local rules, filing, and service requirements.  (ECF No. 42-1 at 7).  Fennemore's rates, ranging from $360 to $520 per hour for attorneys and $250 per hour for a paralegal, are within the acceptable range for legal professionals of their skill and experience in Las Vegas.  (*Id.* at 4-6).

Ball's affidavit also outlines the categories of work performed in this case and shows that the time spent by the attorneys was reasonable.  The attorneys performed the following tasks in this matter: (1) drafting and filing the complaint and accompanying documents; (2) ensuring proper

**James C. Mahan**
**U.S. District Judge**

- 6 -

service on defendant; (3) preparing *pro hac vice* applications; (4) drafting and filing a motion for the clerk's entry of default judgment; (5) drafting and filing the motion for default judgment; (6) drafting and filing its reply to a letter from defendant; (7) drafting and filing a proposed judgment and order for a permanent injunction against defendant; and (8) drafting and filing the instant motion. (ECF No. 42 at 11). The exhaustive billing statements are records of these tasks.

Defendant's opposition to the fee award is confounding. Primarily, defendant believes that the court must deny the motion because of plaintiff's "unclean hands." (ECF No. 47 at 4-5). Defendant has waived the defense of unclean hands because he never raised it in any prior briefings. Additionally, the court already found that service on defendant was proper and that he "failed to provide the court with any evidence contradicting the [process server's] declaration of service or the subsequent entry of clerk's default." (ECF No. 26 at 5). Accordingly, the court rejects defendant's argument pertaining to unclean hands.

Defendant's additional arguments also lack merit. Defendant takes issue with the numerous redactions in the billing statements provided by counsel for plaintiff. (ECF No. 47 at 6-8). Plaintiff provides a rational explanation for these redactions, explaining that "[t]he redactions to Yuga Labs' billing records pertain only to work *unrelated to the present litigation* against Mr. Hickman for which Yuga Labs is not seeking fees." (ECF No. 48 at 5-6) (emphasis added). Finally, defendant contends that the rates used by Fenwick are not reasonable. The court has already ruled on this issue in this order. Accordingly, the court finds that the fee request by plaintiff is reasonable.

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 7 -

B. <u>Reduction of a fee award</u>

Furthermore, the court concurs with plaintiff that the circumstances of the case do not warrant a reduction in the fee award. The court need not tarry in its analysis of a potential fee reduction, as plaintiff complies with Local Rule 54-16(b) and the *Kerr* factors listed, *supra*.

Plaintiff aptly summarizes (1) the results obtained and the amount involved; (2) the time and labor required; (3) the novelty and difficulty of the questions involved; (4) the skill requisite to perform the legal service properly; (5) the preclusion of other employment by the attorney due to acceptance of the case; (6) the customary fee; (7) whether the fee is fixed or contingent; (8) the time limitations imposed by the client or the circumstances; (9) the experience, reputation, and ability of the attorney(s); (10) the undesirability of the case, if any; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. (ECF No. 42 at 12-16). Thus, a fee reduction in this matter is not applicable.

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff Yuga Labs, Inc.'s amended motion for attorney's fees (ECF No. 42) be, and the same hereby is, GRANTED.

The court awards attorney's fees to plaintiff in the amount of $47,178.44.

IT IS FURTHER ORDERED that plaintiff's original motion for attorney's fees (ECF No. 33) be, and the same hereby is, DENIED AS MOOT.

DATED May 31, 2024.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 8 -