UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| YUGA LABS, INC., | Case No. 2:23-CV-111 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| RYAN HICKMAN, | |
| Defendant(s). | |

Presently before the court is plaintiff Yuga Labs, Inc. ("plaintiff")'s *ex parte* motion to apply certain property toward satisfaction of the judgment entered against defendant Ryan Hickman ("defendant"). (ECF No. 58).

This case involves a trademark dispute regarding the ownership of a non-fungible token ("NFT"), which is a digital asset securely stored in an online wallet akin to cryptocurrency.

Default judgment was entered against defendant. (ECF No. 30). Plaintiff represents that defendant has yet to tender any payment of the judgment. (ECF No. 58 at 1-2 n.1). Plaintiff now asks the court to order defendant to surrender immediately two assets to plaintiff: (1) a BAYC NFT, which is a digital asset; and (2) a 2021 Airstream—a high-end camper trailer.

Plaintiff's motion is overly broad in asking for the relief sought. Specifically, because judgment has already been entered against defendant, plaintiff has not sufficiently set the forth the proper remedy or procedural vehicle by which it seeks to seize the assets in question.

It is not proper for the court to instruct plaintiff how to pursue this matter. *See Couturier v. Am. Invsco Corp.*, No. 2:12-cv-01104-APG-NJK, 2013 WL 4499008, at *3 (D. Nev. Aug. 20,

**James C. Mahan**
**U.S. District Judge**

2013) ("[a] judge is the impartial umpire of legal battles, not a party's attorney. He is neither required to hunt down arguments the parties keep camouflaged, nor required to address perfunctory and undeveloped arguments.").

Thus, while a remedy does exist to secure the two assets outlined in the motion, plaintiff must employ the correct procedural vehicle for doing so.

Accordingly,

IT IS HEREBY ORDERED that plaintiff Yuga Labs, Inc.'s *ex parte* motion to apply certain property toward satisfaction of the judgment entered against defendant Ryan Hickman (ECF No. 58) be, and the same hereby is, DENIED.

DATED June 14, 2024.

                                                                       _____
                                                                       UNITED STATES DISTRICT JUDGE